UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC MICHAEL, individually and on
behalf of others similarly situated,

                        Plaintiffs,        Case No.: _____

             V.

BLOOMBERG L.P.,

                        Defendant.

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. This is a Fair Labor Standards Act (FLSA) collective action and a New York Labor Law Rule 23 class action brought to remedy Defendant Bloomberg L.P.'s unlawful refusal to pay overtime at the rate of time and one half to all representatives in the Analytics department.

2. Plaintiffs seek unpaid overtime wages, liquidated damages, costs and attorneys' fees as well as declaratory relief under the FLSA, 29 U.S.C. §201 *et seq.* and New York Labor Law §§652, 663 and implementing regulations including but not limited to 12 NYCRR part 142.

### JURISDICTION

3. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

4. This Court has supplemental jurisdiction over any state claim raised by virtue of 28 U.S.C. §1367(a).

**VENUE**

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b). Plaintiffs worked for Defendant in this District. The cause of action arose in this District. Many Plaintiffs reside in this District. Defendant resides in this District.

**PARTIES**

    **A.    Plaintiffs**

6. The named Plaintiff ERIC MICHAEL was an employee of Defendant. A Consent to Sue for this named Plaintiff is attached at the back of this complaint.

7. Plaintiff ERIC MICHAEL is a resident of New York. His last name is not given in this complaint.

8. Plaintiff was engaged in commerce while working for Defendant.

9. The named Plaintiff represents a class of "all representatives in the Analytics department who were not paid time and one half for hours over 40 worked in one or more weeks."

10. The term "Plaintiffs" as used in this complaint refers to the named Plaintiff, any additional represented parties pursuant to the collective action provision of 29 U.S.C. §216(b), and to such members of the class brought pursuant to Fed. R. Civ. P. Rule 23, as described below, individually, collectively, or in any combination.

    **B.    Represented Parties under the FLSA**

11. The named Plaintiff brings this case as a collective action for class members consisting of "all representatives in the Analytics Department who were not paid time and one half for hours over 40 worked in one or more weeks" within the three years preceding the filing of a consent to sue by such individual. The class consists of

individuals who worked in the Analytics Department anywhere in the United States, including New York and California.

### C. Class Plaintiffs under the New York Overtime Law

12. The named Plaintiff brings this case as a Rule 23 Class Action for class members consisting of "all representatives in the Analytics Department in New York who were not paid time and one half for hours over 40 worked in one or more weeks" at any time within the six years preceding the filing of this Complaint.

13. Upon information and belief, the class is composed of more than a hundred individuals.

14. There are questions of law and fact common to the class, including but not limited to whether the Plaintiffs were entitled to overtime premium pay, whether the Defendant knew or should have known that Plaintiffs worked off the clock, whether the Defendant gave Plaintiffs "comp time" in lieu of overtime.

15. The claims of the named Plaintiffs are typical of the claims of the class.

16. The named Plaintiffs and their counsel will adequately protect the interests of the class.

17. Common questions of law or fact predominate over individual questions and a class action is superior to other methods for the fair and efficient adjudication of the controversy.

### D. Defendant

18. Defendant BLOOMBERG L.P. is a Delaware company registered in New York. The Defendant lists its business address as 731 Lexington Avenue, New York, New York 10022.

19. Defendant's business is a multinational mass media corporation that provides financial software tools such as analytics and equity trading platforms, data services and news to financial companies and organizations around the world through the Bloomberg Terminal.

20. Defendant's Analytics Department is situated in New York City, New York and San Francisco, California.

21. Upon information and belief, Defendant grossed more than $500,000 in the past fiscal year.

22. Defendant operates an enterprise engaged in commerce within the meaning of the FLSA.

**FACTS**

23. Plaintiff MICHAEL was employed by Defendant.

24. Plaintiff MICHAEL was employed by Defendant in New York City.

25. Plaintiff MICHAEL began his work in the Analytics Department on approximately August 13, 2012 in New York City. He worked in that position until his employment ended on approximately January 23, 2014.

26. Plaintiff MICHAEL was primarily employed by Defendant to respond to requests for assistance regarding how to use proprietary Bloomberg software operating on the Bloomberg Terminal.

