IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ERIC MICHAEL, individually and on
behalf of others similarly situated,

        Plaintiffs,

        v.                                            Case No.: 1:14-cv-02657-TPG

BLOOMBERG L.P.,

        Defendant.
_____

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Respectfully Submitted,

*by*

Dan Getman (DG 4613)
Lesley Tse (LT 9284)
Artemio Guerra (AG 2005)
Getman Sweeney, PLLC
9 Paradies Lane
New Paltz, NY 12561
(845) 255-9370

*Counsel for Plaintiffs*

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 4

    A.   Plaintiff Is Entitled To File This Case Under A Pseudonym ...................................... 4

    B.   The Public Interest Is Furthered Not Harmed By Allowing Plaintiff To File This Case Under A Pseudonym .................................................................................................... 6

CONCLUSION ............................................................................................................................... 8

## Table of Authorities

**Cases**

*A.H. Phillips v. Walling,* 324 U.S. 490 (1945) ................................................................................7

*Advanced Textile Corp*. 214 F.3d 1058 (9th Cir. 2000) ..................................................................5

*Barturen v. Wild Edibles, Inc.*, 07 CIV. 8127 (LLS), 2007 WL 4468656 (S.D.N.Y. Dec. 18, 2007) ..................................................................................................................8

*Brennan v. Engineered Prod.. Inc.*. 506 F.2d 299 (8th Cir. 1974) ..................................................7

*DeOca v. Bloomberg L.P.,* No. 1:13-cv-00076 (S.D.N.Y. 2013) ....................................................2

*Doe v. Greiner,* 662 F. Supp. 2d 355 (S.D.N.Y. 2009) ...................................................................4

*Does I Thru XXIII v. Advanced Textile Corp.* 214 F.3d 1058 (9th Cir.2000) ................................4

*Enea v. Bloomberg L.P.,* No. 12 Civ. 4656 (S.D.N.Y. 2012) .........................................................1

*Giles v. City of New York*, 41 F. Supp. 2d 308 (S.D.N.Y. 1999) ...................................................7

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) ...........................................................3

*Holt v. Cont'l Group, Inc.,* 708 F.2d 87 2d Cir.1983) ....................................................................7

*Jackson v. Bloomberg L.P.,* No. 13 Civ. 2001 (S.D.N.Y. 2013) ....................................................1

*Mullins v. City of New York*, 307 F. App'x 585 (2d Cir. 2009) .....................................................8

*Plourde v. Mass. Cities Realty Co.*. 47 F.Supp. 668 (D.Mass. 1942) ............................................7

*Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185 (2d Cir. 2008) .....................................4, 5, 6

*Siegel v. Bloomberg L.P.,* No. 13 Civ. 1351 (S.D.N.Y. 2013) .......................................................1

*Tenn. Coal, Iron & R.R. Co., et al. v. Muscoda Local No. 123, et al.*, 321 U.S. 590 (1944) ..........................................................................................................................7

*Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290 (1985) ..........................................7

*United States v. Hemphill*. 369 F.2d 539 (4th Cir. 1966) ...............................................................7

*Usery v. Fritter*, 547 F.2d 528 (10th Cir. 1977) .............................................................................7

*Wirtz v. C & P Shoe Corp.*. 336 F.2d 21 (5th Cir. 1964) ............................................................. 7

**Statutes**

12 N.Y.C.R.R. §142-2.2 ............................................................................................................... 1

29 U.S.C. §202(a) ........................................................................................................................ 7

29 U.S.C. §215(a) ........................................................................................................................ 2

29 U.S.C. §216 ............................................................................................................................ 3

**Rules**

Fed. R. Civ. P. Rule 23 ................................................................................................................ 1

**PRELIMINARY STATEMENT**

This is an overtime pay case raising claims under state and federal overtime law. Plaintiff brought this case as a collective action under the Fair Labor Standards Act (FLSA) on behalf of people employed by the Bloomberg L.P. in the analytics desk as well as a class action under Fed. R. Civ. P. Rule 23 for members of the class working in New York under the New York overtime law, 12 N.Y.C.R.R. §142-2.2.

Plaintiff Michael, currently named in this case pseudonymously, seeks a protective order and leave from this Court to proceed under the pseudonym Eric Michael. *See* Declaration of Plaintiff Eric Michael dated August 25, 2014. Plaintiff has offered to disclose to Defendant Bloomberg his true name, if Bloomberg agrees not to disclose it publicly. Bloomberg has so far refused.[1] Plaintiff has no interest in preventing Bloomberg from knowing his name. Rather, Plaintiff is concerned to ensure that Bloomberg does not disclose his identity in a public filing in such a way that he will suffer perpetual harm to his future career <u>for the rest of his life</u>, simply because he chose to assert his legal rights in this case on behalf of a class of employees who should have been paid overtime premium pay for the overtime hours they worked. Michael Decl. ¶3.

