**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
                                                             :
ERIC MICHAEL, individually and on behalf of                  :
others similarly situated,                                    :
                                                             :
                                   Plaintiffs,               :        Case No. 14-CV-2657 (TPG)
                                                             :
                        -against-                            :
                                                             :
BLOOMBERG L.P.,                                              :
                                                             :
                                   Defendant.                :
                                                             :
                                                             :
------------------------------------------------------------ x


**DEFENDANT BLOOMBERG L.P.'S MEMORANDUM OF LAW**
**IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

## **TABLE OF CONTENTS**

Page

INTRODUCTION ...............................................................................................................1

STATEMENT OF FACTS ..................................................................................................1

ARGUMENT .......................................................................................................................3

I.    THE FEDERAL RULES OF CIVIL PROCEDURE REQUIRE PLAINTIFFS TO
      SUE USING THEIR REAL NAMES ABSENT COMPELLING REASONS NOT
      PRESENT HERE...........................................................................................................3

II.   PLAINTIFF HAS NO DEMONSTRABLE BASIS ON WHICH TO PROCEED
      ANONYMOUSLY OR PSEUDONYMOUSLY. ...........................................................7

CONCLUSION..................................................................................................................13

## TABLE OF AUTHORITIES

Cases                                                                                                                Page(s)

*Anonymous v. City of Hubbard,*
    No. 4:09-cv-1306, 2010 BL 4824 (N.D. Ohio Jan. 11, 2010) ...................................... 3, 8

*Baffa v. Donaldson,*
    222 F.3d 52 (2d Cir. 2000) ............................................................................................. 7

*Child v. Beame,*
    412 F. Supp. 593 (S.D.N.Y. 1976) ................................................................................. 9

*Coe v. United States Dist. Court for the Dist. of Colo.,*
    676 F.2d 411 (10th Cir. 1982) ...................................................................................... 12

*Darvin v. Int'l Harvester Co.,*
    610 F. Supp. 255 (S.D.N.Y. 1985) ................................................................................. 7

*Davis v. Lenox Hill Hosp.,*
    No. 03 Civ. 3746, 2004 WL 1926086 (S.D.N.Y. Aug. 31, 2004) ................................... 7

*Dent v. U.S. Tennis Ass'n, Inc.,*
    No. CV-08-1533, 2008 WL 2483288 (E.D.N.Y. June 17, 2008) .................................... 3

*Doe v. Bell Atl. Bus. Sys. Servs., Inc.,*
    162 F.R.D. 418 (D. Mass. 1995) ................................................................................. 6, 7

*Doe v. Bolton,*
    410 U.S. 179 (1973) ....................................................................................................... 9

*Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate,*
    596 F.3d 1036 (9th Cir. 2010) ....................................................................................... 6

*Doe v. Harris,*
    495 F. Supp. 1161 (S.D.N.Y.1980) ................................................................................ 9

*Doe v. Indiana Black Expo. Inc.,*
    923 F. Supp. 137 (S.D. Ind. 1996) ................................................................................ 4

*Doe v. Lavine,*
    347 F. Supp. 357 (S.D.N.Y. 1972) ................................................................................ 9

*Doe v. Pentax of America, Inc.,*
    No. 6:12-cv-1171, 2012 BL 194711 (M.D. Fla. Aug. 1, 2012) ...................................... 8

*Doe v. Shakur,*
    164 F.R.D. 359 (S.D.N.Y. 1996) ....................................................................... 5, 6, 9, 10

*Doe v. United Servs. Life Ins. Co.*,
   123 F.R.D. 437 (S.D.N.Y. 1988) ............................................................... 9, 11

*E.E.O.C. v. ABM Indus. Inc.*,
   249 F.R.D. 588 (E.D. Cal. 2008) ..................................................................... 8

*In re FedEx Ground Package Sys., Inc., Emp't Practices Litig.*,
   662 F. Supp. 2d 1069 (N.D. Ind. 2009) ........................................................... 6

*G.E.G. v. Shinseki*,
   No. 10-cv-1124, 2012 BL 27553 (W.D. Mich. Feb. 6, 2012) ........................ 10

*Guerrilla Girls, Inc. v. Kaz*,
   224 F.R.D. 571 (S.D.N.Y. 2004) .................................................................. 7, 8

*Han v. Sterling Nat'l Mortg. Co.*,
   No. 09-CV-5589, 2011 BL 235774 (E.D.N.Y. Sept. 14, 2011) ...................... 7

