UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
ERIC MICHAEL, individually and on
behalf of others similarly situated,

                      Plaintiffs,                  14-cv-2657 (TPG)

              v.                                ECF CASE

BLOOMBERG L.P.,                          **OPINION**

                      Defendant.
------------------------------------------x

      Plaintiff, a former employee in the Analytics Department at Bloomberg L.P. ("Bloomberg"), brings this civil action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Proceeding under a pseudonym, plaintiff alleges that Bloomberg failed to pay proper overtime premiums to workers in its Analytics Department, and seeks unpaid overtime wages, liquidated damages, costs and attorneys' fees, as well as declaratory relief under the FLSA and NYLL. Plaintiff has filed suit on behalf of himself and others similarly situated.

      Plaintiff has two motions pending before the court. First, plaintiff moves for a protective order and leave from the court to proceed under the pseudonym "Eric Michael." (Dkt. No. 11.) While plaintiff is willing to provide his real name to Bloomberg, he refuses to do so absent an agreement from Bloomberg to keep his name confidential. Should the court grant plaintiff's request to proceed

1

pseudonymously, plaintiff additionally asks that: (1) plaintiff's identity be filed under seal with the court; (2) plaintiff's name, address, and other identifying information be supplied to Bloomberg; and (3) Bloomberg be directed not to disclose plaintiff's identity or make negative public remarks concerning plaintiff.

Second, plaintiff moves the court to approve its proposed collective action notice, pursuant to 29 U.S.C. § 216(b) of the FLSA. (Dkt. No. 8.) In his motion to approve the collective action notice, plaintiff seeks the court's authorization (1) to issue plaintiff's proposed notice to all potential class members, (Dkt. No. 10-1), (2) to issue plaintiff's proposed reminder mailing to all potential class members, (Dkt. No. 10-2), and (3) to issue plaintiff's proposed Consent to Sue form. (Dkt. No. 10-3.) Plaintiff also seeks a court order requiring Bloomberg to post the collective action notice in the workplace of potential class members, and to provide contact information, including social security numbers, for all persons employed by defendants in the Analytics Department since September 21, 2009.

For the reasons discussed below, plaintiff's motion for a protective order and leave from the court to proceed under a pseudonym is denied. Plaintiff's motion to approve the collective action notice is stayed until plaintiff files a second amended complaint identifying the plaintiff by name.

**Background**

The following facts are drawn from the First Amended Complaint (Dkt. No. 6) (the "FAC") and plaintiff's submissions made in connection with the

pending motions. The facts alleged are assumed to be true for purposes of the pending motions.

From August 2012 through January 2014, plaintiff worked in the Analytics Department at Bloomberg. Plaintiff represents a putative class of "all representatives in the Analytics Department who were not paid time and one half for hours over 40 worked in one or more weeks." FAC ¶ 9. The class includes three different job titles, which reflect varying levels of training and experience: Analytics Representatives, Analytics Specialists, and Advanced Analytics Specialists (collectively, "ADSK Reps").

The primary duty of ASDK Reps is to answer questions from Bloomberg customers regarding the operation of software running on Bloomberg terminals. These questions primarily came through electronic "Bloomberg Chat" requests initiated by Bloomberg customers through their Bloomberg terminals.

The FAC alleges that ADSK Reps are paid by salary and assigned an eight-hour shift, five days a week. According to the FAC, ADSK Reps regularly worked more than 40 hours per week, including time spent working before and after shifts and during lunch hours. The FAC further alleges that ADSK Reps were required to work from home, as well as on weekends and holidays. The FAC alleges that Bloomberg failed to pay overtime at the rate of time and a half for hours worked above 40 hours in a single workweek.

