UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------x
:
ERIC MICHAEL, individually and on behalf of      :
others similarly situated,                       :
                                                 :
                          Plaintiffs,            :          14-cv-2657 (TPG)
                                                 :
             v.                                  :          ECF CASE
                                                 :
BLOOMBERG L.P.,                                  :          **OPINION**
                                                 :
                          Defendant.             :
                                                 :
                                                 :
----------------------------------------------x

Plaintiff, a former worker in the Analytics Department at Bloomberg L.P.

("Bloomberg"), brings suit against Bloomberg under the Fair Labor Standards Act ("FLSA") and

New York Labor Law ("NYLL").  Plaintiff has filed suit on behalf of himself and others

similarly situated.

Before the Court is plaintiff's motion to conditionally certify a FLSA collective action

pursuant to 29 U.S.C. § 216(b) of the FLSA.   (Dkt. No. 8.)  Plaintiff also seeks a court order

approving plaintiff's proposed collective action notice, and requiring Bloomberg to provide

information to identify potential opt-in plaintiffs.

For the reasons set forth below, the motion is granted.

## BACKGROUND

The following facts are drawn from the Second Amended Complaint (Dkt. No. 32) (the

"Complaint"), which plaintiff filed after the court denied plaintiff's motion for a broad protective

order and for leave to proceed pseudonymously.  In its opinion denying plaintiff's motion for

1

leave to proceed pseudonymously, the court previously summarized the facts alleged here. (Dkt. No. 30.) These facts have not changed with the filing of the Second Amended Complaint, which now identifies plaintiff by name but is otherwise identical to the previously operative complaint. Nevertheless, the court recapitulates the facts here.

Plaintiff brings this case as a collective action under the FLSA. From August 2012 through January 2014, plaintiff worked in the Analytics Department at Bloomberg. Plaintiff represents a putative collective of "all representatives in the Analytics department who were not paid time and one half for hours over 40 worked in one or more weeks." Compl. ¶ 9. The collective includes three different job titles, which reflect varying levels of training and experience: Analytics Representatives, Analytics Specialists, and Advanced Analytics Specialists (collectively, "ADSK Reps"). The primary duty of ADSK Reps is to answer questions from Bloomberg customers regarding the operation of software running on Bloomberg terminals. These questions primarily came through "Bloomberg Chat" requests initiated by Bloomberg customers through their Bloomberg terminals.

According to the Complaint, ADSK Reps regularly worked more than 40 hours per week, and were required to work, without overtime pay, before and after their shifts and during lunch hours. The Complaint further alleges that ADSK Reps were required to work from home, as well as on weekends and holidays, without receiving overtime pay.

## DISCUSSION

The FLSA regulates minimum and overtime wages paid by employers engaged in interstate commerce, among other practices. *Grochowski v. Phoenix Const.*, 318 F.3d 80, 87 (2d Cir. 2003). The statute affords workers a right to sue on behalf of themselves and "other

2

employees similarly situated" for violations of the minimum wage and overtime provisions of the FLSA. *See* 29 U.S.C. § 216(b).

Courts in this circuit follow a two stage certification process for FLSA collective actions: first, on the initial motion for conditional class certification, and second, after discovery. *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010). At this first stage, the burden is on plaintiff to show that he and potential opt-in plaintiffs are similarly situated. *E.g.*, *Kim Man Fan v. Ping's On Mott, Inc.*, 13 Civ. 4939, 2014 WL 1512034, at *1 (S.D.N.Y. Apr. 14, 2014). However, this burden is minimal, because after discovery, courts look to the record to determine whether opt-in plaintiffs are truly similarly situated to the name plaintiffs; if not, the action may be "de-certified" and the opt-in claims may be dismissed. *Myers*, 624 F.3d at 555; *Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326, 2013 WL 494020, at *3 (S.D.N.Y. Feb. 7, 2013).

To meet this low threshold at the first stage, plaintiffs need only make a "modest factual showing that [he] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555. Plaintiff may "accomplish this by making some showing that there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions." *Id.* Although this "modest factual showing cannot be satisfied simply by unsupported assertions, ... it should remain a low standard of proof because the purpose of this first stage is merely to determine whether similarly situated plaintiffs do in fact exist." *Id.* (internal citation omitted).

