UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC MICHAEL ROSEMAN, ALEXANDER LEE, and
WILLIAM VAN VLEET, individually and on
behalf of others similarly situated,

                Plaintiffs,

V.

BLOOMBERG L.P.,

                Defendant.

Case No.: 1:14-cv-02657-TPG

**THIRD AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

## INTRODUCTION

1. This is a Fair Labor Standards Act (FLSA) collective action and a Rule 23 class action complaint under the New York Labor Law and the California Labor Code brought to remedy Defendant Bloomberg L.P.'s unlawful refusal to pay overtime at the rate of time and one half to all representatives in the Analytics department.

2. Plaintiffs seek unpaid overtime wages, liquidated damages, costs and attorneys' fees as well as declaratory relief under the FLSA, 29 U.S.C. §201 *et seq.*; the New York Labor Law §§652, 663 and implementing regulations including but not limited to 12 NYCRR part 142; California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq., and the California Labor Code and related regulations, Cal Labor Code §§ 201-203, 218.6, 510, and 1194, Cal. Wage Order No. 4-2001.

## JURISDICTION

3. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

4.   This Court has supplemental jurisdiction over state claims raised by virtue of 28 U.S.C. §1367(a).

**VENUE**

5.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendant resides in this District.

**PARTIES**

    **A.   Plaintiffs**

1.   Plaintiff ERIC MICHAEL ROSEMAN, was an employee of Defendant in New York City. A Consent to Sue for this named Plaintiff was filed on April 14, 2014 attached to the original complaint.

2.   Plaintiff ROSEMAN is a resident of New York.

3.   Plaintiff ALEXANDER LEE was an employee of Defendant in New York City. A Consent to Sue for this named Plaintiff was filed on May 29, 2015. Dkt. No. 46-1 p. 5.

4.   Plaintiff LEE is a resident of New York.

5.   Plaintiffs LEE and ROSEMAN represent a class of "all representatives in the Analytics Department in New York who were not paid time and one half for hours over 40 worked in one or more weeks."

6.   Plaintiff WILLIAM VAN VLEET was an employee of Defendant in San Francisco, California. A Consent to Sue for this named Plaintiff was filed on June 19, 2015. Dkt. No. 59-3.

7.   Plaintiff VAN VLEET is a resident of California.

8.   Plaintiff VAN VLEET represents a class of "all representatives in the Analytics department who worked in California and were not paid time and one half for hours over

40 worked in one or more weeks or hours over eight worked in one or more days" and a subclass of ""all California Class Members who are no longer employed by Defendants and have not been employed by Defendants for more than 72 hours and who did not receive lawful overtime compensation and other premiums upon separation from employment."

9. Plaintiffs were engaged in commerce while working for Defendant.

10. The term "Plaintiffs" as used in this complaint refers to the named Plaintiff, any additional represented parties pursuant to the collective action provision of 29 U.S.C. §216(b), and to such members of the class brought pursuant to Fed. R. Civ. P. Rule 23, as described below, individually, collectively, or in any combination.

B. **Represented Parties Under the FLSA**

11. Plaintiffs bring this case as a collective action for class members consisting of "all representatives in the Analytics Department who were not paid time and one half for hours over 40 worked in one or more weeks" within the three years preceding the filing of a consent to sue by such individual and the date of final judgment in this matter.

12. The class consists of individuals who worked in the Analytics Department anywhere in the United States, including New York and California.

C. **Class Plaintiffs Under the New York Overtime Law**

13. Plaintiffs LEE and ROSEMAN bring this case as a Rule 23 Class Action for class members consisting of "all representatives in the Analytics Department in New York who were not paid time and one half for hours over 40 worked in one or more weeks" at any time within the six years preceding the filing of this Complaint and the date of final judgment in this matter ("New York Class").

14. Excluded from the New York Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who had at any time during the six years prior to the filing of the complaint, a controlling interest in Defendant's business; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the class. Also excluded from the New York Class are people whose claims are barred by the applicable statute of limitations.

15. Upon information and belief, the class is composed of more than a hundred individuals.

16. There are questions of law and fact common to the class, including but not limited to whether the Plaintiffs were entitled to overtime premium pay, whether the Defendant knew or should have known that Plaintiffs worked off the clock, whether the Defendant gave Plaintiffs "comp time" in lieu of overtime.

17. The claims of the named Plaintiffs are typical of the claims of the class.

18. The named Plaintiffs and their counsel will adequately protect the interests of the class.

19. Common questions of law or fact predominate over individual questions and a class action is superior to other methods for the fair and efficient adjudication of the controversy.

