UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERIC MICHAEL ROSEMAN, ALEXANDER
LEE and WILLIAM VAN VLEET, individually :
and on behalf of others similarly situated,

                              Plaintiffs,

        -against-                          **MEMORANDUM AND ORDER**

BLOOMBERG L.P.,                          14-CV-2657 (TPG) (KNF)

                              Defendant.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Before the Court is the defendant's motion, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for a protective order barring the plaintiffs from deposing their counsel, Matthew Asman ("Asman") and Thomas Golden ("Golden"). The plaintiffs oppose the motion.

***Defendant's Contentions***

      The plaintiffs served notices of deposition on the defendant's counsel Asman and Golden. The defendant contends that the plaintiffs "confirmed their intention to probe Messrs. Asman and Golden regarding privileged and work-product matters, such as attorney-client communications and their mental impressions." In an e-mail message to the defendant's counsel, dated April 8, 2016, the plaintiffs' counsel stated:

> I understand Bloomberg to be asserting a limitation defense, and thereby claiming that it did not act willfully (for FLSA and state law purposes). If I misunderstand your defense, please advise. Mr. Asman and Mr. Golden advised Bloomberg and participated in overtime pay decisions for a long time, including during the period covered by this case. I don't know anyone else who can speak as clearly to the issue, particularly as these lawyers made many, if not most, of the relevant decisions.

The defendant asserts that it did not waive its attorney-client privilege or work-product protection merely by denying the plaintiffs' allegations that the defendant acted willfully in violating the Fair Labor Standards Act ("FLSA"), while not injecting any new legal or factual issue into the action, and the plaintiffs' mischaracterization of the defendant's denial of willfulness as an affirmative defense is "a flawed effort to shift the burdens and support their waiver argument." The defendant maintains that it does not intend to rely on the advice of counsel or any other state-of-mind evidence or assert an affirmative good faith defense in defeating the plaintiffs' willfulness claim. According to the defendant, the plaintiffs' reliance on Enea v. Bloomberg L.P., 12-CV-4656, 2015 WL 4979662 (S.D.N.Y. Aug. 20, 2015), is misplaced because in that case the defendant asserted good faith and denied willfulness, and the court focused on the good faith defense because the issue was "whether privilege would be waived by Bloomberg's use of affirmative evidence of good faith." Since the defendant will not put in any affirmative evidence on the issue, the reasoning in Enea does not apply. Moreover, the defendant's assertion of the statute of limitation defense does not transform its denial of willfulness into an affirmative defense. The defendant contends that the plaintiffs should not be permitted to depose its counsel to obtain information regarding the defendant's communications with the United States Department of Labor ("DOL") because the defendant produced communications relevant to "ADSK Representatives," the position at issue, making the depositions unnecessary. If the plaintiffs seek any additional information, they can meet and confer with the defendant.

*Plaintiffs' Contentions*

The plaintiffs assert that the defendant "has filed an affirmative defense that it did not act willfully by failing to pay Analytics Representatives overtime pay" in its "Answer to Second

Amended Complaint, Doc. 34 at p.8, Second Defense."[1] According to the plaintiffs, "the FLSA statute of limitation (2 or 3 years) is an affirmative defense," and "[t]o respond to that affirmative defense," they noticed depositions of the defendant's in-house counsel. The plaintiffs contend that the defendant "is collaterally estopped from relitigating the issue of whether its assertion of an affirmative defense of limitation waives privilege." According to the plaintiffs, the court ruled in <u>Enea v. Bloomberg L.P.</u>, No. 12-CV-4656, 2015 WL 4979662 (S.D.N.Y. Aug. 20. 2015), that the defendant "could not both assert a lack of willfulness defense and prevent Plaintiffs from accessing documents related to whether Bloomberg had knowledge of its wage hour obligations contrary to its position." Thus, the court's finding in <u>Enea</u> that, "by asserting a lack of willfulness defense Bloomberg had injected issues which implicitly waived privilege, represented a final determination on the merits," and the defendant failed to appeal that decision, which involved issues identical to those the defendant raises in this action. The plaintiffs assert that the issue of what the defendant knew about the legal requirements to pay overtime and whether it "deliberately disregarded the risk of violating the law by failing to pay nearly every position in the company overtime" are central to the question of willfulness. Furthermore, the questions arise "whether Bloomberg's failure to reclassify Analytics Reps was reasonable," and "whether Bloomberg acted willfully by continuing to classify Analytics Reps as exempt from overtime." The plaintiffs maintain that "[a]ny advice obtained by Bloomberg from its counsel or others prior to 2008 will be relevant to what Bloomberg knew and did in later years" and the plaintiffs are "entitled to probe whether Bloomberg was acting willfully in 2008 after its Labor Counsel came on board and began investigating Bloomberg's FLSA obligations

