UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC MICHAEL ROSEMAN, ALEXANDER LEE, and WILLIAM VAN VLEET, individually and on behalf of others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>BLOOMBERG L.P.,<br><br>       Defendant. | Case No. 14-CV-2657 (TPG) (KNF)<br><br>ECF Case<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO NYLL CLAIMS OF PLAINTIFF ERIC MICHAEL ROSEMAN** |

## I.  PRELIMINARY STATEMENT

Defendant Bloomberg, L.P. ("Bloomberg" or "Defendant") respectfully submits this Memorandum of Law in Support of its Motion for Summary Judgment seeking dismissal of the New York Labor Law ("NYLL") claims of Plaintiff Eric Michael Roseman ("Roseman").  Upon his separation from Bloomberg, Roseman signed a separation agreement in which he knowingly and voluntarily released any and all claims against Bloomberg under the NYLL in exchange for a severance payment and other benefits.  None of these material facts is disputed.  Accordingly, and as set forth more fully below, this Court should grant Bloomberg's motion for summary judgment and dismiss with prejudice Roseman's claims under the NYLL (specifically, Roseman's claims in Count II of the Third Amended Class and Collective Complaint).[1]

---

[1] Given that Plaintiffs acknowledge in their motion for class certification (*see* Dkt. 179 at p. 2, n.2) Roseman's release of his NYLL claims and now disavow Roseman's role as a Rule 23 class representative (*see id.*), Bloomberg asked Roseman to voluntarily dismiss his NYLL claims.  *See* Declaration of Matthew Lampe dated September 15, 2016 ("Lampe Decl."), Ex. A, Correspondence with Plaintiffs.  Roseman did not so release such claims, making the instant motion necessary.

## II.   RELEVANT FACTUAL BACKGROUND

From August 13, 2012 through January 24, 2014, Bloomberg employed Roseman in various positions within Bloomberg's Analytics Department.  Declaration of Regina Meehan dated September 13, 2016 ("Meehan Decl.")) at ¶ 4.  Following the termination of his employment, Roseman entered into a Separation Agreement and General Release with Bloomberg.  Lampe Decl., Ex. B., Roseman Deposition Transcript (hereinafter "Roseman Tr.") 317:15-318:10, Ex. 30; Meehan Decl. at ¶ 6, Ex. A, executed Separation Agreement and General Release (hereinafter the "Release").  Pursuant to the Release, in exchange for a cash payment and other benefits which Roseman did in fact receive (Meehan Decl. at ¶ 8), Roseman released claims against Bloomberg.  Release at ¶ 4.  Specifically, Roseman released Bloomberg from

> any and all causes of action, claims or demands up to the date of this [Release], known or unknown, including but not limited to those relating to [his] employment with [Bloomberg] and the termination thereof…for attorney's fees…wages..and under any federal, state, or local law or ordinance, including but not limited to claimed violations of…the New York Labor Law[.]

*Id.*

Before signing the Release, Roseman had the opportunity to and did in fact obtain legal advice regarding the Release from an employment attorney at Morgan, Lewis & Bockius. Roseman Tr. 318:16-319:17;[2] 356:25-357:3.  Roseman understood that, by signing the Release, he was waiving claims against Bloomberg.  *Id.* at 321:3-6.[3]  Moreover, by the terms of the Release, Roseman "acknowledge[d] and agree[d] that [his] release and waiver of rights and

---

[2] "Q. And prior to signing [the Release]…did you receive advice from any lawyer…about this Separation Agreement?  A. Yes."

[3] "Q. Did you understand by signing the agreement that you were waiving certain claims against Bloomberg?  A. Yes."

claims [was] knowing and voluntary, that [he] has been instructed to consult with an attorney…[and] given 14 days to consider" the Release.  Release at ¶14.

Notwithstanding the terms of the Release, Roseman asserts claims against Bloomberg under the NYLL (Count II).  Dkt. 103 ¶¶ 1, 13, 78-83.

### III.   ARGUMENT

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c).  Where the moving party has met its initial summary judgment burden, the nonmoving party may escape summary judgment only by demonstrating the existence of some factual issue requiring trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  There are no factual disputes regarding the Release, which contains a knowing and voluntary release by Roseman of his NYLL claims; therefore, Roseman's NYLL claims should be dismissed with prejudice.

