UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/14/2016

ERIC MICHAEL ROSEMAN, et al.,

    Plaintiffs,

v.

BLOOMBERG, L.P.,

    Defendant.

No. 14-cv-2657

**OPINION & ORDER**

    On September 13, 2016, the Court issued an order requiring plaintiffs to file motions for summary judgment, if any, by September 22, 2016. Plaintiffs timely filed a motion for partial summary judgment ("Motion for SJ") on September 22, 2016. On October 28, 2016, plaintiffs filed a letter-motion ("Motion for Leave") asking for leave to file a Supplemental Statement of Undisputed Facts and a Supplemental Declaration of Michael Russo in connection with their pending Motion for SJ. Defendant filed its opposition to plaintiffs' Motion for Leave on November 4, 2016. For the reasons discussed below, plaintiffs' Motion for Leave is denied.

    The deadline for plaintiffs to file documents in connection with their Motion for SJ expired on September 22, 2016. Plaintiffs' request to file supplemental documents on October 28, 2016 is therefore untimely. *See* Fed.

R. Civ. P. 6. The Court may, however, excuse plaintiffs' untimely request if it finds that "good cause" and "excusable neglect" exist under Federal Rule of Civil Procedure 6(b)(1)(B). Courts consider four factors in determining whether excusable neglect exists: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Although the Supreme Court explained in *Pioneer* that excusable neglect is an "elastic concept," 507 U.S. at 392, the Second Circuit has taken a "hard line" approach in applying this standard. The Second Circuit has repeatedly held that delays "attributable solely to a [party's] failure to act with diligence cannot be 'characterized as excusable neglect.'" *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 83-84 (2d Cir. 2013) (citing *Dominguez v. United States*, 583 F.2d 615, 617 (2d Cir. 1978)). Where the Court has set a clear and unambiguous deadline, a party "claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 251 (2d Cir. 1997).

Here, plaintiffs argue that their neglect was caused, at least in part, by their failure to anticipate an argument raised by defendant in an opposition, not to plaintiffs' Motion for SJ, but to plaintiffs' separate motion for class certification under Rule 23. Specifically, defendant argued that plaintiffs were

2

exempt from the relevant Fair Labor Standards Act ("FLSA") requirements because they were "financial consultants," as defined under the FLSA.

Plaintiffs argue that their failure to anticipate defendant's argument establishes "good cause" and "excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B). Regardless of whether defendant's argument is frivolous (as plaintiffs claim), it is unclear how a failure to anticipate an argument, raised in a separate and unrelated memorandum, excuses a late supplemental filing in this instance. Furthermore, without expressing any judgment on the merits of plaintiffs' underlying Motion for SJ and after reviewing plaintiffs' proposed supplemental materials, the Court does not believe the proposed supplemental materials would be probative as to whether plaintiffs are in fact exempt under the FLSA.

The Court therefore denies plaintiffs' request for leave to file a Supplemental Statement of Material Facts and a Supplemental Declaration of Michael Russo. To the extent that plaintiffs feel it necessary to rebut defendant's argument, which was raised in defendant's opposition to plaintiffs' motion for class certification, plaintiffs should do so in their reply papers in connection with that pending motion. The Court expresses no opinion as to what plaintiffs may or may not include in their reply papers in connection with their motion for partial summary judgment.

SO ORDERED.

Dated: New York, New York
November 14, 2016

_____
Thomas P. Griesa
United States District Judge