# GETMAN SWEENEY & DUNN

Getman Sweeney & Dunn, PLLC
260 Fair St.
Kingston, NY 12401
845-255-9370
fax 845-255-8649

**VIA ECF**

August 21, 2017

Hon. Denise L. Cote
U.S. District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Roseman v. Bloomberg, L.P.* 1:14-cv-02657-DLC-KNF

Your Honor:

I am counsel for the Plaintiffs in this case and, per Your Honor's order, I write to inform the Court that Plaintiffs do not request a settlement conference at this time and to provide authority arising after November 21, 2016 that is relevant to the pending motion for class certification.

In this case the Plaintiffs are employed as "Representatives" in New York City and San Francisco to work in Bloomberg's Analytics Help Desk. It is clear that the primary job of Help Desk Representatives in this case is answering chats initiated by Bloomberg's customers hitting the <Help> key in their Bloomberg Terminal keyboard twice to seek assistance when they have a question about the software running in their Terminal. Doc. No. 179, Plt. Class Cert. Mot., at pp. 11-13.[1] Bloomberg's Global Head of Analytics agrees. Bloomberg testified in accord. And Bloomberg has not identified any other duty which it claims to be the Reps' primary duty and has not identified any Rep whose primary duty it believes differs from any others. Based on this primary job duty, Bloomberg incorrectly classified Plaintiffs as exempt from overtime and failed to pay them overtime premium pay for their overtime hours. This common policy allows Plaintiffs to prosecute this case on a class-wide basis (*see* Doc. 179 at pp. 21-22 (a question of law common to the class is whether Representatives' primary duty is exempt)). Accordingly, the Court should grant Plaintiffs' motion and certify a class.

The District of Connecticut's decision in *Strauch v. Computer Scis. Corp.,* certifying California and Connecticut Rule 23 classes, is instructive here. In *Strauch,* plaintiffs worked as System Administrators (SAs) providing computer technical support to defendant's customers. Defendant argued that, because some of the SA's actual job duties were disparate, the computer and administrative exemptions under the Fair labor Standards Act and under applicable state laws would apply to some SAs and not others, precluding common proof. The court rejected

---

[1] For ease of reference, when citing to docketed court documents, Plaintiffs cite to the docket page numbers rather than the page numbers in the original documents.

Defendants' argument and certified a sub-class of Associate Professional and Professional SAs, following this Court's reasoning in *Jackson v. Bloomberg*. Specifically the court found that the employer's policy of classifying SAs as exempt from overtime pay based on their essential job functions was the "glue" that bound the class together. *See Strauch v. Computer Scis. Corp.*, 3:14-CV-956 (JBA), 2017 WL 2829652, at *28 (D. Conn. June 30, 2017) citing: *Jackson v. Bloomberg, L.P.,* 298 F.R.D. 152, 164 (S.D.N.Y. 2014).

In *Strauch* the court had difficulty discerning the job duties that appeared to be relevant to the computer exemption analysis for Senior Professional SAs and found that that the proposed sub-class of Senior Professional SAs lacked commonality. This case is different from *Strauch* in that aspect because the exemption analysis is simpler[2] and also because it is clear that Plaintiffs here had the same primary job duty: answering chats from Bloomberg's customers needing assistance with the Terminal software.

As in *Strauch,* the proof as to the primary job duty of Plaintiffs here is not individual, but collective – relying on job descriptions, Bloomberg's characterization of the job, Bloomberg's repeated admissions, Bloomberg's performance evaluation structure, Bloomberg's policies stressing the importance of working the queue by answering chats, and Bloomberg's Global Managers' testimony about what duty is the most important to Bloomberg. This class-wide evidence shows that all Reps perform the same primary job and are subject to the same supervision and evaluation of their technical customer support work. Doc. No. 179, Plt. Class Cert. Mot., Fn. 5 at pp. 13-14.

It should be noted that *Jackson v. Bloomberg,* the case that the *Strauch* court relies on, involved another group of Representatives also employed by Bloomberg to answer customer calls and who were subject to similar compensation, performance evaluation, and supervision policies as the Plaintiffs in this case. *Jackson v. Bloomberg, L.P.,* 298 F.R.D. 152 (S.D.N.Y. 2014) (certifying a Rule 23 New York class of Global Customer Support Representatives); *see also, Enea v. Bloomberg, L.P.*, 12 CIV. 4656 GBD FM, 2014 WL 1044027 (S.D.N.Y. Mar. 17, 2014) (certifying a Rule 23 New York class of Global Technical Support Representatives); *also see, Siegel v. Bloomberg, L.P.*, 13 Civ.1351 (DLC), 2015 WL 223781, at *4–5 (S.D.N.Y. Jan. 16, 2015) (Service Desk Representatives whose primary duty was to provide technical support to other Bloomberg employees were not exempt under the administrative exemption of the FLSA).

In this case, the "glue" that binds the class together is once again Bloomberg's overtime policy and its failure to compensate Representatives overtime premium pay for their overtime hours. *Strauch,* 2017 WL 2829652, at *28 (D. Conn. June 30, 2017). Accordingly, the Court should grant Plaintiffs' motion to certify a class.

Respectfully,

*/s/* Artemio Guerra

cc: Counsel of Record via ECF

---

[2] Bloomberg asserts only that Plaintiffs were exempt under the administrative exemption. Despite extensive briefing of the computer exemption by Plaintiffs in their motion for partial summary judgment (*see, e.g.*, Dkt. No. 229 at Section II.B), Bloomberg failed to respond to Plaintiffs' argument and has thus abandoned that affirmative defense.