# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-8338
mwlampe@JonesDay.com

August 21, 2017

<u>VIA ECF</u>

The Honorable Denise L. Cote
United States District Court, Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

      Re:    <u>Roseman v. Bloomberg, L.P.</u>, 14-cv-02657 (DLC) (KNF)

Dear Judge Cote:

    We write, pursuant to Your Honor's Order dated August 16, 2017, to provide additional authority arising after November 21, 2016 which we believe is relevant to Plaintiffs' pending motion for class certification (Dkt. 166) (the "Motion").

    Two recent Rule 23 decisions in exemption cases further demonstrate that where, as here, class member duties vary in ways that impact the exemption analysis, individual issues predominate and class certification should be denied. In <u>Scott v. Chipotle Mexican Grill, Inc.</u>, 2017 WL 1287512 (S.D.N.Y. Mar. 29, 2017), the court denied plaintiffs' motion to certify state law classes of Apprentices because individual issues would predominate in determining each class member's exempt status. Although Apprentices performed a "similar" "range of managerial tasks…[and] manual labor tasks," plaintiffs and the opt-ins each performed a different mix of tasks, such that "individualized proof [would] be needed to establish each class member's entitlement to relief." <u>Id.</u> at *4. In so finding, the court also granted Chipotle's motion to decertify the conditionally certified FLSA opt-in class because the "myriad of accounts from opt-in plaintiffs and named plaintiffs" undercut any finding that they were similarly situated. <u>Id.</u> at *8.[1]

    Similarly, in <u>Smith v. Red Robin Int'l</u>, 2017 WL 1198907 (S.D. Cal. Mar. 31, 2017), the court denied plaintiffs' motion to certify a class of Red Robin managers because plaintiffs failed to demonstrate predominance or commonality. Although the job description identified common tasks, "whether the Managers actually performed [non-exempt] duties to such an extent that there

---

[1] This decision also further supports Bloomberg's Motion to Decertify the Conditionally Certified Fair Labor Standards Act Opt-In Class (Dkt. 198).

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Honorable Denise L. Cote
August 21, 2017
Page 2

[sic] positions were misclassified as exempt is not subject to common proof," and thus common issues did not predominate. Id. at *3.

Here, as in Scott and Smith, and as further described in Bloomberg's Opposition to Plaintiffs' Motion (Dkt. 206, at 15-24, 33-35), individual issues would predominate in determining whether each putative class member met the requirements of the administrative exemption. Putative class members, including Plaintiffs and Opt-In Plaintiffs, performed varying mixes of work, including but not limited to consulting with clients, making product enhancement recommendations, training other employees, performing quality control, serving as Deputy Team Leaders, and identifying sales opportunities. See Dkt. 206, at 3-8, 15-19. Within this mix of work, Representatives' consulting duties decreased with tenure, such that within one to two years they generally spent between 40% to 60% of their overall time on the various non-consulting duties. Dkt. 206, at 5-7. The mixes of work differed from person to person, even within each of the various Representative roles (Generalist, Specialist, Advanced Specialist). Dkt. 206, at 3-7. As confirmed by the Plaintiffs' and Opt-In Plaintiffs' own accounts, the specific duties that each putative class member performed, the percentage of time spent on particular duties, the degree of discretion and independent judgment they exercised, the extent to which they worked on matters of significance, the extent to which they were supervised or worked independently, and the complexity and specialized nature of the work all varied substantially. See Dkt. 206, at 15-24, 33-35. In light of this variation, the Court would need to perform an individualized analysis on each putative class member to determine exempt status. Such particularized, person-by-person examinations would overwhelm the consideration of any purportedly common issue. See Scott, 2017 WL 1287512, at *4, 8; Smith, 2017 WL 1198907, at *3.

Smith also demonstrates that Plaintiffs cannot meet the commonality requirement. See Dkt. 206, at 30-31, 35-36. In Smith, the court held that, although plaintiffs demonstrated the existence of common questions, class treatment requires that the "classwide proceeding...generate common *answers* apt to drive the resolution of the litigation." 2017 WL 1198907, at *3 (quoting Wang v. Chinese Daily News, Inc., 737 F.3d 538, 543 (9th Cir. 2013) (emphasis added). In Smith, plaintiffs failed to meet this standard because they provided no "common answer" to the common question of how particular Managers spent their time. Id. Similar to the plaintiffs in Smith, Plaintiffs have failed to demonstrate that class treatment would generate common answers to the questions of whether each potential class member met the requirements of the administrative exemption.

Accordingly, Bloomberg respectfully requests that Your Honor deny Plaintiffs' Motion.

JONES DAY

The Honorable Denise L. Cote
August 21, 2017
Page 3

        Respectfully submitted,

        *s/ Matthew W. Lampe*

        Matthew W. Lampe

cc:    All counsel of record