```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
ERIC MICHAEL ROSEMAN, ALEXANDER LEE,     :
and WILLIAM VAN VLEET, individually and  :
on behalf of others similarly situated,  :   14cv2657 (DLC)
                                         :
                          Plaintiffs,    :   MEMORANDUM OPINION
                                         :        AND ORDER
            -v-                          :
                                         :
BLOOMBERG L.P.,                          :
                                         :
                          Defendant.     :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On September 21, 2017, this Court issued an Opinion ("September 21 Opinion") granting the plaintiffs' motion to certify a class pursuant to Fed. R. Civ. P. 23 in connection with the claim brought by Bloomberg's New York-based Analytics Representatives for a violation of New York Labor Law § 650 et seq. ("NYLL"). On August 19, 2016, the plaintiffs also moved to certify the following California class: "all representatives in the Analytics Department in California who were not paid time and one-half for hours over 40 worked in one or more weeks or hours over 8 worked in one or more days at any time within the four years preceding the filing of this Complaint and the date of final judgment in this matter." It is undisputed that over 100 current and former Bloomberg employees are putative members of this California class. For the reasons that follow, and for

the reasons set forth in the September 21 Opinion, the plaintiffs' motion is granted.

Like the NYLL, the California Labor Code ("CLC") requires payment of overtime wages and includes exemptions to those overtime pay requirements. 8 Cal. Code Regs. § 11040(1)(A). Bloomberg argues that the "administrative" exemption applies to the California-based Analytics Representatives. This is the core question that must be resolved for the California class. At trial, Bloomberg will bear the burden of showing that the elements of this exemption are satisfied. Sav-on Drug Stores, Inc. v. Superior Court, 34 Cal.4th 319, 338 (Cal. 2004).

Unlike the NYLL, the CLC exemptions do not precisely mirror the criteria set forth in the Fair Labor Standards Act ("FLSA"). The CLC defines, in pertinent part, an exempt "administrative" employee as one:

> (a) Whose duties and responsibilities involve . . .(I) The performance of office or non-manual work directly related to management policies or general business operations of his/her employer or his employer's customers;
> (c) Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity (as such terms are defined for purposes of this section); or
> (d) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge; or
> (e) Who executes under only general supervision special assignments and tasks; <u>and</u>
> (f) <u>Who is primarily engaged in duties that meet the test of the exemption.</u>

8 Cal. Code Regs. § 11040(1)(A)(2)(emphasis supplied). The term

"primarily" is defined to mean "more than one-half of the employee's worktime." Combs v. Skyriver Comms., Inc., 159 Cal. App. 4th 1242, 1254 (Cal. Ct. App. 2008).

While the CLC does set out its own definition of the exemption, it also requires the exemption to be construed in accordance with the relevant FLSA regulations. Subsection (f) provides that "activities constituting exempt work and non-exempt work <u>shall be construed in the same manner as such terms are construed in the following regulations under the Fair Labor Standards Act</u> effective as of the date of this order." 8 Cal. Code. Regs. § 11040(1)(A)(2)(f)(emphasis suppled). Moreover, the definition of the administrative exemption provided in the CLC "closely parallels the federal regulatory definition of the same exemption." Combs, 159 Cal. App. 4th at 1255. California's the administrative employee exemption is, however "somewhat different." Nordquist v. McGraw-Hill Broadcasting Co., 32 Cal. App. 4th 555, 562 (Cal. Ct. App. 1995). Finally, the exemption is "narrowly construed against the employer" and its application is limited to those employees "plainly and unmistakably" within its terms. Id.

Despite the differences between the NYLL and the CLC, the same analysis that justifies certifying the New York class compels certification of a California class. As described in the September 21 Opinion, "plaintiffs have shown that the issues

3

pertinent to Bloomberg's affirmative defense can be resolved through common proof at trial, and that those issues will far outweigh any individualized determinations that must be made." Bloomberg makes no arguments unique to California law, and the CLC does not require anything beyond the analysis in the Opinion granting certification of the New York class in order to certify the California class. Accordingly, the plaintiffs' August 19, 2016 motion for certification of a California class for Analytics Representatives is granted.

Dated: New York, New York
September 25, 2017

_____
DENISE COTE
United States District Judge