```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
ERIC MICHAEL ROSEMAN, ALEXANDER LEE,     :
and WILLIAM VAN VLEET, individually and  :
on behalf of others similarly situated,  :    14cv2657 (DLC)
                                         :
                         Plaintiffs,     :    MEMORANDUM OPINION
                                         :         AND ORDER
              -v-                        :
                                         :
BLOOMBERG L.P.,                          :
                                         :
                         Defendant.      :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On September 15, 2016, the defendant Bloomberg L.P. moved for summary judgment as to the New York Labor Law ("NYLL") claims of plaintiff Eric Michael Roseman. Bloomberg argues that Roseman's NYLL claims are barred because of the Separation Agreement and General Release ("Agreement") Roseman signed upon his termination of employment with Bloomberg. This action was recently reassigned to this Court. For the following reasons, Bloomberg's motion is granted.

Roseman signed the Agreement on January 30, 2014. The Agreement declares that the "parties mutually understand and agreed to the following in full and final resolution of all disputes between them." Among its many provisions, the Agreement states that Roseman "releases and forever discharges [Bloomberg] . . . from any and all causes of action . . .

including . . . for . . . wages, back pay or front pay; and under any federal, state, or local law ordinance, including but not limited to claimed violations of fair employment practices[.]" The Agreement specifically mentions the "New York Labor Law" as a statute under which Roseman is barred from bringing a claim. The Agreement also states:

> Employee affirms, by signing this Agreement, that no claims of any kind, including but not limited to those relating to or arising out of his/her employment with the Company or the termination thereof, are currently pending against any Releasee, and that he/she agrees not to file any such actions in any court or administrative agency for his/her monetary benefit.

In the Agreement Roseman represents that he "carefully read and understood the terms of this Agreement" and entered into the Agreement "knowingly, voluntarily, and of [his] own free will." He promised to "abide by its provisions without exception." The Agreement acknowledges that Roseman had "been instructed to consult with an attorney prior to executing this Agreement, and that [he was] given 14 days to consider this Agreement."

"A written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." Marin v. Constitution Realty, LLC, 28 N.Y.3d 666, 673 (2017) (citation omitted). "A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the agreement itself, and concerning which there is no

reasonable basis for a difference of opinion." Selective Ins. Co. of America v. County of Rensselaer, 26 N.Y.3d 649, 655 (2016) (citation omitted). "Therefore, if a contract on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract to reflect its personal notions of fairness and equity." Id. (citation omitted). "Whether an agreement is ambiguous or unambiguous is an issue of law for the courts to decide." Marin, 28 N.Y.3d at 673 (citation omitted).

In New York, courts will enforce "a valid release which is clear and unambiguous on its face and which is knowingly and voluntarily entered into . . . as a private agreement between parties." Skluth v. United Merch. & Mfr., Inc., 163 A.D.2d 104, 106 (N.Y. App. Div. 1990) (citation omitted). A plaintiff may challenge a release if it is the "product of fraud, duress, or undue influence." Id.

Here, the language of the Agreement is unambiguous. It bars Roseman from bringing the NYLL claims against Bloomberg that he pleads in this action. Roseman does not contend that the Agreement was the product of fraud, duress or undue influence. Therefore, Roseman's NYLL claims are barred by the Agreement unless Roseman can demonstrate that he did not enter into it knowingly and voluntarily. There is no evidence from which one could conclude that Roseman did not execute the Agreement knowingly and voluntarily.

3

Roseman is an educated person.  The Agreement's terms are written in plain English.  He was given two weeks to consider whether to execute the Agreement and advised in it to consult with an attorney.  At a June 6, 2016 deposition, Roseman answered that he understood that he was waiving certain claims against Bloomberg when he signed the Agreement.  Although not essential to this analysis, he had the advice of a qualified lawyer -- who now works at Getman Sweeney -- when he signed the Agreement.  See Skluth, 163 A.D.2d at 107 (the opportunity to consult counsel is more critical than the actual consultation with counsel).

The defendant's September 15, 2016 motion for summary judgment is granted.  The NYLL claims brought by Roseman are dismissed with prejudice.

Dated:    New York, New York
          September 27, 2017

                              _____
                                      DENISE COTE
                              United States District Judge

4