UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
ERIC MICHAEL ROSEMAN, ALEXANDER LEE,    :
and WILLIAM VAN VLEET, individually     :
and on behalf of others similarly       :
situated,                               :        14cv2657 (DLC)
                                        :
                    Plaintiffs,         :        MEMORANDUM OPINION
                                        :            AND ORDER
-v-                                     :
                                        :
BLOOMBERG L.P.,                         :
                                        :
                    Defendant.          :
-------------------------------------- X

DENISE COTE, District Judge:

        On September 21 and 25, 2017, two classes were certified in

connection with the claims brought by Bloomberg's Analytics

Representatives for a violation of New York Labor Law § 650 et

seq. ("NYLL") and the California Labor Code 8 Cal. Code Regs. §

11040(1)(A) ("CLC").  Roseman v. Bloomberg, 14cv2657 (DLC), 2017

WL 4217150 (S.D.N.Y. Sept. 21, 2017); Roseman v. Bloomberg,

14cv2657 (DLC), 2017 WL 4280602 (S.D.N.Y. Sept 25, 2017).  On

October 5, Bloomberg filed a Fed. R. Civ. P. 23(f) petition to

the Second Circuit for permission to appeal the Orders granting

certification of the two classes.

        On October 11, Bloomberg filed a motion to stay the

issuance of class notice pending the resolution of Bloomberg's

petition to the Second Circuit and, in the event the petition

were granted, the Second Circuit's decision regarding the

appeal.  The motion was fully submitted on October 20.  The plaintiffs consent to a stay pending a settlement conference to be held on November 30, 2017, but oppose any stay beyond that date if no settlement is reached on November 30.

The standard for evaluating a stay application is well established:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

S.E.C. v. Citigroup Global Markets Inc., 673 F.3d 158, 162 (2d Cir. 2012) (per curiam) (citation omitted) (mandamus petition).  See also In re Electronic Books Antitrust Litigation, 2014 WL 1641699, at *4 (S.D.N.Y. Apr. 24, 2014) (applying standard to Rule 23(f) petition).  The Second Circuit "applie[s] these same factors in considering whether to vacate a stay." In re World Trade Center Disaster Site Litigation, 503 F.3d 167, 170 (2d Cir. 2007).  These factors operate as a "sliding scale" where "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other stay factors ... [and][t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay." Thapa v. Gonzales, 460 F.3d 323, 334 (2d Cir. 2006) (citation

omitted).  A stay is an "intrusion into the ordinary processes
of administration and judicial review, and accordingly is not a
matter of right."  Nken v. Holder, 556 U.S. 418, 427 (2009)
(citation omitted).

Bloomberg has made no persuasive showing of harm or of a
likelihood of success on the merits, and any stay beyond
November 30 would injure plaintiffs and the public interest.
Accordingly, the request for a stay pending review of
Bloomberg's Rule 23(f) petition is denied.


I. Irreparable Injury and Harm to Plaintiffs

To demonstrate ongoing irreparable harm such that a stay is
proper, a party must show that it will suffer injury which
cannot be remedied absent a stay.  In re Electronic Books
Antitrust Litigation, 2014 WL 1641699, at *4.  The party seeking
the stay has the burden of showing "injury that is not remote or
speculative but actual and imminent, and for which a monetary
award cannot be adequate compensation."  Dexter 345 Inc. v.
Cuomo, 663 F.3d 59, 63 (2d Cir. 2011) (citation omitted).
Bloomberg has failed to meet its burden here.

Bloomberg alleges a vague "reputational harm" but does not
support a contention that such harm is irreparable and more than
speculative.  Bloomberg has not asserted that the harm it would
suffer is any different from the reputational harm suffered by

3

other defendants in class action suits where notices are issued. It has not pointed to specific language in the notice that would cause it particular harm.

Bloomberg also alleges that issuance of the class notice could harm potential class members because it will confuse them. Bloomberg argues that confusion inevitably arises when any Rule 23(f) petition is pending, especially if a class notice is eventually retracted or corrected. The plaintiffs dispute this alleged harm, arguing that a class notice will educate class members. The injury to the class identified by Bloomberg is entirely speculative, and does not warrant a stay.

II. Success on the Merits

A strong showing of a likelihood of success on the merits, requires "more than a mere possibility of relief." Nken v. Holder, 556 U.S. 418, 434 (2009) (citation omitted). To demonstrate a strong showing that it is likely to succeed on the merits, Bloomberg has the burden of demonstrating "a substantial possibility, although less than a likelihood, of success" on appeal. Mohammed v. Reno, 309 F.3d 95, 101 (2d Cir. 2002) (citation omitted). Success on appeal requires both that Bloomberg's petition for interlocutory appeal is granted and that, upon review, the Court of Appeals decertifies the class.

