# GETMAN SWEENEY & DUNN

Getman, Sweeney & Dunn, PLLC
260 Fair St.
Kingston, NY 12401
845-255-9370
fax 845-255-8649

**By ECF and Hard Copy**

December 21, 2017

Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

Re:   *Roseman, et al. v. Bloomberg,* 1:14-cv-02657-DLC-KNF

Dear Judge Cote:

I am writing to advise the Court as to the status of Plaintiffs' letter to the Court on December 21st regarding Bloomberg's failure to supplement and correct class discovery involving 4 incomplete data sets (badge, pay, out codes, PeopleSoft HR). The Court held a conference on that letter on December 22nd and the parties held the meet and confer as you directed, on January 4th. The upshot of that conference was that 2 of the 4 issues appear to have been resolved based on your guidance (updated badge and payroll will be provided by Bloomberg no later than January 16th).

One dispute clearly remains as Bloomberg flatly refuses to supplement its patchy Out data production. Bloomberg gave Plaintiffs no reason for its refusal except that Your Honor did not explicitly order its production. And it is unclear whether the final issue (with PeopleSoft HR data) was or was not resolved, as Bloomberg's position is that it will try to produce the data by January 16th, but if it cannot do so, it simply will refuse to produce that data at all. Bloomberg refused to let Plaintiffs know before January 16th whether the data will or will not be produced. The two disputed areas are discussed in greater detail below.

**OUT CODE DATA**

Out codes identify the reason class members are out of the office – and whether that time is spent working at another location or on some form of leave. Thus, out data are necessary to determine whether a day lacking badge data represents missing data, or if a Rep is out of the building at work in a remote location, or is sick or is taking a vacation. Sample out codes already produced by Bloomberg are attached as Ex. 1 for your reference. Out data are thus critical components of the damage calculations because without out code data, there is no way to know whether to include work hours additional to badge hours in calculating the overtime pay due. Since Bloomberg refuses to track Reps' work hours with any data other than its badge records and out data and since Bloomberg admits that some of the Badge records are incomplete and unavailable, only out data will enable Plaintiffs to correctly calculate hours worked in a day without badge data. And there are tens of thousands of such days. This data is thus critical to the proper compensation of class members, if they are deemed not exempt from the overtime requirement by the jury.

**PEOPLESOFT/WORKDAY HUMAN RESOURCES DATA**

As previously described, Bloomberg used 2 software programs to create electronic HR/personnel files for its employees, including Reps here – Peoplesoft and Workday. PeopleSoft records are attached as Exhibit 2 for your reference.

1. Without accurate HR data, Plaintiffs cannot determine who is in the class and who is not, and when they started and stopped work.
2. Nor can Plaintiffs determine which level (Generalist, Specialist, Advanced Specialist) any Plaintiff performed at any given period. These career advancements bear a relationship to the work Plaintiffs performed to attain the next level and thus are corroborating evidence of out of office work (as Bloomberg gave each Rep a course of study for advancement).
3. These data also document the fact that Bloomberg understood the salary to cover forty hours of work – a key element of proof concerning Plaintiffs' claim that the Fluctuating Work Week should not apply to calculating damages. This data will show that Bloomberg had some Reps work partial workweeks and it paid them on a salary proportional to forty hours. By shielding its HR data, Plaintiffs cannot demonstrate to a jury who was in this "flexible work arrangement" to defeat Bloomberg's claim to the Fluctuating Work Week.
4. Without accurate HR data, Plaintiffs cannot measure the completeness of the other data sets.

At the meet and confer, Bloomberg gave the reason for its refusal to provide the data as that it was rendered unnecessary by its provision of "Time In Role" report. A sample from the Time In Role Report is attached as Ex. 3. By comparing PeopleSoft with Time In Role, it is abundantly clear that Bloomberg's claim to have provided all necessary information in another form is completely untrue. The Time In Role Report (TIR) includes but a small portion of the data contained in PeopleSoft. Furthermore, the TIR report was created from PeopleSoft/Workday so it is clear Bloomberg has the data, but is simply refusing to provide it.

Bloomberg also argued that it has had trouble getting Bloomberg to do the job accurately and expressed its continued frustration with inaccurate and over-inclusive data pulls. But this is not a reason to deny Plaintiffs critical data that could have, and should have been provided long ago. And, if the data is inaccurate in its native format, the reliability of TIR must also be questioned. Plaintiffs have indicated to Bloomberg that we have no objection to receiving PeopleSoft data for over-inclusive data ranges, which Bloomberg has indicated should help it meet its January 16 deadline.

**CONCLUSION**

Plaintiffs have been requesting Bloomberg's correction of its incomplete class discovery since August 2016. Bloomberg promised to produce corrected data pulls in October 2017, but then reneged on its promise 3 days before its promised delivery date. Bloomberg should be directed to supplement and correct its Out data and PeopleSoft/Workday HR data by January 16th.

Respectfully Submitted,

*/s/ Dan Getman*