```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
ERIC MICHAEL ROSEMAN, ALEXANDER LEE,     :
and WILLIAM VAN VLEET, individually and  :
on behalf of others similarly situated,  :    14cv2657 (DLC)
                                         :
                    Plaintiffs,          :    MEMORANDUM OPINION
                                         :        AND ORDER
             -v-                         :
                                         :
BLOOMBERG L.P.,                          :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On March 20, 2018, defendant moved to decertify plaintiffs' state-law claims relating to liability and damages issues or, in the alternative, decertify state-law claims relating to damages issues alone. Plaintiffs responded on March 22, requesting that the Court deny the defendant's motion as untimely. For the following reasons, the plaintiffs' request is granted. Defendant's motion is denied.

On September 21, 2017, the Court granted plaintiffs' motion for certification of a New York class. Roseman v. Bloomberg, 14cv2657 (DLC), 2017 WL 4217150 (S.D.N.Y. Sept. 21, 2107) ("September 21 Opinion"). On September 25, it also granted certification of a California class. Roseman v. Bloomberg, 14cv2657 (DLC), 2017 WL 4280602 (S.D.N.Y. Sept. 25, 2017). Defendants' motion to "decertify" the Fair Labor Standards Act

("FLSA") collective action was denied on September 27. Roseman v. Bloomberg, 14cv2657 (DLC), ECF No. 309.

The standard for granting a motion for reconsideration pursuant to Rule 59 is "strict." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Id. (citation omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, 684 F.3d at 52 (citation omitted). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Here, reconsideration is inappropriate because the Court has already addressed the arguments made in the defendant's March 20 submissions, and the motion is untimely. See Local

Civil Rule 6.3 ("[A] notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion."). The question of determining liability on a class-wide basis was squarely decided in the September 21 Opinion. With respect to damages, when weighing Rule 23(b)'s predominance requirement in favor of certifying the class, the Court noted that "common issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues." Roseman, 2017 WL 4217150, at *8 (citation omitted). Even in recognizing that "individual testimony" might be necessary to determine damages for off-site hours worked, "the plaintiffs' showing of predominance" was not defeated. Id.

In further support of decertification, Bloomberg argues that a determination of whether the "fluctuating work week" ("FWW") standard will apply is an individualized one because a mutual agreement between an employer and employee must be demonstrated. This argument would allow employers to avoid class certification any time the FWW standard were invoked. As demonstrated in the plaintiffs' motion for certification, Analytics Representatives are hired in groups, undergoing training and classes together. ECF No. 179, Ex. 13. Given that "[a]ll class members have the same title and essential job

3

function, have identical initial job training, have been evaluated using the same performance metrics, have been paid on the same basis, and have been subject to the same overtime policy," Roseman, 2017 WL 4217150, at *4, any alleged agreement with respect to the FWW can be proven on a class-wide basis.

## CONCLUSION

Defendant's March 20, 2018 motion to decertify plaintiffs' state-law claims is denied as untimely and on the merits.

Dated:   New York, New York
         March 22, 2018

                              _____
                              DENISE COTE
                              United States District Judge