```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
ERIC MICHAEL ROSEMAN, ALEXANDER LEE,     :
and WILLIAM VAN VLEET, individually      :
and on behalf of others similarly        :         14cv2657 (DLC)
situated,                                :
                                         :         MEMORANDUM OPINION
               Plaintiffs,               :             AND ORDER
                                         :
          -v-                            :
                                         :
BLOOMBERG L.P.,                          :
                                         :
               Defendant.                :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

At a conference on March 28, 2018, the Court ruled on motions in limine filed by the parties, including the plaintiffs' motion to exclude Bloomberg's evidence or argument that Analytics Representatives have a primary job duty other than that identified by the Court in its motion certifying the New York class in this action. Roseman v. Bloomberg L.P., 14cv2657 (DLC), 2017 WL 4217150, at *7 (S.D.N.Y. Sept. 21, 2017) ("The evidence presented by both plaintiffs and the defendant converge on one, basic point: Analytics Representatives answer client questions about the Bloomberg Terminal. This is their primary duty."). In opposition to the motion, Bloomberg argued that the primary duty of each Analytics Representative was "responding to client questions about the Bloomberg Terminal."

ECF No. 449, at 5. Because it believed that Analytics Representatives had additional duties that were "exempt duties," Bloomberg took the position as well that it was entitled to present evidence that the primary duty could be deemed to be something more general -- "consulting with customers" -- and that the jury should be free to make this finding as well. <u>Id.</u> at 5-6.

At the conference, the Court denied the plaintiffs' motion <u>in limine</u> and held that Bloomberg was not required to define the primary duty in a way that was consistent with the analysis in the class certification decision. The plaintiffs asked, as a matter of fairness, that Bloomberg be required to identify the position they would be taking at trial as to what the primary duty was. When directed to "define now for the record what is the primary duty," Bloomberg identified the primary duty of its Analytics Representatives as "consulting with customers about how to use the technology of the [Bloomberg] terminal to satisfy their business objectives."[1]

---

[1] This description mirrors Bloomberg's description of plaintiffs' overarching job responsibilities, which it described in its opposition to class certification: "Representatives consult with clients on how they can most effectively use the Terminal to accomplish their business objectives." ECF No. 206, at 10. At that stage, this description was used to argue that plaintiffs performed varying duties within that general charge and, as such, there was no primary duty that linked them. Now, Bloomberg uses this description to describe the primary duty.

2

In a letter of April 11, Bloomberg requested that the Court instruct the jury that the Court directed Bloomberg to "select just one primary duty for which it could present evidence at trial and have not allowed Bloomberg to put on evidence or make alternative arguments for other potential primary duties." This request is denied.

Most significantly, this request misstates the record. The Court has not limited the evidence that the parties may present at trial about the tasks performed and work done by Analytics Representatives. A jury may decide based on that evidence to take a position different from that advocated by any of the parties on what the primary duty of an Analytics Representative actually was. Indeed, the jury will be appropriately instructed that it is the sole and exclusive finder of fact.

Moreover, it is Bloomberg that has chosen to assert an affirmative defense, specifically, that Analytics Representatives are exempt employees. To prevail on that defense, it must demonstrate a primary duty for Analytics Representatives and show that that primary duty qualifies those employees as exempt. At the March 28 conference, the Court required Bloomberg to finally give the plaintiffs notice of the definition of primary duty on which it would rely at trial. Bloomberg did not suggest at the conference that it could not yet do so.

To the extent that Bloomberg is arguing in its April 11 letter that different Analytics Representatives had different primary duties, that argument was made in opposition to the motion for class certification and rejected then.  See Roseman, 2017 WL 4217150, at *7 ("The evidence of differences among the daily routines of the proposed class members or the differences in their auxiliary duties do not overcome the plaintiffs' evidence that <u>the primary duty of the class members can be determined through generalized proof because that primary duty is consistent across the class</u>") (emphasis added).  A motion to decertify has already been denied.  Roseman v. Bloomberg L.P., 14cv2657 (DLC), 2018 WL 1470587 (S.D.N.Y. Mar. 23, 2018).  This trial will proceed as a representative action, and there has been no demonstrated unfairness in so proceeding.  These motions in limine have demonstrated again and repeatedly that Bloomberg historically treated the Analytics Representative position as a single job for purposes of determining whether the exemption to the overtime law applies.

Finally, this most recent application appears driven by Bloomberg's concern that the plaintiffs will be offering evidence that, up until this trial, Bloomberg had not identified a primary duty for Analytics Representatives but nonetheless treated them as exempt from payment of overtime pay.  The inferences to be drawn from that omission will be for the jury

to draw. But, to the extent that Bloomberg seeks to rely on an affirmative defense at trial, then, in fairness to the plaintiffs, it had to identify to them before trial what Bloomberg would argue to the jury was the primary duty for the exempt position.[2]

CONCLUSION

Bloomberg's request for a curative jury instruction is denied.

Dated: New York, New York
April 13, 2018

> ─────────────────────────
> DENISE COTE
> United States District Judge

---

[2] At the same conference, the Court directed the plaintiffs to "identify the precise number" of off-site hours the plaintiffs are going to argue the plaintiffs worked, because "defendant needs to know and has a right to know exactly what you are going to argue." The same principles of fairness apply here.

5