27. These help requests primarily came through "Bloomberg Chat" requests initiated by Bloomberg customers through their Bloomberg Terminals.

28. Plaintiffs handled up to three "chats" simultaneously, while maintaining an ongoing "floor chat" - a conversation with all other on-duty representatives and supervisors.

29. Plaintiffs generally have the position title of "Representative", "Specialist," and "Advanced Specialist" within the Analytics Department.

30. Plaintiffs regularly worked more than 40 hours per week for Defendant.

31. Plaintiffs were generally scheduled for five eight-hour shifts (nine hours with an unpaid lunch hour during the work day).

32. Plaintiffs were required to be at work before their shift began to log into Defendant's computer system.

33. Plaintiffs were required to work past the end of their shifts to complete jobs.

34. Plaintiffs were required to work during their lunch hours to complete jobs.

35. Defendant knew or should have known that Plaintiffs worked at home to study for various certification exams and to learn about different issues regarding the Bloomberg software.

36. Defendant knew or should have known that Plaintiffs worked beyond their shift.

37. Defendant suffered or permitted Plaintiffs to work for its benefit off the clock hours outside their shift.

38. Defendant failed to set up a time-keeping system that would record all the hours that Plaintiffs performed.

39. Defendant failed to record the exact hours of work Plaintiffs performed.

40. Defendant did not ask Plaintiffs to record the hours of work they performed for Defendant off-site.

41. Defendant required Plaintiffs to work on weekends and holidays in addition to their regular shifts, for which Defendant failed to pay overtime, but for which it allowed Plaintiffs to take "comp time" in a later pay week, under various restrictive conditions.

42. Prior to beginning work, Defendant communicated to Plaintiffs that they would be required to work five eight-hour shifts per week, for which they would be paid a salary.

43. Defendant paid Plaintiffs a salary rate for five eight-hour work shifts.

44. The salary paid to Plaintiffs by Defendant was intended to cover a forty hour workweek.

45. Defendant failed to pay Plaintiffs overtime compensation at the rate of time and one-half for all hours worked over 40 in a workweek.

46. Defendant failed to pay Plaintiffs any compensation for their hours over 40 worked in a work week.

47. Defendant's failure to pay Plaintiffs the proper wages required by law was willful.

48. All actions and omissions described in this complaint were made by Defendant directly or through its supervisory employees and agents.

## CAUSES OF ACTION

### (OVERTIME)

49. Defendant failed to pay premium overtime wages to the Plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. §203, 207 et seq. and its implementing regulations.

50. Defendant's failure to comply with the FLSA caused Plaintiffs to suffer loss of wages and interest thereon.

51. Defendant failed to pay premium overtime wages to the named Plaintiffs and other New York Plaintiffs in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, including but not limited to 12 NYCRR Part 142.

52. Defendant's failure to pay proper premium overtime wages for each hour worked over 40 per week was willful within the meaning of 29 U.S.C. §255 and Labor Law §662.

53. Defendant's failure to comply with the NY Labor Law minimum wage and overtime protections caused New York Plaintiffs to suffer loss of wages and interest thereon.

WHEREFORE, Plaintiffs request that this Court enter an order:

    A. Declaring that the Defendant violated the Fair Labor Standards Act and New York Labor Law;

    B. Declaring that the Defendant's violations of overtime protections were willful;

    C. Granting judgment to the Plaintiffs for their claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages and awarding the Plaintiffs' costs and reasonable attorneys' fees;

    D. Granting judgment to the New York Plaintiffs for their claims of unpaid wages as secured by the New York Labor Law as well as an equal amount (or at a rate set by statute) in liquidated damages and awarding the Plaintiffs' costs and reasonable attorneys' fees; and

    E. Granting such further relief as the Court finds just.

Dated: April 4, 2014

Respectfully Submitted,

*/s/ Dan Getman*

Dan Getman (DG4613)
Getman Sweeney PLLC
9 Paradies Lane
New Paltz, NY 12561
(845) 255-9370

ATTORNEYS FOR PLAINTIFFS

## CONSENT TO SUE UNDER THE FLSA

I, Eric Michael, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment Bloomberg LP and any other associated parties. I authorize Getman & Sweeney, PLLC, Dan Getman, Esq., and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 4/4/14

Eric Michael