Several individuals have sued Bloomberg for violation of the federal and state overtime laws. *Enea v. Bloomberg L.P.,* No. 12 Civ. 4656 (S.D.N.Y. 2012); *Jackson v. Bloomberg L.P.,* No. 13 Civ. 2001 (S.D.N.Y. 2013); *Siegel v. Bloomberg L.P.,* No. 13 Civ. 1351 (S.D.N.Y. 2013). In those cases internet legal news services have picked up on the filings and have

---

[1] Plaintiff explained to Bloomberg the basis for its concerns. Guerra Decl. Ex. B (thread of emails explaining concerns). Bloomberg has not specified any harm that it would suffer by being unable to identify Plaintiff publicly.

1

reported the Plaintiffs' names. *See* Declaration of Artemio Guerra dated August 25, 2014 (Guerra Decl.) Ex. A (internet reports). Bloomberg's response to each lawsuit has been to smear the Named Plaintiff in publicity statements which were posted to the internet, labeling the individual plaintiff a "disgruntled former employee." *See e.g.* Guerra Decl. Ex. A. In both the *Siegel* and *Jackson* cases, Bloomberg's spokespersons also labeled the employees as "terminated for poor job performance." Guerra Decl. Ex. A. These statements disparaging the Plaintiff will be permanently associated with the Plaintiffs' names.

Despite disparaging the Plaintiffs, Bloomberg has actually admitted that it failed to properly pay overtime to employees in thirty job classifications in the *DeOca v. Bloomberg L.P.,* No. 1:13-cv-00076 (S.D.N.Y. 2013) (see Doc. No. 296 for settlement). Bloomberg also agreed with the conclusions of a U.S. Department of Labor audit which found numerous job titles to be entitled to overtime. And Bloomberg has classified current workers in the job title covered in the *Siegel v. Bloomberg* case (Service Desk Reps) as entitled to overtime premium pay. Notwithstanding the fact that Bloomberg admits it failed to properly pay overtime to scores of job categories, it routinely has chosen to disparage the Plaintiffs in ways that will remain publicly accessible on the internet in perpetuity.

The FLSA prohibits anyone from taking retaliatory actions to harm an employee who asserts a legal claim for overtime or minimum wage. Under 29 U.S.C. §215(a) "it shall be unlawful for any person – … (3) to … in any … manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." Because statements posted on the internet have a perpetual life that cannot be undone, an employee who is labeled as a "disgruntled former employee" or even just identified as an individual who sues his employer, can suffer extreme

harm to his career. Employers regularly search the internet for public information about prospective hires.[2] Even the fact that a lawsuit was filed against a former employer would likely jeopardize future job prospects, no matter that the lawsuit was meritorious. Even a rational putatively non-discriminatory employer might choose to avoid hiring a candidate who formerly sued his employer for overtime pay violations, even if the suit was meritorious and successful. The likelihood is that future employers will see the reports, will take adverse action, in a way the Plaintiff as a job seeker would never discover, and the harm of not getting jobs would likely persist for the rest of his life.

Congress sought to encourage individuals who were not paid in accord with the FLSA to bring minimum wage and overtime actions, even though these claims are often for very small amounts of money.[3] Yet, if employees are too fearful of career-damaging repercussions, such suits will never be brought, even if employees are being obviously cheated out of their pay. Plaintiff's counsel is aware of countless individuals with meritorious claims who have chosen not to bring the claims out of fear they will damage their future career prospects in this manner.

Here, Plaintiff has no problem sharing his name with Bloomberg and it will need that information to defend this case. However, Plaintiff seeks an order permitting this action to be

---

[2] See .e.g. a 2012 article that explains how employers routinely conduct internet searches to screen job candidates:
*http://employmentupdate.schwabeblog.com/2012/11/27/performing-web-searches-on-job-applicants-carries-risks/*

[3] Minimum wage claims are by their nature typically small dollar value as are overtime (1 and 1/2 the regular hourly rate for each overtime hour). Congress sought to encourage filing of small claims by providing for liquidated damages equal to the amount an employee was shorted, the shifting of fees, 29 U.S.C. §216, and by allowing employees to proceed using representative actions, allowing the pooling of resources. *Id.; Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)(" A collective action allows age discrimination plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources.").

maintained pseudonymously in Court filings, directing Bloomberg not to disclose Plaintiffs' names publicly herein, and directing Bloomberg not to disparage Plaintiff publicly as it has done in the other overtime pay cases brought against it.