*Hoffman v. Bank of Am., N.A.*,
   No. 02-CV-1780T27TGW, 2006 WL 1360892 (M.D. Fla. May 16, 2006) ..... 6

*Li v. A Perfect Day Franchise, Inc.*,
   270 F.R.D. 509 (N.D. Cal. 2010) ......................................................... 8, 11, 12

*Meyers v. ACE Hardware, Inc.*,
   95 F.R.D. 145 (N.D. Ohio 1982) .................................................................... 7

*Moe v. Dinkins*,
   533 F. Supp. 623 (S.D.N.Y. 1981) .................................................................. 9

*In re Platinum & Palladium Commodities Litig.*,
   828 F. Supp. 2d 588 (S.D.N.Y. 2011) ............................................................. 3

*Poe v. Ullman*,
   367 U.S. 497 (1961) ........................................................................................ 9

*Richmond Newspapers, Inc. v. Virginia*,
   448 U.S. 555 (1980) ..................................................................................... 4, 5

*Roe v. Wade*,
   410 U.S. 113 (1973) ........................................................................................ 9

*Sealed Plaintiff v. Sealed Defendant*,
   537 F.3d 185 (2d Cir. 2008) .......................................................................... 4, 8

*Shushan v. Univ. of Colorado at Boulder*,
   132 F.R.D. 263 (D. Colo. 1990) ..................................................................... 6

*S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*,
    599 F.2d 707 (5th Cir. 1979) .................................................................................. 4, 12

**Rules and Statutes**

Fed. R. Civ. P. 10(a) ............................................................................................................ 3

Fed. R. Civ. P. 17(a) ............................................................................................................ 4

**Other Authorities**

Colleen E. Michuda, *Defendant Doe's Quest for Anonymity: Is the Hurdle Insurmountable?*,
    29 Loy. U. Chi. L.J. 141, 144 (1997) ............................................................................... 5

Bloomberg L.P. ("Bloomberg" or "the Company") respectfully submits this memorandum of law in opposition to Plaintiff's Motion For Protective Order (the "Motion" or "Mot."). Because Plaintiff Eric Michael ("Plaintiff" or "Michael"; legal name unknown) has not provided sufficient justification for withholding his real name, Bloomberg respectfully requests that the Court order Plaintiff to file an amended complaint in his own full legal name.

## INTRODUCTION

Plaintiff "Eric Michael," purportedly a former employee of Bloomberg, seeks to represent a class comprising current and former Bloomberg employees over the past six years, whom he claims were incorrectly classified as exempt from overtime rules. But Plaintiff has deliberately omitted his last name from the Complaint, in violation of Rules 10(a) and 17(a) of the Federal Rules of Civil Procedure. Not only has Plaintiff refused to divulge his name, but he has also failed to articulate in either the Complaint or his Motion a basis for privacy sufficient to overcome the presumption that court proceedings in the United States should be public and open. In his Motion, Plaintiff argues that he should be allowed to hide his identity from the public to avoid the potential of future harm to his career prospects. But this is a concern that any plaintiff in a labor lawsuit (or many other types of lawsuits) may have, and courts have routinely rejected the notion that such theoretical future economic harm overcomes the default rules that litigation be conducted in the real names of the parties. Plaintiff's Motion should thus be denied because he fails to carry his heavy burden of proving that he is exempt from the default rule that he must proceed in his own real legal name.

## STATEMENT OF FACTS

On April 14, 2014, Plaintiff filed a complaint alleging that Bloomberg violated the Fair Labor Standards Act ("FLSA") and New York Labor Law. (ECF No. 2.) The Complaint did not contain Plaintiff's last name. On July 31, 2014, Plaintiff filed an amended

complaint, which is the currently operative Complaint. (ECF No. 6.) Plaintiff again did not include his last name. Plaintiff purportedly served Bloomberg with the Complaint on August 4, 2014 through the Office of the Secretary of State of the State of New York. (ECF No. 7.)