## Discussion

### I. Motion For Protective Order

Plaintiff moves for a protective order and leave to proceed under a pseudonym. Plaintiff claims that Bloomberg has publicly disparaged plaintiffs in other FLSA suits against Bloomberg, which could negatively impact plaintiff's future employment prospects. In a pseudonymous affidavit, plaintiff claims that he fears "publicity associated with the complaint will harm [his] future job prospects with other future employers." (Dkt. No. 14 at ¶ 3.) Plaintiff further claims that his "need for anonymity in the public filing to prevent a lifetime of harm outweighs any harm to the public or Bloomberg." (Dkt. No. 13 at 5.) Because plaintiff has offered to disclose his real identity to Bloomberg—subject to the issuance of a protective order prohibiting Bloomberg from disseminating plaintiff's identity to the public—plaintiff argues that Bloomberg will not be prejudiced in its ability to conduct an internal investigation of plaintiff's claims. At most, according to plaintiff, Bloomberg's prejudice will be limited to the costs involved in redacting public filings and filing documents under seal.

In opposition, Bloomberg argues that plaintiff's purported privacy concerns are vague and shared by nearly every plaintiff suing his or her employer, and that plaintiff's argument "would render every FLSA case an exceptional case justifying such secrecy in their proceedings." (Dkt. No. 22 at 8 (internal quotation marks omitted).) Bloomberg argues that, "as in any FLSA lawsuit, Bloomberg has a right to know the identity of its adversary, the

putative class and opt-in members have a right to know whether [plaintiff] will be an adequate representative for them, and the public has a 'legitimate interest in knowing the facts at issue in court proceedings.'" *Id.* (quoting *Guerrilla Girls, Inc. v. Katz*, 224 F.R.D 571, 573 (S.D.N.Y. 2004)).

Bloomberg has the better of the argument. Under Rule 10(a) of the Federal Rules of Civil Procedure, a complaint must "name all the parties." Fed.R.Civ.P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008) (internal quotations omitted). The use of pseudonyms "runs afoul of the public's common law right of access to judicial proceedings, a right that is supported by the First Amendment." *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (internal quotations omitted); *see also Doe I v. Four Bros. Pizza*, No. 13 CV 1505 VB, 2013 WL 6083414, at *9-10 (S.D.N.Y. Nov. 19, 2013) (rejecting FLSA plaintiffs' request for anonymity despite threat of retaliation from employer).

Nevertheless, courts in the Second Circuit have "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Sealed Plaintiff*, 537 F.3d at 189 (internal citations and quotation marks omitted). The central inquiry in determining whether a plaintiff may proceed pseudonymously is a balancing of a "plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Id.* The Second

5

Circuit has identified a non-exhaustive list of factors that district courts may take into consideration in balancing these interests:

> [W]hether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations and quotation marks omitted).

The Court has balanced plaintiff's possible interest in anonymity against the potential prejudice to defendants and the public's interest in disclosure, and concludes that the factors weigh in favor of denying plaintiff's motion. There is no issue here of physical retaliation or mental harm against plaintiff. Nor is this the type of unusual case involving matters of a highly sensitive or personal nature—*i.e.*, claims involving sexual orientation, pregnancy, or minor children—in which courts have justified anonymous plaintiffs proceeding pseudonymously. To depart in this case from the general requirement of

6

disclosure would be to hold that nearly any plaintiff bringing a lawsuit against an employer would have a basis to proceed pseudonymously. The court declines to reach such a holding.

It is true that plaintiff has offered to disclose his true identity to Bloomberg, as long as it remains under seal—somewhat mitigating Bloomberg's potential prejudice in investigating plaintiff's claims. But this unorthodox arrangement still runs against the public's traditional right of access to judicial proceedings, and may also preclude potential class members from properly evaluating the qualifications of the class representative. Plaintiff has not offered sufficient grounds justifying leave to proceed pseudonymously.

## II.    Motion to Approve The Collective Class Action Notice

In light of the court's denial of plaintiff's motion to proceed pseudonymously, plaintiff's motion to approve the collective action notice (Dkt. No. 8) is stayed until the filing of a second amended complaint identifying the plaintiff by name.

### Conclusion

The court denies plaintiff's motion for a protective order and leave to proceed pseudonymously. Plaintiff is directed to file a second amended complaint identifying the plaintiff by name within 30 days of the date of this opinion. The second amended complaint shall otherwise be identical to the first amended complaint. Should plaintiff not file a second amended complaint identifying plaintiff by name before this deadline, the court will dismiss the FAC without prejudice.

This opinion resolves item 11 on the docket.

SO ORDERED.

Dated:  New York, New York
        February 11, 2015

_____
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/15