Because the determination that plaintiffs are similarly situated is merely preliminary, courts typically grant conditional certification. *Amador*, 2013 WL 494020, at *3. And, in reviewing a request for conditional certification, the court need not evaluate the underlying

3

merits of plaintiff's claims. *See Indergit v. Rite Aid Corp.*, No. 08 Civ. 9361, 2010 WL 2465488, at *4 (S.D.N.Y. Jun. 16, 2010).

At this point in the litigation, plaintiff has satisfied his minimal burden of showing that he is "similarly situated" to the proposed collective members. In addition to the allegations in the Complaint, the affidavit submitted by plaintiff in support of his motion demonstrates that he is similarly situated to other ADSK Reps. Plaintiff and other ADSK Reps share similar workplace responsibilities, the same location of employment, and similar salary and overtime practices. This showing is all that is required under § 216(b).

In opposition, Bloomberg urges the court to hold that the ADSK Reps who would be potential opt-in plaintiffs are subject to certain exemptions from the FLSA. Bloomberg claims that these potential plaintiffs are subject to the "administrative exemption," which exempts from FLSA coverage salaried workers earning at least $455 per week "[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or employer's customers" and "includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(2)-(3). Bloomberg also claims that some or all the potential opt-in plaintiffs are subject to the "computer exemption," which exempts from the FLSA overtime requirements "any employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose primary duty" involves certain aspects of computer systems or programs. 29 U.S.C. § 213(a)(17).

Bloomberg's arguments are unavailing, and misconstrue the scope of inquiry at this preliminary stage. As another court in this district recently noted in a similar case involving Bloomberg, "the possible existence of exemptions is a merits issue that is not relevant at the

conditional certification stage." *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 160-62 (S.D.N.Y. 2014). If the court were to hold that "the mere existence of possible exemptions could defeat conditional certification, 'no FLSA action that is premised upon an alleged misclassification under [an] exemption could be resolved through the collective action process, thereby defeating the stated purpose of the FLSA and wasting judicial resources by requiring courts to consider each individual plaintiff's claim in a separate lawsuit.'" *Id.* (*quoting Indergit*, 2010 WL 2465488, at *9).

There are indeed cases that have held that the existence of possible FLSA exemptions is relevant to the analysis of whether employees are similarly situated. But such cases generally address certification of a collective action *after* the completion of discovery, or involve a nationwide class. *E.g., Romero v. H.B. Automotive Group, Inc.*, No. 11 Civ. 386, 2012 WL 1514810, at *7 (S.D.N.Y. May 1, 2012); *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469 (S.D.N.Y. 2010). Such cases are simply not relevant to the potential collective at issue in plaintiff's proposed notice.

### A. Notice to Former Employees

After conditionally certifying a group of FLSA plaintiffs, a court has broad discretion to implement § 216(b) by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to join the litigation as represented members. *See Myers*, 624 F. 3d at 554.

Plaintiffs have submitted a proposed notice to the court. The proposed notice describes the litigation as follows:

> The lawsuit claims that Bloomberg failed to pay the Plaintiffs overtime premium pay at the rate of time and one half for those work weeks where they worked in excess of forty hours in violation of the Federal Fair Labor Standards Act. The lawsuit seeks back pay and liquidated damages. Bloomberg does not agree that it violated the law and the Judge who will hear the case has not made any decision yet about who is right.

(Dkt. No. 10-1 at Ex. A.)  The proposed notice further advises potential plaintiffs that they may join the current lawsuit against Bloomberg and that if they elect to join the litigation, then they must fill out a consent form, which is included in the notice mailing, and send the completed form to plaintiff's counsel.  The notice also advises potential plaintiffs that in the event that they elect not to join the litigation, they will not be bound by any judgment or settlement in the case.

Bloomberg claims that plaintiff's proposed notice is "not neutral" and must be modified. (Dkt. No. 24 at 18.)  Bloomberg argues that the proposed notice should be modified so that it (1) identifies Bloomberg's attorneys and not only plaintiff's attorneys; (2) provides that potential opt-in plaintiffs send their consent forms to the Clerk of the Court and not to plaintiff's counsel; and (3) informs putative opt-in plaintiffs that they may be required to participate in pre-trial discovery.