     **D.**    **Class Plaintiffs Under the California Law**

20. Plaintiff VAN VLEET brings this case as a Rule 23 Class Action for class members consisting of "all representatives in the Analytics Department in California who were not paid time and one half for hours over 40 worked in one or more weeks or hours

over 8 worked in one or more days" at any time within the four years preceding the filing of this Complaint and the date of final judgment in this matter. ("California Class").

21. Plaintiff Van Vleet also brings this action as a Class Action pursuant to Rule 23 on behalf of a California Waiting Time Penalties Subclass consisting of "all California Class Members who are no longer employed by Defendant and have not been employed by Defendant for more than 72 hours and who did not receive lawful overtime compensation and other premiums upon separation from employment." ("California Waiting Time Penalties Subclass").

22. Excluded from the California Class and the California Waiting Time Penalties Subclass are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who had at any time during the four years prior to the filing of the complaint, a controlling interest in Defendant's business; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the class. Also excluded from the California Class are people whose claims are barred by the applicable statutes of limitation.

23. Upon information and belief, the California Class is composed of more than a forty individuals.

24. There are questions of law and fact common to the California Class, including but not limited to whether the Plaintiffs were entitled to overtime premium pay, whether the Defendant knew or should have known that Plaintiffs worked off the clock, whether the Defendant gave Plaintiffs "comp time" in lieu of overtime.

25. The claims of the named Plaintiff are typical of the claims of the California Class.

26. The named Plaintiff and their counsel will adequately protect the interests of the California Class.

27. Common questions of law or fact predominate over individual questions for the California Class and a class action is superior to other methods for the fair and efficient adjudication of the controversy.

28. Upon information and belief, the California Waiting Time Penalties Subclass is composed of more than forty individuals.

29. There are questions of law and fact common to the California Waiting Time Penalties Subclass, including but not limited to whether Defendant's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates the law and warrants waiting time penalties under Cal. Labor Code §§ 200, 201, 202, and 203.

30. The claims of the named Plaintiff are typical of the claims of the California Waiting Time Penalties Subclass.

31. The named Plaintiff and their counsel will adequately protect the interests of the California Waiting Time Penalties Subclass.

32. Common questions of law or fact predominate over individual questions for the California Waiting Time Penalties Subclass and a class action is superior to other methods for the fair and efficient adjudication of the controversy.

 **E.** **Defendant**

33. Defendant BLOOMBERG L.P. is a Delaware company registered in New York. The Defendant lists its business address as 731 Lexington Avenue, New York, New York 10022.

34. Defendant's business is a multinational mass media corporation that provides financial software tools such as analytics and equity trading platforms, data services and news to financial companies and organizations around the world through the Bloomberg Terminal.

35. Defendant's Analytics Department is situated in New York City, New York and San Francisco, California.

36. Upon information and belief, Defendant grossed more than $500,000 in the past fiscal year.

37. Defendant operates an enterprise engaged in commerce within the meaning of the FLSA.

**FACTS**

38. Plaintiffs ROSEMAN, LEE, and VAN VLEET were employed by Defendant.

39. Plaintiff ROSEMAN was employed by Defendant in New York City.

40. Plaintiff ROSEMAN began his work in the Analytics Department on approximately August 13, 2012 in New York City. He worked in that position until his employment ended on approximately January 23, 2014.

41. Plaintiff LEE was also employed by Defendant in New York City.

42. Plaintiff LEE began his work in the Analytics Department on approximately April 11, 2011 in New York City. He worked in the Analytics Department until approximately September 5, 2012, when he transferred to the Sales Department, where he worked until his employment with Bloomberg ended on approximately October 25, 2014.

43. Plaintiff VAN VLEET was employed by Defendant in San Francisco.

44. Plaintiff VAN VLEET began his work in the Analytics Department on approximately July 15, 2013 in San Francisco. He worked in the Analytics Department until approximately September 16, 2014, when his employment with Bloomberg ended.

45. Plaintiffs were primarily employed by Defendant to respond to requests for assistance regarding how to use proprietary Bloomberg software operating on the Bloomberg Terminal.

46. These help requests primarily came through "Bloomberg Chat" requests initiated by Bloomberg customers through their Bloomberg Terminals.

47. Plaintiffs handled up to three or more "chats" simultaneously, while maintaining an ongoing "floor chat" - a conversation with all other on-duty representatives and supervisors.

48. Plaintiffs generally have the position title of "Representative", "Specialist," and "Advanced Specialist" within the Analytics Department.

49. Plaintiffs regularly worked more than 40 hours per week and more than 8 hours a day for Defendant.

50. Plaintiffs were generally scheduled for five eight-hour shifts (nine hours with an unpaid lunch hour during the work day).