---

[1] It is not clear why the plaintiffs rely on the answer to the second amended complaint, Docket Entry No. 34, when that pleading was superseded by the answer to the third amended complaint, Docket Entry No. 106. Nevertheless, the second defense in both pleadings concerns the statute of limitations.

and whether it was acting willfully in 2010 when DOL began its investigation, during the investigation, and also after that investigation concluded." The plaintiffs assert that the court in Enea ruled correctly that the defendant's "assertion of good faith and lack of willfulness inherently waived their attorney client and work product privilege about Bloomberg's knowledge of its wage hour obligations," treating good faith and lack of willfulness "indistinguishably," and the defendant asserted the same defenses here. Moreover, the defendant cannot shield non-privileged information its in-house counsel has about "what Bloomberg did to understand its wage hour obligations, what Bloomberg knew of wage hour obligations, how and what Bloomberg communicated with the U.S. DOL in the DOL audit of Bloomberg, and what Bloomberg learned through prior overtime litigation."

*Defendant's Reply*

The defendant contends that the plaintiffs' "mischaracterization of Bloomberg's denial of Plaintiffs' willfulness claim as an affirmative defense is patently wrong. Plaintiffs, not Bloomberg, bear the burden of proving willfulness," and in this circuit, "a party does not waive privilege or work-product protection by denying an allegation on which its adversary bears the burden of proof." Furthermore, the defendant will not proffer affirmative state-of-mind evidence or assert a good faith defense, unlike in Enea, where the defendant both asserted good faith and denied willfulness. The defendant's good faith defense asserted in Enea was an affirmative defense which the defendant had to prove, unlike the issue of willfulness, and it was central to the ruling in Enea. Moreover, the defendant sought to use affirmative state-of-mind evidence to support its good faith affirmative defense and to defend against the plaintiff's allegations of willfulness. The defendant asserts that Enea has no preclusive effect on the instant motion because the issue "whether a party waives privilege and work-product doctrine merely by

denying allegations upon which the opposing party bears the burden of proof" was not presented to the court in Enea, where the defendant did more than merely deny the allegations by asserting a good faith defense and seeking to advance affirmative evidence of its good faith and state of mind. Furthermore, the plaintiffs "seek non-mutual, offensive collateral estoppel" on "an isolated discovery matter that is now fully briefed," and judicial economy is not served by its application. The defendant asserts that the limited deposition of its in-house counsel should not be permitted because "the supposedly non-privileged information Plaintiffs claim they seek . . . appear in fact to constitute privileged information," and the parties should meet and confer to discuss whether alternative means exist to obtain such information.

*Collateral Estoppel Standard*

The plaintiffs assert that, "under New York state law," the defendant is "collaterally estopped from relitigating the issue of whether assertion of lack of willfulness waives attorney client privilege as to documents contrary to its assertions" because: (1) the court in Enea already "ruled that Bloomberg could not both assert a lack of willfulness defense and prevent Plaintiffs from accessing documents related to whether Bloomberg had knowledge of its wage hour obligations contrary to its position"; (2) the ruling in Enea "that by asserting a lack of willfulness defense Bloomberg had injected issues which implicitly waived privilege represented a final determination on the merits"; (3) "Bloomberg could have appealed the decision further had it wished, but decided not to do so – thus it had a full and fair opportunity to contest the decision"; and (4) "[t]he issue to be decided is identical to the issue Bloomberg raises here."

Courts "apply federal law in determining the preclusive effect of a federal judgment." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002). "[T]he doctrine of collateral estoppel has limitations to assure that the precluded issue was carefully considered in

the first proceeding." Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir. 1986). Thus, for preclusion to apply under federal law respecting collateral estoppel, a four-part test must be met:

> (1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits.

> Id.

"Under the doctrine of offensive collateral estoppel (more recently called offensive issue preclusion), a plaintiff may foreclose a defendant from relitigating an issue the defendant has previously litigated but lost against another plaintiff." S.E.C. v. Monarch Funding Corp., 192 F.3d 295, 303 (2d Cir. 1999). "The party arguing for the application of collateral estoppel has the burden of establishing all four elements." Burberry Ltd. & Burberry USA v. Horowitz, No. 14-36884, 2016 WL 1039581, at *5 (S.D.N.Y. Mar. 15, 2016); see S.E.C. v. Steinberg, No. 99-CV-6050, 2007 WL 922257, at *4 (E.D.N.Y. Mar. 26, 2007) ("Under federal law, the party moving for the application of collateral estoppel bears the burden of demonstrating that the opposing party had a full and fair opportunity to litigate the issues."). "Issue preclusion attaches only to determinations that were necessary to support the judgment entered in the first action." 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4421 (2d ed. 2002); see Block v. Commissioners, 99 U.S. 686, 693 (1878) ("[I]t is certain that a judgment of a court of competent jurisdiction is everywhere conclusive evidence of every fact upon which it must necessarily have been founded."); S.E.C., 192 F.3d at 307 ("[E]stoppel does not apply to a finding that was not legally necessary to the final [judgment]."). The "necessarily decided" requirement is commonly based on the grounds that: (a) "the tribunal that decided the first case may not have taken sufficient care in determining an issue that did not affect the result, even though the parties