It is axiomatic that "[r]eleases are not only valid but favored as a matter of public policy." *Simel v. JP Morgan Chase*, No. 05 CV 9750 GBD, 2007 WL 809689, at *3 (S.D.N.Y. Mar. 19, 2007); *see also Denburg v. Parker Chapin Flattau & Klimpl*, 82 N.Y.2d 375, 383, 624 N.E.2d 995, 1000 (1993) ("Strong policy considerations favor the enforcement of settlement agreements.").  Moreover, "[a]greements that purportedly release employers from liability for claims arising under the New York Labor Law overtime requirements are generally valid and enforceable." *Difilippo v. Barclays Capital, Inc.*, 552 F. Supp. 2d 417, 426 (S.D.N.Y. 2008) (granting employer's summary judgment motion as to plaintiff's New York Labor Law claims) (*citing Simel*, 2007 WL 809689, at *2).  Courts enforce releases of New York wage-and-hour claims as long as they are "clear and unambiguous on their face and…were knowingly and

voluntarily entered into and were not 'the product of fraud, duress, or undue influence.'"
*DiFilippo*, 552 F. Supp. 2d at 426 (internal citations omitted); *see also Simel*, 2007 WL 809689, at *8 ("releases are not only valid but favored as a matter of public policy").[4]

Such is the case here.  Roseman executed the Release, which contains a clear and unambiguous waiver of NYLL claims. Specifically, Roseman waived "any and all causes of action, claims or demands…relating to [his] employment with [Bloomberg]…including but not limited to claimed violations of…the New York Labor Law[.]"  Release at ¶ 4.  Roseman reviewed the document with an employment attorney prior to signing it.  Roseman Tr. 318:16-21, 356:25-357:3.  By signing, Roseman certified that he "carefully read and understood the terms of this Agreement, entered into this Agreement knowingly, voluntarily and of [his] own free will, underst[ood] its terms and significance and intend[ed] to abide by its provisions without exception." Release at p. 4.  Having been advised to consult with counsel and having in fact reviewed the Release with counsel prior to signing, Roseman could not reasonably claim that the Release was signed under duress.  *Hummel v. AstraZeneca LP*, 575 F. Supp. 2d 568, 571 (S.D.N.Y. 2008) (plaintiff's representation by counsel supported finding that release was valid and enforceable); *Nicolich v. City of New York*, No. 95 CIV. 0053 (AGS), 1996 WL 99392, at *2 (S.D.N.Y. Mar. 6, 1996) ("no evidence that the Release was the result of fraud, coercion, or other overreaching" where "Plaintiff acted on the advice of counsel.")

In short, Roseman's Release is valid and enforceable and it waived any and all NYLL claims that he may have had against Bloomberg.  Nevertheless, Roseman now seeks to pursue

---

[4] Unlike releases of claims under the Fair Labor Standards Act, NYLL claims may be released without court supervision. *See, e.g., Simel*, 2007 WL 809689, at *4-5.

claims for overtime compensation under the NYLL.  These NYLL claims fall "squarely within the scope of the [Release]," and "they are considered settled thereunder."  *See Simel*, 2007 WL 809689, at *9; *see also Difilippo*, 552 F. Supp. 2d at 427.  The Court should find that Roseman's NYLL claims were released and therefore fail as a matter of law, mandating their dismissal from this action with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, this Court should grant Bloomberg's Motion for Summary Judgment and dismiss Roseman's NYLL claims with prejudice, specifically, Roseman's claims in Count II of the Third Amended Class and Collective Action Complaint.

Dated: September 15, 2016
      New York, New York

Respectfully submitted,

JONES DAY

By: s/ Matthew W. Lampe
Matthew W. Lampe
Terri L. Chase
Kristina A. Yost
250 Vesey Street
New York, New York 10281
(212) 326-3939
mwlampe@jonesday.com
tlchase@jonesday.com
kyost@jonesday.com

*Attorneys for Defendant Bloomberg, L.P.*

NAI-1502064159v1