4

Bloomberg has not established a substantial possibility of either.

The Second Circuit will only grant leave to appeal where a petitioner demonstrates either "(1) that the certification order will effectively terminate the litigation and there has been a substantial showing that the district court's decision is questionable, <u>or</u> (2) that the certification order implicates a legal question about which there is a compelling need for immediate resolution." <u>Hevesi v. Citigroup Inc.</u>, 366 F.3d 70, 76 (2d Cir. 2004)(citation omitted).  The first category of cases "comprises the so-called 'death knell' cases" where class certification "forces the defendants to settle." <u>Sumitomo Copper Litigation v. Credit Lyonnais Rouse, Ltd.</u>, 262 F.3d 134, 138 (2d Cir. 2001).  The second category are cases in which certification "implicates an unresolved legal issue concerning class actions"; "the more fundamental the [legal] question and the greater the likelihood that it will escape effective disposition at the end of the case," the more likely the Court of Appeals is to permit an interlocutory appeal.  <u>Id.</u> (citation omitted).  The Court of Appeals has emphasized that "the standards of Rule 23(f) will rarely be met." <u>Id.</u> at 140.

Bloomberg's petition does not meet either ground for interlocutory appeal.  First, Bloomberg alleges that class certification threatens to terminate the litigation because it

brings its potential liability to over $193 million.  It asserts that this potential exposure will "pressure" Bloomberg to settle the action before trial on the merits.  But, Bloomberg does not suggest that a judgment in this amount would seriously threaten Bloomberg's viability as a company.  Cf. Chamberlan v. Ford Motor Co., 402 F.3d 952, 960 (9th Cir. 2005) (noting, in "death knell" analysis, that "the potential recovery here may be unpleasant to a behemoth company, but it is hardly terminal" to defendant Ford Motor Co.); Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 294 (1st Cir. 2000) ("[W]hat might be 'ruinous' [liability] to a company of modest size might be merely unpleasant to a behemoth.").  Without a stronger showing, this argument would require the issuance of a stay in virtually every certification of a class action.

Second, Bloomberg has not adequately shown that there exists "a legal question about which there is a compelling need for immediate resolution." Hevesi, 366 F.3d at 76 (citation omitted).  Bloomberg fails to even address this analysis in its submissions and has not identified any serious question of unsettled law presented by Bloomberg's petition.

Finally, Bloomberg has not shown that it is likely that the Court of Appeals will decertify the class.  Bloomberg states that the Court "erred in concluding Analytics Representative all have the same primary duty."  Certification of the classes was

proper because generalized evidence may be used to establish a primary duty common to the proposed classes.  As the September 21 decision held, "the primary duty of the class members can be determined through generalized proof because that primary duty is consistent across the class."  Roseman, 2017 WL 4217150, at *7.

Bloomberg further argues that even if the class members share a primary duty, the members may nevertheless be exempt because of the other requirements of the "administrative exemption" to the NYLL, see 12 NYCRR § 142-3.2, and the CLC, see 8 Cal. Code Regs.  § 11040(1)(A).  But, the plaintiffs showed "that the issues pertinent to Bloomberg's affirmative defense can be resolved through common proof at trial, and that those issues will far outweigh any individualized determinations that must be made, such as the calculation of the precise number of overtime hours each employee worked."  Roseman, 2017 WL 4217150, at *7.  Because generalized proof can be used at trial to argue whether the exception applies or not, certification is appropriate.  The certification decision did not decide whether or not Analytics Representatives are exempt from the state law requirements for overtime pay.  It only decided whether the plaintiffs had carried their burden of showing that the issue could be resolved using generalized proof.  Bloomberg thus fails to show that it is likely to succeed in its petition.

7

III. The Public Interest

Bloomberg makes general arguments about the public interest without explaining why the public interest will be furthered in delaying the notice process in this particular case.  No compelling interest weighs in favor of issuing a stay.  Indeed, "the public interest favors a speedy trial and resolution of this matter."  In re Electronic Books Antitrust Litigation, 2014 WL 1641699, at *12.  The Court of Appeals frowns upon the use of Rule 23(f) as "a vehicle to delay proceedings in the district court."  Sumitomo, 262 F.3d at 140.


CONCLUSION

Bloomberg's October 11 motion for stay pending appeal is denied.


Dated:   New York, New York
         November 7, 2017

                              _____
                                      DENISE COTE
                              United States District Judge