It should be noted that Bloomberg has demanded that Plaintiffs sign sweeping confidentiality stipulations in overtime cases brought against it. Guerra Decl. Ex. C. Pursuant to those agreements, Bloomberg has demanded that Plaintiffs not disclose publicly a trove of information that Bloomberg considers to harm its reputation and its business activities. Plaintiff seeks no more than reciprocal protection here.

## ARGUMENT

### A. Plaintiff Is Entitled To File This Case Under A Pseudonym

"[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185,189 (2d Cir. 2008) (expressly endorsing the Ninth Circuit's standard set out in *Does I Thru XXIII v. Advanced Textile Corp.* 214 F.3d 1058 (9th Cir.2000)). *See also Doe v. Greiner,* 662 F. Supp. 2d 355, 362 n.7 (S.D.N.Y. 2009). The Ninth Circuit's *Does I Thru XXIII* decision specifically reviewed FLSA plaintiffs' concerns in being named plaintiffs, holding:

> We join our sister circuits and hold that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. We further hold that in cases where, as here, pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm, *see Southern Methodist Univ.,* 599 F.2d at 713; (2) the reasonableness of the anonymous party's fears, *see Stegall,* 653 F.2d at 186; and (3) the anonymous party's vulnerability to such retaliation, *see id.* (discussing vulnerability of child plaintiffs); *Doe II,* 655 F.2d at 922 n. 1 (recognizing enhanced risks to long-term prison inmate).

*Does I thru XXIII v. Advanced Textile Corp*. 214 F.3d 1058, 1068 (9th Cir. 2000).

The Second Circuit, in expanding the factors set forth in *Does I thru XXIII,* wrote:

We agree that the interests of both the public and the opposing party should be considered when determining whether to grant an application to proceed under a pseudonym. Accordingly, we endorse the Ninth Circuit's formulation and hold that when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant.

This balancing of interests entails the consideration of several factors that have been identified by our sister Circuits and the district courts in this Circuit. We note with approval the following factors, with the caution that this list is non-exhaustive *190 and district courts should take into account other factors relevant to the particular case under consideration: (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature," *Zavaras,* 139 F.3d at 803; *see also James v. Jacobson,* 6 F.3d 233, 238 (4th Cir.1993); *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992); (2) "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties," *Jacobson,* 6 F.3d at 238; *see also Zavaras,* 139 F.3d at 803; *Doe v. Shakur,* 164 F.R.D. 359, 361 (S.D.N.Y.1996); (3) whether identification presents other harms and the likely severity of those harms, *see Advanced Textile Corp.,* 214 F.3d at 1068, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," *Zavaras,* 139 F.3d at 803; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, *see Advanced Textile Corp.,* 214 F.3d at 1068, particularly in light of his age, *see Jacobson,* 6 F.3d at 238; *see also Del Rio,* 241 F.R.D. at 157; (5) whether the suit is challenging the actions of the government or that of private parties, *see Jacobson,* 6 F.3d at 238; *Frank,* 951 F.2d at 323; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, *see Advanced Textile Corp.,* 214 F.3d at 1068; (7) whether the plaintiff's identity has thus far been kept confidential, *see Del Rio,* 241 F.R.D. at 157; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, *see Advanced Textile Corp.,* 214 F.3d at 1068; (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," *Del Rio,* 241 F.R.D. at 157; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff, *cf. Aware Woman Ctr.,* 253 F.3d at 687.

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008).

Here, the Plaintiff's need for anonymity in the public filing to prevent a lifetime of harm outweighs any harm to the public or Bloomberg. Plaintiff has demonstrated that he may

5

be harmed by numbers of future prospective employers taking adverse action against him. He will never know how many jobs he was never interviewed for and never hired for because of the listing of his name in internet news reports. The public will know that a Bloomberg employee in the analytics section sued Bloomberg over its failure to pay overtime, through the complaint. The only thing that will remain undisclosed to the public is which particular employee brought the case and that information is important to nobody. Most importantly, there will be no prejudice to Bloomberg as it will know the Plaintiff's name once a protective order issues. Bloomberg's only prejudice will be its need to redact any public filings containing Plaintiff's name and/or to file supporting documents under seal. This is something that the Plaintiff's attorneys' must do regularly to safeguard information Bloomberg considers to be sensitive as set forth in its confidentiality order. Ex. C. This hardly qualifies as prejudice. In fact, Bloomberg will not be prejudiced by the public anonymity of Plaintiff in any respect.

> B. **The Public Interest Is Furthered Not Harmed By Allowing Plaintiff To File This Case Under A Pseudonym**

It is important to recognize that the public interest is furthered, not harmed, by allowing Plaintiffs in wage and hour actions to proceed anonymously. The "public's interest" is the final inquiry. *Sealed Plaintiff*, 537 F.3d at 190. In the instant matter, the public interest in disclosure of the Plaintiff's identity is far outweighed by the public interest served in permitting the Plaintiff to proceed anonymously to enable him to prosecute his claims.