Plaintiff admits that "[h]is last name is not given in this complaint." (Compl. ¶ 7.) Bloomberg has contacted counsel for Plaintiff to establish and confirm Plaintiff's identity, but his counsel has refused to do so unless Bloomberg agrees to keep that identity confidential. (Guerra Decl. Ex. B.) Plaintiff's counsel asserted a vague fear that if Plaintiff's name were publicly attached to his court filings, then potential future employers may discover his connection to this case through an internet search, thereby damaging his professional reputation. (*Id.*) ("Information found [by a potential employer] through a Google search would certainly include legal proceedings that name the individual being searched and such information will very likely adversely impact our client's future employment prospects.") In the communications between the parties, neither Plaintiff nor his counsel provided any other justification for the failure to use his full legal name in his Complaint.

On August 26, 2014, Plaintiff filed the Motion, requesting that the Court allow him to proceed in this case under the pseudonym Eric Michael and that the Court direct Bloomberg not to disclose Plaintiff's name or "disparage Plaintiff publicly." (Mot. at 1, 4.) In the Motion, Plaintiff argues that Bloomberg has responded in other lawsuits with "statements disparaging" the plaintiffs in those lawsuits, even though Plaintiff does not and cannot claim that those statements were false. (Mot. at 2.) Plaintiff bases his criticism of Bloomberg's previous statements in other cases on the non sequitur that Bloomberg has agreed to a settlement in an unrelated wage and hour case. (*Id.*) In fact, the settlement in *De Oca* reflected the "uncertainties of law and fact" inherent in that litigation. Final Approval Order at 17, *De Oca v. Bloomberg*

*L.P.*, No. 13-cv-0076 (S.D.N.Y. Mar. 11, 2014) (ECF No. 296).  Plaintiff also references a

settlement between Bloomberg and the U.S. Department of Labor, as if such a settlement

constitutes proof of liability or has anything to do with Plaintiff's motion here.  (Mot. at 2.)[1]

       Finally, Plaintiff references confidentiality stipulations that the parties have

entered into in other wage and hour cases involving Bloomberg, for the proposition that Plaintiff

is entitled to "reciprocal protection" after Bloomberg has requested that plaintiffs in those cases

not publicly disclose sensitive business information.  (Mot. at 4.)  In fact, those stipulations

provide that "*[e]ither* party" may designate for protection a limited set of materials containing

"sensitive personal, commercial, financial, proprietary, business or professional information," or

"trade secrets," or other information that "otherwise normally would not be revealed to third

parties."  (Guerra Decl. Ex. C at 2 (emphasis added).)  Plaintiff does not and cannot claim that

his full legal name constitutes information that could properly be withheld under the

confidentiality stipulations.

## ARGUMENT

**I.   THE FEDERAL RULES OF CIVIL PROCEDURE REQUIRE PLAINTIFFS TO SUE USING THEIR REAL NAMES ABSENT COMPELLING REASONS NOT PRESENT HERE.**

       Federal Rule of Civil Procedure 10(a) states that "[t]he title of the complaint must

name all the parties."  Fed. R. Civ. P. 10(a); *see also Anonymous v. City of Hubbard*, No. 4:09-

cv-1306, 2010 BL 4824, at *1 (N.D. Ohio Jan. 11, 2010) ("Rule 10 of the Federal Rules clearly

requires that parties be named in the complaint: 'The title of the complaint must name all the

---

[1] Of course, "settlement agreements are not admissible" "as proof of the truth of the matters that led to the settlement agreement." *Dent v. U.S. Tennis Ass'n, Inc.*, No. CV-08-1533, 2008 WL 2483288, at *2 (E.D.N.Y. June 17, 2008); *see also In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 3d 588, 594 (S.D.N.Y. 2011) ("Although the CFTC Order included certain factual findings, it nevertheless was the product of a settlement between the CFTC and the Respondents, not an adjudication of the underlying issues in the CFTC proceeding.  Plaintiffs are therefore prohibited from relying on the CFTC Order to plead the 'underlying facts of liability.'").

parties.'  The rule does not contemplate use of aliases or anonymous filing.") (internal citations omitted).  "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008).  Further, Rule 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest."  Apart from the requirements of the federal rules, "[b]asic fairness dictates that those among the defendants' accusers who wish to participate in [a lawsuit] as individual party plaintiffs must do so under their real names."  *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979); *see also Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 141-42 (S.D. Ind. 1996) ("Basic fairness requires that where a plaintiff makes such accusations publicly, he should stand behind those accusations, and the defendants should be able to defend themselves publicly.").  Bloomberg and the public are thus entitled to know the real name of the Plaintiff who has brought this lawsuit and availed himself of the federal courts.