As plaintiff rightly points out, plaintiff's proposed notice is comparable to the notices that have been approved by courts in this district in similar FLSA cases against Bloomberg.  *See, e.g., Siegel v. Bloomberg*, No. 13 Civ. 1351 (Cote, J.) (Dkt. No. 26); *Jackson v. Bloomberg*, No. 13 Civ. 2001 (Oetken, J.) (Dkt. No. 31).  The court sees no reason to depart from these precedents here.  The court approves plaintiff's proposed notice.

### B.  Disclosure of Employee Information

Plaintiff seeks expedited disclosure by Bloomberg of the names, last known addresses, mailing addresses, alternate addresses, email addresses, employee number, telephone numbers, dates of employment, dates of birth, and social security numbers of all potential opt-in plaintiffs so that plaintiff may send them the proposed notice and consent form.  Plaintiff also seeks a court order requiring Bloomberg to post the collective action notice in the current workplace of ADSK Reps.

Numerous courts have found that discovery of employees' basic contact information is appropriate at this stage. *E.g., Chhab v. Darden Restaurants, Inc.,* No. 11 Civ. 8345, 2013 WL 5308004, at \*15 (S.D.N.Y. Sept. 20, 2013) (*citing Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 327 (S.D.N.Y. 2011)). However, privacy concerns have precluded courts from ordering the disclosure of certain personal information, including telephone numbers and social security numbers, absent a showing that a large number of the initial mailings have been returned as undeliverable. *E.g., Delaney v. Geisha NYC, LLC,* 261 F.R.D. 55, 60 (S.D.N.Y. 2009). Similarly, absent a showing that a significant number of notices were returned as undeliverable, courts have refused to require posting of a collective action notice in the workplace. *E.g., Hernandez v. Merrill Lynch & Co.*, No. 11-cv-08472, 2012 BL 90437, at \*7-8 (S.D.N.Y. Apr. 6, 2012); *Fippins v. KFMG LLF*, No. 11 Civ. 0377, 2012 BL 50557, at \*15 (S.D.N.Y. Jan. 3, 2012).

The court therefore directs Bloomberg to produce to plaintiff the names, dates of employment, last known addresses, employee numbers, and email addresses of all potential plaintiffs who have worked as ADSK Reps at Bloomberg within the 3 years preceding the notice issuance date. *See Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187, 2014 WL 4593944, at \*7 (S.D.N.Y. Sept. 15, 2014) (finding that when willful violations of the FLSA are alleged, "a three year limitations is appropriate"). However, Bloomberg need not produce social security numbers, dates of birth, or telephone numbers. And, at this early juncture—with no showing that many notices have been returned as undeliverable—Bloomberg will not be required to post the collective action notice in the workplace, or to produce employees' social security numbers or dates of birth.

After plaintiff has received the requested information from Bloomberg, the notice and consent form shall require potential plaintiffs to consent to join the collective action within 60 days of the notice mailing date. *See Chhab*, 2013 WL 5308004, at *16. Most courts in this district have found that in a FLSA collective action, a 60-day period for potential plaintiffs to join the litigation is sufficient. *Id.* (citing *Diaz v. S & H Bondi's Department Store*, No. 10 Civ. 7676, 2012 WL 137460, at *8 (S.D.N.Y. Jan. 18, 2012)). If a potential plaintiff does not return the consent form to plaintiff's counsel during the 60-day period, then the potential plaintiff will not be a member of the collective action.

## CONCLUSION

The court (1) conditionally certifies this action as a collective action pursuant to § 216(b) of the FLSA, (2) authorizes the issuance of plaintiff's proposed notice to potential opt-in plaintiffs, and (3) orders defendants to provide the requested information—with the exception of social security numbers, dates of birth, and telephone numbers—for all persons employed by Bloomberg within 3 years preceding the date that the collective action notice is issued. Plaintiff may send the notice by email and may distribute a reminder notice before the end of the opt-in period, but Bloomberg need not post the notice in the workplace.

8

This opinion resolves the motion listed as item 8 on the docket.

SO ORDERED.

Dated:   New York, New York
         April 17, 2015

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/15