51. Plaintiffs were required to be at work before their shift began to log into Defendant's computer system.

52. Plaintiffs were required to work past the end of their shifts to complete jobs.

53. Plaintiffs were required to work during their lunch hours to complete jobs.

54. Defendant knew or should have known that Plaintiffs worked at home to study for various certification exams and to learn about different issues regarding the Bloomberg software.

55. Defendant knew or should have known that Plaintiffs worked beyond their shift.

56. Defendant suffered or permitted Plaintiffs to work for its benefit off the clock hours outside their shift.

57. Defendant failed to set up a time-keeping system that would record all the hours that Plaintiffs performed.

58. Defendant failed to record the exact hours of work Plaintiffs performed.

59. Defendant did not ask Plaintiffs to record the hours of work they performed for Defendant off-site.

60. Defendant required Plaintiffs to work on weekends and holidays in addition to their regular shifts, for which Defendant failed to pay overtime, but for which it allowed Plaintiffs to take "comp time" in a later pay week, under various restrictive conditions.

61. Prior to beginning work, Defendant communicated to Plaintiffs that they would be required to work five eight-hour shifts per week, for which they would be paid a salary.

62. Defendant paid Plaintiffs a salary rate for five eight-hour work shifts.

63. The salary paid to Plaintiffs by Defendant was intended to cover a forty hour workweek.

64. Defendant failed to pay Plaintiffs overtime compensation at the rate of time and one-half for all hours worked over 40 in a workweek.

65. Defendant failed to pay Plaintiffs any compensation for their hours over 40 worked in a work week.

66. Defendant failed to pay Plaintiff VAN VLEET and California Class Members overtime compensation at the rate of time and one-half for all hours worked over 8 hours in a day.

67. Plaintiff VAN VLEET's employment with Defendant ended on or about September 16, 2014.

68. Defendant did not pay Plaintiff VAN VLEET or the California Waiting Time Penalties Subclass their earned wages within 72 hours of their separation from Bloomberg.

69. Defendant's conduct as described herein was willful and has caused significant damages to Plaintiffs.

70. All actions and omissions described in this complaint were made by Defendant directly or through its supervisory employees and agents.

**CAUSES OF ACTION**

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act:
### Brought by Plaintiffs on Behalf of Themselves and the FLSA Class

71. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

72. Defendants engaged in a pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

73. Defendant failed to pay premium overtime wages to the Plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. §203, 207 et seq. and its implementing regulations.

74. Defendant's failure to comply with the FLSA caused Plaintiffs to suffer loss of wages and interest thereon.

75. Defendant's failure to pay proper premium overtime wages for each hour worked over 40 per week was willful within the meaning of 29 U.S.C. §255.

76. Plaintiffs, on behalf of themselves and the FLSA Class, seek damages in the amount of their respective unpaid overtime compensation, an equal amount as liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

77. Plaintiffs, on behalf of themselves and the FLSA Class, seek recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Wages Due Under the New York Labor Law:**
**Brought by Plaintiffs Roseman and Lee on Behalf of Themselves**
**and the New York Class**

78. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

79. Defendant has engaged in a pattern, policy, and practice of violating New York Labor Law Articles 6 and 19 and their implementing regulations, as detailed in this Class Action Complaint.

80. Defendant failed to pay premium overtime wages to the named Plaintiffs and New York Class members in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, including but not limited to 12 NYCRR Part 142.

81. Defendant's failure to pay proper premium overtime wages for each hour worked over 40 per week was willful within the meaning of New York Labor Law §662.

82. Defendant's failure to comply with the NY Labor Law minimum wage and overtime protections caused the New York Class to suffer loss of wages and interest thereon.

83. Plaintiffs, on behalf of themselves and the New York Class, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the New York Labor Law, interest, and such other legal and equitable relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
### Failure to Pay Overtime Wages Due Under California Law:
### Brought by Plaintiff Van Vleet on Behalf of Himself and the California Class

84. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

85. Plaintiff Van Vleet and the California Class are entitled to overtime compensation for overtime work performed for Defendant.

86. Pursuant to California Labor Code, sections 510 and 1194, Van Vleet and the California Class seek the payment of all overtime compensation which they earned and accrued during the time period that commences four years prior to the filing of this action through the judgment date.

87. Additionally, Van Vleet and the California Class are entitled to attorneys' fees, and costs, pursuant to California Labor Code, section 1194 and prejudgment interest, pursuant to California Labor Code § 218.6.