vigorously litigated that issue"; and (b) "appellate review may not be available to ensure the quality of the initial decision." 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4421. In this circuit, "a difference in the burdens of proof in two proceedings can make the application of collateral estoppel improper." Cobb v. Pozzi, 363 F.3d 89, 114 (2d Cir. 2004) (citing cases applying collateral estoppel under federal law). "[N]o one set of facts, no one collection of words or phrases, will provide an automatic formula for proper rulings on estoppel pleas. In the end, decision will necessarily rest on the trial court's sense of justice and equity." Blonder-Tongue Labs. v. Univ. of Ill. Found., 402 U.S. 313, 333-34, 91 S. Ct. 1434, 1445 (1971).

Under New York law, for the collateral estoppel bar to apply, a two-part test must be met: (i) "the identical issue necessarily must have been decided in the prior action and be decisive of the present action"; and (ii) "the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." Kaufman v. Eli Lilly & Co., 65 N.Y.2d 449, 455, 492 N.Y.S.2d 584, 588 (1985). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action." Id. at 456, 492 N.Y.S.2d at 588.

*Collateral Estoppel Standard Application*

The plaintiffs do not explain why they invoked collateral estoppel "under New York state law" when they seek preclusive effect of the federal court's decision in Enea. The preclusive effect, if any, of the federal court's decision in Enea is governed by federal law respecting collateral estoppel, not New York's law respecting collateral estoppel. See Marvel Characters,

7

Inc., 310 F.3d at 286.  Contrary to what litigants sometimes believe, erroneously, see id. ("The parties agree that there is no discernible difference between federal and New York law concerning . . . collateral estoppel."), federal law respecting collateral estoppel and New York law respecting collateral estoppel differ in: (a) the number of the requirements that must be established for its application; (b) the requirements that must be established for its application; and (c) who has the burden of establishing the requirements for its application.  For example, federal law respecting collateral estoppel does not require that the identical issue necessarily decided in the prior action "be decisive of the present action," which New York law respecting collateral estoppel does, Kaufman, 65 N.Y.2d at 455, 492 N.Y.S.2d at 588.  Federal law respecting collateral estoppel places the burden on the party asserting the bar to establish all four requirements, unlike New York law respecting collateral estoppel, which places the burden on the party opposing the bar to establish "the absence of a full and fair opportunity to litigate the issue in the prior action."  Id. at 456, 492 N.Y.S.2d at 588.  Since federal law respecting the collateral estoppel doctrine, and not New York law respecting the collateral estoppel doctrine, governs the preclusive effect, if any, of the federal court's decision in Enea, and the plaintiffs' opposition to the instant motion is based on the inapplicable New York law respecting collateral estoppel, the plaintiffs did not establish that collateral estoppel bars any issue in connection with the defendant's motion.

      The plaintiffs rely on Enea to support their collateral estoppel argument, but fail to make citation to any authority for the proposition that a court's determination on the waiver of attorney-client privilege and work-product protection on a motion to compel production of documents and to answer deposition questions, in an active case, in which no final judgment on the merits has been entered, can have a preclusive effect on an issue presented in a motion, such

as this one, for a protective order. Furthermore, the plaintiffs do not make citation to any binding authority supporting their proposition that: (a) a court's determination of a pretrial discovery dispute on the issue of waiver of the attorney-client privilege and work-product protection in an active case can have a preclusive effect on a pretrial discovery dispute in another case; or (b) waiver of attorney-client privilege and work-product protection determined on a motion to compel may be necessary to support a valid and final judgment on the merits.

Notwithstanding the plaintiffs' failure to make citation to any binding authority as indicated above, the plaintiffs did not meet their burden of establishing that collateral estoppel applies under federal law respecting collateral estoppel. As required under federal law respecting collateral estoppel, the plaintiffs failed to establish that: (1) the issue in Enea and on this motion is identical; (2) the issue in the prior proceeding must have been actually litigated and actually decided; (3) the defendant had a full and fair opportunity for litigation in the prior proceeding; and (4) the issue previously litigated has been necessary to support a valid and final judgment on the merits. The plaintiffs contend that "Bloomberg is collaterally estopped from relitigating the issue of whether assertion of lack of willfulness waives attorney client privilege as to documents contrary to its assertions." However, here, unlike in Enea, which involved the plaintiffs' motion to compel "discovery concerning matters that Bloomberg asserts are protected by the attorney-client privilege and work-product doctrine," Enea, 2015 WL 4979662, at *1, the defendant seeks a protective order to bar the deposition of its counsel, based on the plaintiffs' asserted intent to inquire about what Asman and Golden "advised Bloomberg" about "overtime pay" and other matters that are subject to attorney-client privilege and work-product protection. Unlike in Enea, the defendant here neither produced a privilege log asserting attorney-client privilege and work-product protection in connection with any documents requested by the