Not only will protecting the Plaintiff's identity not "obstruct public scrutiny of the important issues in this case," *Advanced Textile Corp.*. 214 F.3d at 1072, it is consistent with standard practice in wage and hour cases. Hence, where a FLSA action is brought by the Secretary of Labor, names of employees who "precipitate the suit by filing complaints with the Department of Labor [may be protected by the] informant's privilege." *Id. See also Usery v.*

*Fritter*, 547 F.2d 528, 531 (10th Cir. 1977) (anonymity prevents retaliation and encourages the reporting of violations); *Brennan v. Engineered Prod.. Inc.*, 506 F.2d 299, 303 (8th Cir. 1974) (same); *United States v. Hemphill*. 369 F.2d 539, 542 (4th Cir. 1966) (same).

The public's interest is further advanced by seeing this case decided on the merits. Employee lawsuits to enforce their statutory FLSA rights benefit the public as a whole. *See Wirtz v. C & P Shoe Corp*. 336 F.2d 21, 30 (5th Cir. 1964) (anonymity allows for "the double purpose of protecting private interests and vindicating public rights"); *Plourde v. Mass. Cities Realty Co*. 47 F.Supp. 668, 670 (D.Mass. 1942) (employee exercises his FLSA rights "not only for his own benefit, but also for the benefit of the general public"). The FLSA's overtime rules, "like the other portions of the Fair Labor Standards Act, are remedial and humanitarian in purpose." *Giles v. City of New York*, 41 F. Supp. 2d 308, 316 (S.D.N.Y. 1999) (quoting *Tenn. Coal, Iron & R.R. Co., et al. v. Muscoda Local No. 123, et al.*, 321 U.S. 590 (1944)). *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296 (1985)(FLSA is "humanitarian and remedial legislation … [to be] construed, giving due regard to the plain meaning of statutory language and the intent of Congress." *A.H. Phillips v. Walling,* 324 U.S. 490, 493 (1945). In enacting the FLSA, Congress recognized that an employer's failure to pay statutory wages exerts a downward pressure on wages across an industry as employers who are undercut also face pressure to cut wages. 29 U.S.C. §202(a). The FLSA's floor protects employees, but it also protects law-abiding employers from unfair competitive pressures from non-compliant competitors. *Id.* The public's interest is thus served when employees are free to bring meritorious cases, and is harmed when employees are cowed by fear of unknown person's later refusal to hire them for having done so. *Holt v. Cont'l Group, Inc.,* 708 F.2d 87, 91 (2d Cir.1983) ("A retaliatory discharge carries with it the distinct risk that other employees may be

deterred from protecting their rights under the [law] or from providing testimony for [a] plaintiff in [his] effort to protect [his] own rights. These risks may be found to constitute irreparable injury."); *Mullins v. City of New York*, 307 F. App'x 585, 587 (2d Cir. 2009).

The FLSA provides explicit protection to employees from suffering retaliation for having filed suit. Title 29 U.S.C. § 215(a) (3) states that "it shall be unlawful <u>for any person</u> … to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter …". Courts are authorized to issue injunctions to prevent any person from discriminating against an FLSA Plaintiff. *Barturen v. Wild Edibles, Inc.*, 07 CIV. 8127 (LLS), 2007 WL 4468656 (S.D.N.Y. Dec. 18, 2007); *Mullins v. City of New York*, 307 F. App'x 585, 587 (2d Cir. 2009).

## CONCLUSION

Plaintiff seeks leave to prosecute this suit using the pseudonym Eric Michael. Should the Court grant this request, Plaintiff additionally asks that: (i) Plaintiff's identity be filed under seal with this Court; (ii) Plaintiff's name, address, and other identifying information be supplied to the Defendant; (iii) Defendant and its agents be directed not to disclose Plaintiff's identity or make negative or disparaging remarks concerning him, his character, or his work quality. As this matter proceeds, additional relief may be sought in furtherance of maintaining Plaintiff's anonymity.

For these reasons as well as the entire record before the Court, Plaintiff's ask that his motion to proceed anonymously be granted and that the Plaintiff's identity be maintained under seal and not revealed to the public.

Dated: August 25, 2014                                  Respectfully Submitted,


                                                        */s/ Dan Getman*
                                                        **GETMAN & SWEENEY, PLLC**
                                                        Dan Getman
                                                        9 Paradies Lane
                                                        New Paltz, New York 12561
                                                        Telephone: (845) 255-9370

                                                        dgetman@getmansweeney.com

                                                        *Attorneys for Plaintiffs and the Class*