The rules requiring litigants to proceed under their full, real names embody the presumption, firmly rooted in American law, of openness in judicial proceedings.  Indeed, this presumption dates back to the English common law, where openness in both criminal trials and civil proceedings was the rule.  *See Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 567-567 (1980) (noting that "the openness of trials was explicitly recognized as part of the fundamental law" of the colonies); *id.* at 590 (Brennan, J., concurring) ("And it appears that 'there is little record, if any, of secret proceedings, criminal or civil, having occurred at any time in known English history.'") (citation omitted).  This long-standing common law presumption of openness in judicial proceedings also enjoys firm constitutional support in the form of settled precedent that emphasizes the role of First Amendment protections of freedom of speech and

press in safeguarding the public's right to attend trials.  *See Richmond Newspapers*, 448 U.S. at 576.  Court proceedings must thus be open to the public absent an overriding and clearly articulated interest to the contrary.  *See id.* at 581.  Such openness is vital as it promotes "public scrutiny of the judicial process, improves the quality of testimony, encourages public respect for the judicial system, and provides therapeutic value to the community."  Colleen E. Michuda, *Defendant Doe's Quest for Anonymity: Is the Hurdle Insurmountable?*, 29 Loy. U. Chi. L.J. 141, 144 (1997).

Furthermore, Bloomberg must, in fairness, be allowed freely to explore, challenge, and investigate the merits of Plaintiff's highly fact-sensitive claims that he was not exempt from the overtime laws and that he actually worked compensable overtime.  This right includes being allowed to interview and/or depose not only the Plaintiff, but also other employees and witnesses about the specific allegations in the Complaint, unhampered by the burdens of anonymity.  In addition to being able to freely investigate the claims and defenses in this litigation, Bloomberg is also entitled to explore whether Plaintiff is a representative and adequate lead plaintiff for the putative class.  Bloomberg would be hindered in these endeavors should Plaintiff's identity be required to be kept secret.  Nor should Bloomberg be burdened with the additional time, considerable expense, and attorneys' fees required to comply with onerous efforts to safeguard Plaintiff's identity throughout the course of discovery, in communications with potential witnesses, in papers filed with the Court, and at trial.[2]  Fairness dictates that Defendant should not be saddled with the unreasonable burden of proceeding against an anonymous accuser in a case in which Defendant's own identity was made public.  "Fairness requires that [Plaintiff] be prepared to stand behind [his] charges publicly."  *Doe v. Shakur*, 164

---

[2] For example, Defendant would need to redact Plaintiff's name from each and every exhibit it uses in this litigation. Such redaction would require untold hours of effort.

F.R.D. 359, 361 (S.D.N.Y. 1996).  If Plaintiff continues to refuse to litigate under his full legal

name as the federal rules require, then his Complaint should be dismissed.[3]

In addition, in a collective and representative action such as this one, not only the

public and the defendant, but also putative class members and opt-ins are entitled to know the

identity of the individual leading their cause and to determine whether this individual is an

adequate representative.  "Like a member of a plaintiff class under rule 23 . . . the section 216

plaintiff does not formally appear before the court or file a pleading; he simply files his written

consent . . . .  Once the consent is filed, the section 216 action is maintained by the named

plaintiffs 'for and in behalf of' the person who has consented."  *Shushan v. Univ. of Colorado at*

*Boulder*, 132 F.R.D. 263, 264 (D. Colo. 1990).  Thus, putative opt-ins to the FLSA collective

action component of Plaintiff's action are entitled to know his identity to assess whether he will

be an adequate representative of their interests, so that they can decide whether to opt in.  Indeed,

even though adequacy is not an express requirement for "certification of an FLSA collective

action [under FLSA § 216], inadequacy of representation is nevertheless an equitable

consideration at issue in determining whether to certify a putative class."  *In re FedEx Ground*

*Package Sys., Inc., Emp't Practices Litig.*, 662 F. Supp. 2d 1069, 1082-83 (N.D. Ind. 2009)

(denying collective action certification where named plaintiffs lacked standing to pursue the

claims asserted).

---

[3] The Complaint is subject to dismissal for Plaintiff's failure to comply with the requirements of Rules 10(a) and 17(a) that the Complaint name the real parties in interest.  *See, e.g., Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010) ("we affirm the district court's order dismissing the case based on plaintiffs' failure to disclose their identities"); *Hoffman v. Bank of Am., N.A.*, No. 02-CV-1780T27TGW, 2006 WL 1360892, at *1 n.2 (M.D. Fla. May 16, 2006) ("were this Court not entering summary judgment for Defendant, the case would be subject to dismissal *sua sponte*" for plaintiff's failure to use his legal name); *Doe v. Indiana Black Expo*, 923 F. Supp. at 138-39, 143 (denying plaintiff permission to proceed under a pseudonym and ordering dismissal for failure to comply with Rules 10 and 17); *Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995) ("Failure to [file a complaint with Plaintiff's true name] will result in the dismissal of the pending claims.").

Furthermore, Rule 23(a) of the Federal Rules of Civil Procedure requires that "the proposed class representative [must] have an interest in vigorously pursuing the claims of the class, and . . . have no interests antagonistic to the interests of other class members." *Han v. Sterling Nat'l Mortg. Co.*, No. 09-CV-5589, 2011 BL 235774, at *7 (E.D.N.Y. Sept. 14, 2011) (citation omitted).  In assessing the adequacy of class representatives, courts may also consider their credibility.  *See e.g. Darvin v. Int'l Harvester Co.*, 610 F. Supp. 255, 257 (S.D.N.Y. 1985). The proposed class representative should also not be "subject to unique defenses which threaten to become the focus of the litigation." *See Baffa v. Donaldson*, 222 F.3d 52, 59 (2d Cir. 2000); *Davis v. Lenox Hill Hosp.*, No. 03 Civ. 3746, 2004 WL 1926086, at *6 (S.D.N.Y. Aug. 31, 2004) (finding a class representative inadequate because he "does not possess the same interests and has not suffered the same injuries as other members of the purported class") (citations omitted); *Meyers v. ACE Hardware, Inc.*, 95 F.R.D. 145, 152 (N.D. Ohio 1982) (disqualifying class representative because his "questionable work records" created a likelihood that litigation of the case would "be entangled with issues concerning [his] poor employment records" and "work to [the class members'] disadvantage at trial").  With his identity hidden, putative class members will have no way to assess whether Plaintiff is an adequate representative for them.

## II.   PLAINTIFF HAS NO DEMONSTRABLE BASIS ON WHICH TO PROCEED ANONYMOUSLY OR PSEUDONYMOUSLY.

Courts will only permit a party to proceed anonymously "in 'exceptional cases,' or 'special circumstances.'" *Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 571, 573 (S.D.N.Y. 2004) (internal citations omitted).  This principle applies equally in employment cases.  *See Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995) (finding plaintiffs must proceed on the public record "except in the most exceptional cases" and denying plaintiff's request to prosecute employment discrimination action under a pseudonym).  Because the "general rule [is]

that a complaint must state the names of the parties," plaintiffs "are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Anonymous v. City of Hubbard*, 2010 BL 4824, at *1; *see also Doe v. Pentax of America, Inc.*, No. 6:12-cv-1171, 2012 BL 194711, at *1 (M.D. Fla. Aug. 1, 2012) (Rule 10(a) creates "a strong presumption in favor of parties' proceeding in their own names."). And "when a plaintiff faces economic rather than physical harm, the harm must be 'extraordinary' to justify granting anonymity." *Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 514 (N.D. Cal. 2010) (internal citation omitted). This is not even close to being an exceptional or extraordinary case featuring such special circumstances. Indeed, carried to its logical conclusion, Plaintiff's argument would render every FLSA case an "exceptional" case justifying such secrecy in their proceedings. This cannot be the law.

Here, as in any FLSA lawsuit, Bloomberg has a right to know the identify of its adversary, the putative class and opt-in members have a right to know whether he will be an adequate representative for them, and the public has a "legitimate interest in knowing the facts at issue in court proceedings." *Guerrilla Girls*, 224 F.R.D. at 573 (citations omitted). Moreover, to the extent Plaintiff proposes to disclose his full legal name to Bloomberg but requires Bloomberg to keep his identity confidential, such a notion is untenable in this case because Plaintiff has not met the strict requirements for proceeding anonymously or pseudonymously.

"[T]he use of pseudonyms is discouraged as against the public's legitimate interest in the facts of a lawsuit." *E.E.O.C. v. ABM Indus. Inc.,* 249 F.R.D. 588, 592 (E.D. Cal. 2008). As Plaintiff acknowledges, like its sister Circuits and many district courts, the Second Circuit has adopted a balancing test that "entails the consideration of several factors" to determine whether plaintiffs should be allowed to proceed anonymously. *Sealed Plaintiff*, 537

F.3d at 189 (cited in Mot. at 5).  But in light of his sole asserted theoretical "harm[] by numbers of future prospective employers" (Mot. at 6), the factors identified in the Second Circuit's balancing test weigh decisively against allowing him to proceed without publicly disclosing his full legal name.

Traditionally, proceeding anonymously or under a pseudonym is permitted only for reasons "of a highly sensitive and personal nature."  *Moe v. Dinkins*, 533 F. Supp. 623, 627 (S.D.N.Y. 1981) (marriage and illegitimacy); *see also Roe v. Wade*, 410 U.S. 113 (1973) (abortion); *Doe v. Bolton*, 410 U.S. 179 (1973) (abortion); *Poe v. Ullman*, 367 U.S. 497 (1961) (birth control); *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) (concerns regarding homosexuality during period of "widespread public fear" over AIDS); *Doe v. Harris*, 495 F. Supp. 1161 (S.D.N.Y.1980) (mental illness); *Doe v. Lavine*, 347 F. Supp. 357 (S.D.N.Y. 1972) (identification of putative fathers of illegitimate children); *Child v. Beame*, 412 F. Supp. 593 (S.D.N.Y. 1976) (minors' suit against foster care agencies).  None of these "highly sensitive and personal" issues exist in this case.  Nor is Plaintiff a minor requiring special protection of his identity on account of his age.

Indeed, even where a case does concern highly sensitive and personal issues, a plaintiff's privacy concerns can be outweighed by "the public's legitimate interest in knowing the facts at issue in court proceedings."  *Doe v. Shakur*, 164 F.R.D. at 360 (where plaintiff alleged damages arising from sexual assault, privacy concerns did not justify plaintiff's anonymity).  The court in *Doe v. Shakur* articulated multiple reasons, which apply with equal force in this case, why the plaintiff could not proceed anonymously.  First, Plaintiff "has made serious charges and has put [his] credibility in issue.  Fairness requires that [he] be prepared to stand behind [his] charges publicly."  *Id.* at 361.  Second, "this is a civil suit for damages," not a

criminal proceeding. *Id.*[4]  Third, Bloomberg "has been publicly accused.  If plaintiff were

permitted to prosecute this case anonymously, [Bloomberg] would be placed at a serious

disadvantage, for [it] would be required to defend [itself] publicly while plaintiff could make

[his] accusations from behind a cloak of anonymity." *Id.*  And finally, "the public has a right of

access to the courts.  Indeed, 'lawsuits are public events and the public has a legitimate interest

in knowing the facts involved in them.  Among those facts is the identity of the parties.'" *Id.*

(internal citation omitted).  *Doe v. Shakur* additionally held that "claims of public humiliation

and embarrassment . . . are not sufficient grounds for allowing a plaintiff in a civil suit to proceed

anonymously." *Id.* at 362.  If such inchoate fears as Plaintiff presents here were sufficient to

shield a litigant's identity, secret proceedings, rather than public ones, would become the norm.

Moreover, putative collective action opt-ins or class members may be more likely to follow the

example of the lead plaintiff and seek to proceed anonymously, leaving Bloomberg to defend

against not one, but multiple unnamed parties.

       It makes no difference that Plaintiff "seeks to proceed 'pseudonymously,' not

'anonymously,'" or that Bloomberg may be able to guess at Plaintiff's identity.  *G.E.G. v.*

*Shinseki*, No. 10-cv-1124, 2012 BL 27553, at *2 n.1 (W.D. Mich. Feb. 6, 2012).  Without

confirmation of Plaintiff's identity in the Complaint, Bloomberg remains at a disadvantage in

responding to the allegations contained therein.  And even if Plaintiff's identity were confirmed

to Bloomberg without Plaintiff's full legal name appearing in the Complaint, "[n]onetheless, the

Court must weigh the public's interest in disclosure, and the mere lack of prejudice to Defendant

does not outweigh the countervailing considerations." *Id.*

---

[4] Plaintiff cites cases for the proposition that "where a FLSA action is brought by the Secretary of Labor, names of
employees" may be hidden by the "informant's privilege."  (Mot. at 6.)  Plaintiff's argument misses the obvious:
this private civil action is not an enforcement action being brought by the Department of Labor, which omitted
Michael's putative class in its settlement with Bloomberg, and Plaintiff is not an "informant."

Plaintiff declares that he fears being "blackballed for having filed this case." (Decl. of John Doe, Aug. 25, 2014, at ¶ 5 (ECF No. 14).) But courts have made clear that fears of economic harm are not sufficient to justify departing from the established norm that litigants must proceed in their real names. Indeed, it is precisely this economic risk that every plaintiff assumes when he or she sues an employer, public or otherwise. And it is exactly the kind of rationale that courts, including in this District, have rejected as a basis for proceeding anonymously or pseudonymously. "Courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life." *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. at 439 n.1. For example, one of the reasons the plaintiff in *Doe v. United Services* offered for proceeding pseudonymously was "his status as a law clerk to a federal judge." *Id.* The court specifically rejected this argument, stating that "a concern for his employment status" was not a reason for allowing the plaintiff to proceed pseudonymously. *Id.*

Indeed, courts have rejected Plaintiff's exact argument specifically in the FLSA context, holding that fears of retaliation and blacklisting are not sufficiently "'extraordinary' to justify granting anonymity." *Li v. Perfect Day*, 270 F.R.D. at 514 (internal citation omitted) (denying plaintiffs' request to proceed anonymously in action challenging their categorization as independent contractors and seeking minimum wages and overtime). In *Li v. Perfect Day*, the court rejected plaintiffs' argument based on of fears of "being fired or having work reduced," accompanied by "reporting to the IRS, potential resulting immigration status consequences, and blacklisting," because those were all "'typical' FLSA plaintiff fears." 270 F.R.D. at 515. The court accordingly held that "if the harm feared is economic, and less than 'extraordinary,' no anonymity order can issue." *Id.* at 516. The court distinguished an example of such an extraordinary situation: for example, if, following employees' termination, they would be

deported to China, where they or their family could be imprisoned for debts to the employers. *Id.* at 514-15. Such a situation may constitute the necessary "extraordinary" retaliation that would merit an anonymity order. *Id.* Plaintiff does not allege any such potential "extraordinary" retaliation consisting of termination, deportation, and imprisonment.

Instead, as is the case here with Plaintiff, "[a] finding that the 'perhaps typical' retaliations of FLSA defendants, such as termination, blacklisting, or even threatened IRS reporting constitute 'extraordinary' harm would permit plaintiffs in many FLSA actions the right to proceed anonymously." *Id.* at 517. Such a rule would be inconsistent with the presumption that court proceedings should be public, and that "anonymity may only be granted in the 'unusual case.'" *Id.* Likewise, Plaintiff here has failed to present any evidence to demonstrate how his public participation in this lawsuit under his full legal name would prejudice his efforts to obtain subsequent employment to an extent greater than that of any other plaintiff who sues his or her employer.

Other courts have similarly rejected the arguments of plaintiffs seeking anonymity based on alleged harm to their economic or property interests. *See Coe v. United States Dist. Court for the Dist. of Colo.*, 676 F.2d 411, 413-14, 418 (10th Cir. 1982) (affirming denial of request by doctor to enjoin public disciplinary proceedings, and rejecting argument based on alleged "irreparable and immediate destruction of his property and liberty interests," *i.e.*, his "license to practice medicine"). The Fifth Circuit, for example, declined to allow women law students to proceed anonymously in a Title VII suit against a law firm, despite the women's contention that they would suffer stigma in obtaining law firm jobs were their identities to become known. *S. Methodist Univ. Ass'n*, 599 F.2d at 713 (affirming denial of request to proceed anonymously and rejecting argument that "disclosure of [plaintiffs] A-D's identities will

leave them vulnerable to retaliation from their current employers, prospective future employers," and the bar, because plaintiffs "face no greater threat than the typical plaintiff alleging Title VII violations").  Plaintiff has similarly presented no extraordinary situation or reasons to justify the exceptional secrecy he seeks.

## **CONCLUSION**

For the reasons set forth above, Bloomberg respectfully requests that the Court deny Plaintiff's Motion and instead order Plaintiff to file an amended complaint that identifies his real legal name in full, or in the alternative dismiss the Complaint.

Dated: September 11, 2014
New York, New York

WILLKIE FARR & GALLAGHER LLP

By: _____
(A member of the firm)

Thomas H. Golden
Deirdre N. Hykal
Zheyao Li
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
tgolden@willkie.com
dhykal@willkie.com
zli@willkie.com

*Attorneys for Defendant Bloomberg L.P.*

12753344