### FOURTH CAUSE OF ACTION
### Failure to Pay Wages of Terminated or Resigned Employees:
### Brought by Plaintiff Van Vleet on Behalf of Himself and the California Waiting Period Subclass

88.  Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

89.  Upon ending employment with Defendant, Plaintiff Van Vleet and other members of the California Class who were terminated or resigned were entitled to be promptly paid lawful overtime compensation and other premiums, as required by California Labor Code, §§ 201-203.

90.  Defendant failed to pay Plaintiff Van Vleet and the California Waiting Period Subclass lawful overtime compensation and other premiums, as required by California Labor Code, §§ 201-203.

91.  Pursuant to California Labor Code, § 203, Van Vleet and the California Waiting Period Subclass seek payment of penalties in the amount of up to 30 days of wages.

92.  Additionally, Van Vleet and the California Waiting Period Subclass are entitled to attorneys' fees and costs, pursuant to California Labor Code, § 203, and prejudgment interest, pursuant to California Labor Code § 218.6.

### FIFTH CAUSE OF ACTION
### Violations of the Unfair Competition Law:
### Brought by Plaintiff Van Vleet on Behalf of Himself and the California Class

93.  The failure to pay lawful overtime compensation, rest and meal period pay, and timely pay all wages due upon termination of employment to Van Vleet and the California Class is an unlawful and unfair business practice within the meaning of Business and Professions Code § 17200, et seq., including but not limited to a violation of the applicable State of California Industrial Welfare Commission Wage Orders, regulations and statutes. These practices are unfair and unlawful, in part because

Defendant did not pay tax contributions on the accrued overtime compensation in the form of FICA, Social Security, Medicare and Unemployment Insurance.

94. This cause of action is brought under Business and Professions Code §§ 17203 and 17204, commonly called the Unfair Competition Law. Under this cause of action and pursuant to Business and Professions Code § 17208, Van Vleet and the California Class seek restitution of overtime wages and rest and meal period pay owed and where applicable, the penalties which are provided under the California Labor Code § 203, where such wages and penalties were due, commencing four (4) years prior to filing of this complaint, according to proof.

95. This cause of action is brought as a cumulative remedy as provided in Business and Professions Code § 17205 and is intended as an alternative remedy for restitution for Van Vleet and the California Class for the time period, or any portion thereof, commencing four years prior to the filing of this action and continuing through the judgment date, and as the primary remedy for the time period of the fourth year prior to the filing of this complaint, as such one year time period exceeds the statute of limitations on statutory wage claims.

96. As a result of Defendant's unlawful and unfair business practice of failing to pay overtime and prompt payment of wages in violation of the California Labor Code §§ 201 and 202, Plaintiff Van Vleet and the California Class have suffered damages and are entitled to restitution in an amount according to proof and injunctive relief pursuant to Business and Professions Code § 17203.

97. Further, Plaintiff Van Vleet and the California Class request Defendant's violations alleged herein be enjoined, and other equitable relief as this Court deems

proper including payment for all hours worked and requiring and furnishing rest and meal periods and requiring payment by Defendant of tax contributions on the accrued overtime compensation in the form of FICA, Social Security, Medicare, Unemployment Insurance, or other appropriate payments.

WHEREFORE, Plaintiffs request that this Court enter an order:

    A.    Declaring that the Defendant violated the Fair Labor Standards Act, the New York Labor Law, the California Unfair Competition Law and the California Labor Law;

    B.    Declaring that the Defendant's violations of overtime protections were willful;

    C.    Granting judgment to the Plaintiffs for their claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages and awarding the Plaintiffs' costs and reasonable attorneys' fees;

    D.    Granting judgment to the California Plaintiffs for their claims of overtime pay, meal and rest break, and wage payment provisions as secured by the California Labor Law and the California Unfair Competition Law as well as an equal amount (or at a rate set by statute) in liquidated damages and awarding the Plaintiffs' costs and reasonable attorneys' fees;

    E.    Granting judgment to the New York Plaintiffs for their claims of unpaid wages as secured by the New York Labor Law as well as an equal amount (or at a rate set by statute) in liquidated damages and awarding the Plaintiffs' costs and reasonable attorneys' fees;

F. Enjoining Defendant from any further violation of the New York Labor Law;

G. Enjoining Defendant from any further violation of the California Labor Code and California Unfair Competition Law, and

F. Granting such further relief as the Court finds just.

Dated: March 22, 2016

Respectfully Submitted,

Dan Getman (DG4613)
Getman Sweeney PLLC
9 Paradies Lane
New Paltz, NY 12561
(845) 255-9370

ATTORNEYS FOR PLAINTIFFS