plaintiffs nor refused to answer deposition questions on the basis of the attorney-client privilege and work-product protection. The issue the plaintiffs assert is precluded from being relitigated, namely, "whether [the defendant's] assertion of lack of willfulness waives attorney client privilege as to documents contrary to its assertions," is not identical to the issue before the Court on this motion because the instant motion does not involve document production or an assertion of lack of willfulness. Although the defendant asserted a statute of limitations affirmative defense in its answer, the burden is not on the defendant to establish lack of willfulness; rather, the "plaintiff bears the burden of proof on the issue of willfulness for statute of limitations purposes." Parada v. Banco Industrial de Venezuela, C.A., 753 F.3d 62, 71 (2d Cir. 2014) (citation and quotation marks omitted). Thus, the plaintiffs' contention that "by asserting a lack of willfulness defense Bloomberg has injected issues which implicitly waived privilege," is erroneous, because the defendant did not assert a "lack of willfulness defense" or good faith defense, unlike in Enea, where the defendant asserted a good faith defense and sought to advance affirmative evidence of its good faith and its state of mind. The denial of allegations in a complaint, including an element of a crime, let alone an element of a claim in a civil action, does not constitute a waiver of the attorney-client privilege and work-product protection. See Pritchard v. Cty. of Erie, 546 F.3d 222, 228 (2d Cir. 2008) (noting that in United States v. Bilzerian, 926 F.2d 1285, 1293 (2d Cir. 1991) the attorney-client privilege remained intact where the defendant "merely denied criminal intent but did not assert good faith or if he argued good faith only through defense counsel and the examination of witnesses.").

      The plaintiff did not establish that the issue in the prior proceeding must have been actually litigated and actually decided because the Enea action is active and no final judgment on the merits has been issued in that action at the time of this writing. Moreover, since the

determination of a discovery dispute is an interlocutory decision not appealable as of right, the defendant is not precluded from appealing that decision after the final judgment is entered in Enea. Given that the issue sought to be given preclusive effect is not identical to the issue before the Court on this motion, it follows that the defendant did not have a full and fair opportunity to litigate the instant issue in the prior proceeding. The issue previously litigated could not be said to be necessary to support a valid and final judgment on the merits, as no final judgment on the merits in Enea exists at this time. The plaintiffs failed to establish that collateral estoppel applies to bar the defendant's application for a protective order.

***Whether Good Cause Exists for a Protective Order***

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Courts have been especially concerned about the burdens imposed on the adversary process when lawyers themselves have been the subject of discovery requests, and have resisted the idea that lawyers should routinely be subject to broad discovery." In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 70 (2d Cir. 2003). In this circuit,

> the standards set forth in Rule 26 require a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship. Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted. These factors may, in some circumstances, be especially appropriate to consider in determining whether interrogatories should be used at least initially and sometimes in lieu of a deposition. Under this approach, the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices, but it is a circumstance to be considered.

> Id. at 72.

"The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." United States v. Mejia, 655 F.3d 126, 132 (2d Cir. 2011). "The attorney work product doctrine, now codified in part in Rule 26(b)(3) of the Federal Rules of Civil Procedure . . . provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." In re Grand Jury Subpoenas Dated Mar. and Aug. 2002, 318 F.3d 379, 383 (2d Cir. 2003). If the court orders discovery of documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative, "it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

Here, the plaintiffs asserted that they intend to question Asman and Golden concerning their advice to the defendant about overtime pay decisions. Moreover, the plaintiffs contend in their opposition that the purpose of deposing counsel is to ascertain from counsel: (a) what the defendant did to learn about its legal wage-hour obligations; (b) what it learned; and (c) what it did to comply with its obligations. These questions appear certain to involve privileged communications between counsel and the defendant as well as the work-product doctrine. Indeed, the plaintiffs concede that they seek privileged and protected information by arguing that the attorney-client privilege or work-product protection have been waived by the defendant. Upon considering the circumstances of this case, including the fact that the purpose of deposing the defendant's counsel is almost exclusively to elicit privileged communications and protected information, the Court finds that the defendant established good cause for the issuance of a protective order.

*Conclusion*

For the foregoing reasons, the defendant's motion for a protective order, Docket Entry No. 117, is granted.

Dated: New York, New York  
      June 17, 2016

SO ORDERED:

*[signature]*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE