# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ERIC MICHAEL ROSEMAN, ALEXANDER LEE, and WILLIAM VAN VLEET, individually and on behalf of others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**BLOOMBERG L.P.,**<br><br>**Defendant.** | **Case No. 14-CV-2657 (DLC) (SDA)**<br><br>ECF Case |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and among Eric Michael Roseman, Alexander Lee, and William Van Vleet (the "Named Plaintiffs"), individually and on behalf of the classes of individuals they represent (collectively referred to as the "Qualified Class Members"), and Bloomberg L.P. ("Bloomberg" or "Defendant").  The Named Plaintiffs and Bloomberg shall be collectively referred to as the "Parties."

## 1.      RECITALS AND BACKGROUND

WHEREAS, a Class Action and Collective Action Complaint was filed in the above-captioned action (the "Litigation") on April 14, 2014 and subsequently amended during the Litigation;

WHEREAS, the operative amended complaint asserted claims against Bloomberg under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), and California law for the alleged failure to pay certain overtime amounts to the Named Plaintiffs and all other "Analytics Representatives" who allegedly are similarly situated;

WHEREAS, on April 17, 2015, the Court conditionally certified an FLSA collective action,

WHEREAS, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certified a NYLL class on September 21, 2017 and a California law class on September 25, 2017, and appointed Getman, Sweeney & Dunn PLLC ("Class Counsel") as class counsel;

WHEREAS, pursuant to Rule 23, NYLL and California class members were issued Notice of the class action in or around December 2017;

WHEREAS, the purpose of this Agreement is to settle fully and finally all wage and hour claims by Qualified Class Members against Defendant to the extent described herein;

WHEREAS, Defendant denies all of the allegations made by Plaintiffs in the Litigation, and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation;

WHEREAS, on April 20, 2018, the Parties engaged in an in-person mediation under the direction of Magistrate Judge Stewart D. Aaron, and thereafter reached a settlement resulting in this Agreement;

WHEREAS, on April 20, 2018, the Parties confirmed this settlement in open court before Magistrate Judge Stewart D. Aaron, and on April 23, 2018, the Parties confirmed this settlement in open court before District Judge Denise L. Cote and Judge Cote ordered that this Agreement be submitted for the Court's approval by June 15, 2018 (subsequently extended to June 19, 2018);

WHEREAS, without admitting or conceding any liability or damages whatsoever and without admitting that wage and/or overtime amounts improperly were withheld from any employees, and to avoid the burden, expense, and uncertainty of continuing the Litigation, Bloomberg has agreed to settle the Litigation on the terms and conditions set forth in this Agreement;

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against Bloomberg in the Litigation, and the impact of this Agreement on Qualified Class

Members based upon its analysis and evaluation of a number of factors (including extensive documentation), and recognizing the risks of continued litigation, including the possibility that the Litigation, if not settled now, might result in no recovery or a recovery that is less favorable and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate, representing the litigation-risk adjusted fair settlement value of this case, and that this Agreement is in the best interest of the Qualified Class Members;

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 2.    DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**2.1    Agreement.**  "Agreement" means this Settlement Agreement and Release.

**2.2    Bloomberg's Counsel.**  "Bloomberg's Counsel" means Jones Day.

**2.3    California Class Members.**  "California Class Members" means all San Francisco-based employees to hold a Covered Position during the period from December 3, 2011 through the Execution Date who were agreed upon by the Parties as part of the class at the time of the execution of the Term Sheet and whose UUID numbers are listed in Exhibit F.

**2.4    Class Counsel.**  "Class Counsel" means Getman, Sweeney & Dunn, PLLC.

**2.5    Class Members.**  "Class Members" means all Plaintiffs, NYLL Class Members, and California Class Members.

**2.6    Class Notice.**  "Class Notice" means the Court-approved Notice of Class Action Settlement to be mailed to Qualified Class Members, in the form attached hereto as Exhibit A or a form that has no substantive changes from Exhibit A.

**2.7    Court.**  "Court" means the United States District Court for the Southern District of New York.

**2.8    Covered Position.**  "Covered Position" means a position held by an Analytics Representative in Bloomberg's Analytics Department who was classified as exempt with annualized compensation of less than $100,000 through 2016 and less than $134,004 from 2017 forward, and holding one of the following job titles/codes: ADSK Rep*Generalist/2200; CSvc Rep (Gen)/11684; Advanced Specialist ADSK/2277; CSvc Rep Advd/11143; ADSK REP*Specialist/2279; CSvc Rep/11139; ADSK Rep Training/2635; CSvc Rep Training/11149; ADSK Rep ET*FI/2653; CSvc Rep (ET FI)/11686; CSvc Rep Advd (ETFI)/11760; Advanced Specialist ADSK*Exp/2691; CSvc Rep Advd Exp/11145; ADSK Rep*Specialist Exp/2693; CSvc Rep EXP/11147; ADSK Rep ET*FX/2794; CSvc Rep (ET FX)/11687; ADSK Rep ET*EQ/2841; CSvc Rep (ET EQ)/11688; Advanced Specialist ET*EMS/2885; CSvc Rep Advd (ET EMS)/11759; Advanced Specialist ET*FX/2886; ADSK Generalist *Esp/2692; Trade Desk Analyst/11624; Trade Desk Escalation/11627; Sales/Analytics/1124; ADSK Rep Training*Exp/2835 or Tech Support Assoc/11602.

**2.9    Cy Pres Recipients.**  "Cy Pres Recipients" means Make the Road and The Consortium for Worker Education.

**2.10    Days.**  "Days" means calendar days unless otherwise specified.

**2.11    Effective Date.**  "Effective Date" shall be when the Court has granted Final Approval and either (a) upon timely appeals, the United States Court of Appeals for the Second Circuit and/or the United States Supreme Court, has declined to consider, affirmed, or otherwise approved the Court's Final Approval Order and the applicable date for seeking further appellate review has passed; or (b) the applicable date for seeking appellate review of Final Approval has passed (and cannot be extended) without timely appeal or request for review having been made.

**2.12    Employer Portion Payroll Taxes.**  "Employer Portion Payroll Taxes" means the employer's share of applicable payroll taxes and related withholdings.

**2.13    Errors and Omissions Fund.**  "Errors and Omissions Fund" means the fund established by the Parties in order to correct any under-allocation to a Qualified Class Member.

4

The Errors and Omissions Fund will be funded by any Settlement Checks that remain uncashed at the end of the Payout Period prior to distribution to the Cy Pres Recipients.

      **2.14**    **Execution Date.** "Execution Date" means the date by which Bloomberg, Class Counsel, and the Named Plaintiffs have all signed this Agreement, or have been deemed to have signed by later ruling of the Court should any party refuse to sign, whichever is earlier.

      **2.15**    **Fairness Hearing.** "Fairness Hearing" means the hearing in the litigation on Motion for Judgment and Final Approval (as such term is defined in Section 8.1 herein).

      **2.16**    **Final Approval.** "Final Approval" shall mean the Court's entry of an order and a judgment in the forms attached hereto as Exhibits D and E, or forms that have no substantive changes from Exhibits D and E, granting final approval to this Agreement, resolving all requests for attorney's fees, costs, and Service Awards, and dismissing the Litigation with prejudice.

      **2.17**    **Income Withholding and Employee Portion Payroll Taxes.** "Income Withholding and Employee Portion Payroll Taxes" means Qualified Class Members' share of applicable payroll taxes, including, without limitation, federal, state, and local income tax withholding and the employee portion of FICA, Medicare, and any applicable state or local employment taxes.

      **2.18**    **Litigation.** "Litigation" means the above-captioned case.

      **2.19**    **Net Settlement Amount.** "Net Settlement Amount" means the Settlement Amount to be paid by Bloomberg pursuant to this Agreement less: (1) any Court-approved attorneys' fees and costs for Class Counsel, including all fees and expenses of the Settlement Administrator; and (2) any Court-approved Service Awards to the Named Plaintiffs, Trial Witnesses, and/or Non-Testifying Witnesses.

      **2.20**    **Non-Testifying Witnesses.** "Non-Testifying Witnesses" means Alexandra Betesh, Matthew Renny, Mary-Lillian Johnson, Amanda Lownes, Andrew Krieger, and Aleksander Leyfman, each of whom was listed on Plaintiffs' final trial witness list, and each was deposed in this case and/or was fully participatory and prepared to testify at trial if called.

**2.21    NYLL Class Members.**  "NYLL Class Members" means all New York-based employees to hold a Covered Position during the period from April 14, 2008 through the Execution Date who were agreed upon by the Parties as part of the class at the time of the execution of the Term Sheet and whose UUID numbers are listed in Exhibit G.

**2.22    Opt-Outs.**  "Opt-Outs" refers to the sixty-two (62) individuals who either (i) timely submitted to Class Counsel a signed Court-approved form indicating their desire to be removed from the Litigation during the Court-ordered opt-out period following certification of the NYLL and California classes, or (ii) submitted such forms to Class Counsel after the close of the Court-ordered opt-out period, but whose removal from the Litigation was stipulated by the Parties and so-ordered by the Court.

**2.23    Payout Period.**  "Payout Period" means the period ending one (1) year from the date the Settlement Checks are first mailed by the Settlement Administrator or up to thirty (30) days thereafter to the extent any replacement or subsequent Settlement Checks remain payable after one (1) year from the date the Settlement Checks are first mailed by the Settlement Administrator.

**2.24    Plaintiff(s).**  "Plaintiffs" means the Named Plaintiffs and the following FLSA Plaintiffs: Christina Alvira, Alexandra Betesh, Clark Bohne, Joseph M. Cavallaro, Jessica Chen, Christian Clark, Michael Coldwell, Michael Creegan, Michael Giambanco, Tyler Held, Mary Lillian Johnson, Andrew H. Krieger, Jacob Krushel, Aleksander Leyfman, Jonathan Litchford, Amanda Lownes, Julisa P. Marmolejos, Alanna R. Olken, Melissa Polinsky, Nicholas Psulkowski, Matthew Renny, Emma Rudnik, Jonathan Schwebel, Kevin Scoma, Darren A. Small, Latiqua D. Smith, Brandon K. White, and Dennis J. Wynn.

**2.25    Preliminary Approval.**  "Preliminary Approval" means the Court's entry of an Order in the form attached hereto as Exhibit C, or a form that has no substantive changes from Exhibit C, preliminarily approving the terms and conditions of this Agreement, and directing the manner and timing of providing Class Notices to the Qualified Class Members.

**2.26    Qualified Class Member.**  "Qualified Class Member" means any Class Member to the extent he or she is not an Opt-Out, and only for the period of time for which he or she worked in a Covered Position, and regardless of whether he or she cashes a Settlement Check.

**2.27    Qualified Settlement Fund or QSF.**  "Qualified Settlement Fund" or "QSF" means the fund or account established by the Settlement Administrator, within the meaning of Treasury Regulations § 1.468B-1, et seq.

**2.28    Service Award.**  "Service Award" means a special payment made to the Named Plaintiffs, Trial Witnesses, and/or Non-Testifying Witnesses as described in Section 5.3 below as compensation for the special benefits they conferred upon, and the burdens and risks they undertook on behalf of, passive Class Members.

**2.29    Settlement.**  "Settlement" means the disposition of the Litigation and all related claims effectuated by, and in accordance with the terms of, this Agreement.

**2.30    Settlement Administrator.**  "Settlement Administrator" means the organization, retained by the Parties, responsible for the settlement administration process as provided herein.

**2.31    Settlement Amount.**  "Settlement Amount" means Fifty-Four Million Five Hundred Thousand Dollars and No Cents ($54,500,000), which is the maximum gross amount to be paid by Bloomberg as provided by this Agreement (except for Bloomberg's share of payroll taxes under applicable tax law).  Under no circumstances shall Bloomberg be required to pay any amount greater than the Settlement Amount and its share of payroll taxes.

**2.32    Settlement Checks.**  "Settlement Checks" means checks issued to Qualified Class Members by the Settlement Administrator to pay each Qualified Class Member their respective Settlement Share from the Net Settlement Amount, as well as any subsequent or replacement checks issued during the Payout Period.

**2.33    Settlement Forms.**  "Settlement Forms" refers to the Class Notice to Qualified Class Members (Exhibit A hereto) and the Change of Address Form (Exhibit B hereto).

2.34    **Settlement Share.** "Settlement Share" means each Qualified Class Member's share of the Net Settlement Amount as provided for in this Agreement as calculated by the Class Counsel in accordance with Section 5.4(D)(5) below and Exhibit H hereto.

2.35    **Term Sheet.** "Term Sheet" means the document executed by the Parties on April 20, 2018, and which forms the basis of this Agreement and which supplies the process by which any disputed terms herein shall be resolved.

2.36    **Trial Witnesses.** "Trial Witnesses" means Tyler Held, Jonathan Litchford, Joseph Cavallaro, and Nicholas Psulkowski.

3.    **SETTLEMENT ADMINISTRATOR**

3.1    **Retainer of the Settlement Administrator.** The Parties agree to Settlement Services, Inc. being named as the Settlement Administrator. The fees and expenses of the Settlement Administrator shall be paid exclusively by Class Counsel, but may be included in Class Counsel's request for reimbursement of litigation expenses pursuant to Section 5.7.3. The Settlement Administrator shall be required to agree in writing to treat information it receives or generates as part of the settlement administration process as confidential by signing Exhibit A to the Stipulation Governing the Protection of Confidential Material ("Stipulated Protective Order") signed by the Parties. The Settlement Administrator also shall be required to agree in writing to destroy or return all confidential information received from the Parties at the conclusion of its responsibilities in the matter. In addition, the Settlement Administrator shall be required to agree in writing to use such information solely for purposes of settlement administration in connection with the Settlement. The Parties will have equal access to the Settlement Administrator.

3.2    **Responsibilities of the Settlement Administrator.** The Settlement Administrator will be responsible for generating and mailing the Settlement Forms to Qualified Class Members; tracking and updating Qualified Class Member addresses; distributing the Settlement Checks and the Service Award(s); promptly forwarding copies of Change of Address forms and any documents in connection with a Qualified Class Member's efforts to object to the Settlement to Class Counsel and Bloomberg's Counsel, and providing copies of cashed Settlement Checks (including the endorsement on the back of the Settlement Check) to Class

Counsel and Bloomberg's Counsel.  The Settlement Administrator will provide regular reports to the Parties, no less frequently than every two (2) weeks, regarding the status of the mailing of the Settlement Forms to Qualified Class Members, any objections received, the settlement administration process, distribution of the Settlement Checks, completed Change of Address forms, and other pertinent information.

The Settlement Administrator will also be responsible for establishing and administering the QSF; calculating and withholding Income Withholding and Employee Portion Payroll Taxes from the back pay portion of any payment made to Qualified Class Members; remitting such withheld Income Withholding and Employee Portion Payroll Taxes to the appropriate Taxing Authorities; calculating Employer Portion Payroll Taxes from the back pay portion of any payment made to Qualified Class Members; remitting such Employer Portion Payroll Taxes to the appropriate Taxing Authorities; preparing and filing all tax returns necessary for the settlement and the QSF; preparing one or more declarations regarding the settlement administration process; and fulfilling all tax reporting requirements.  The Settlement Administrator will also be responsible for identifying and providing Qualified Class Members with tax forms, if any, required to effectuate payment under this Agreement.

The Settlement Administrator will be responsible for any other duties described elsewhere in this Agreement.

## 4.     PRELIMINARY APPROVAL OF SETTLEMENT MOTION

**4.1**     As ordered by the Court, the Parties shall submit to the Court a Motion for Preliminary Settlement Approval ("Preliminary Approval Motion") on or before June 19, 2018, which shall include a proposed order (1) granting the Parties' request to include all Class Members, with the exception of Opt-Outs, as Qualified Class Members subject to the terms of this Agreement; (2) granting preliminary approval of the Settlement; (3) approving the Settlement Forms; (4) granting the Parties' request that endorsed Settlement Checks be deemed filed with the Court in satisfaction of the requirements of 29 U.S.C. § 216(b); and (5) scheduling the Final Approval Hearing and approving the Settlement.  The Parties shall also file with the Preliminary Approval Motion a proposed Preliminary Approval Order agreed upon by the parties, which is attached hereto as Exhibit C, and a proposed Class Notice, which is attached

hereto as Exhibit A.  To the extent the Parties disagree as to the content of the Preliminary Approval Motion, they agree that they shall utilize separate sections where there are areas of disagreement.

4.2     The Preliminary Approval Motion also will seek (i) to establish the period sixty (60) days following the mailing of the Settlement Forms as the period during which Qualified Class Members may provide objections to this Agreement, and (ii) to set a date for a Fairness Hearing for Final Approval of the Settlement before the Court.  In accordance with the Class Action Fairness Act, the Fairness Hearing shall be set for a date no earlier than 120 days from the filing of the Preliminary Approval Motion.

4.3     If the Court denies the Preliminary Approval Motion, the Parties agree to confer in good faith about jointly seeking reconsideration of the ruling or jointly seeking Court approval of a renegotiated settlement.

5.     **SETTLEMENT TERMS**

5.1     **Settlement Amount.**  Within seven (7) days after the Effective Date, Bloomberg agrees to pay into the QSF the Settlement Amount.  The Settlement Amount shall fully resolve, satisfy and encompass all payments to Qualified Class Members; any Service Awards; and Class Counsel's attorneys' fees and expenses, including all attorneys' fees and expenses incurred to date and to be incurred in preparing Settlement documents, securing trial and appellate court approval of the Settlement, attending to the administration of the Settlement, paying the Settlement Administrator's fees and expenses, and obtaining dismissal of the action. Bloomberg's share of payroll taxes is not included in the Settlement Amount, but shall be paid into the QSF at the same time as the Settlement Amount.

5.2     **Settlement Amounts Payable as Attorneys' Fees and Expenses.**  At the Fairness Hearing and through a separate motion to be filed alongside the Parties' Motion for Judgment and Final Approval, Class Counsel will petition the Court for an award of attorneys' fees and will seek reimbursement of actual litigation costs and expenses to be paid from the Settlement Amount.  Bloomberg will not oppose an application by Class Counsel for fees up to twenty-five (25) percent of the Settlement Amount plus reasonable costs, to be paid out of, and

deducted from, the Settlement Amount.  Class Counsel shall not seek any further fees or costs in connection with this Litigation.  Bloomberg shall have no additional liability for Class Counsel's attorneys' fees and costs or the Settlement Administrator's fees and costs beyond any subset of the Settlement Amount as may be awarded by the Court, or as a result of an appeal, and in no event shall Bloomberg be required to pay to Qualified Class Members or Class Counsel, in the aggregate, any amount greater than the Settlement Amount.  If the Court denies any portion of Class Counsel's requested fees or costs, neither Qualified Class Members, nor Class Counsel may seek payment of such portion from Bloomberg.  If the Court, or an appellate court, denies any portion of Class Counsel's requested fees or costs, the difference between the requested fees or costs and the final Court-approved fees or costs shall become part of the Net Settlement Amount and distributed *pro rata* to Qualified Class Members as part of their Settlement Shares. Within five (5) days of the entry of any such Court order reducing or denying any amount of the requested fees or costs, Class Counsel shall provide to the Settlement Administrator and Bloomberg's Counsel a recalculation of the Settlement Share Calculation.  The Settlement Administrator shall provide Class Counsel with an IRS Form 1099 with respect to its awarded attorneys' fees and costs.

     **5.3**     **Service Awards to Named Plaintiffs, Trial Witnesses, and Non-Testifying Witnesses.**  Bloomberg will not oppose Service Awards of an amount up to $25,000 to be paid out of the Settlement Amount in the QSF to each of the Named Plaintiffs, in addition to their Settlement Shares; up to $10,000 to each of the Trial Witnesses, in addition to their Settlement Shares; and up to $5,000 to each of the Non-Testifying Witnesses, in addition to their Settlement Shares.  Only the Named Plaintiffs, Trial Witnesses, and Non-Testifying Witnesses will be entitled to receive a Service Award under this Agreement.  The Settlement Administrator shall provide the Named Plaintiffs, Trial Witnesses, and Non-Testifying Witnesses with an IRS Form 1099 with respect to any Service Award.  If the Court, or an appellate court, denies any portion of the Named Plaintiffs', Trial Witnesses', or Non-Testifying Witnesses' requested Service Awards, the difference between the requested Service Award and the final Court-approved Service Award shall become part of the Net Settlement Amount and distributed *pro rata* to Qualified Class Members with the Settlement Shares. Within five (5) days of the entry of any such Court order reducing or denying any amount of the requested Service Awards, Class

Counsel shall provide to the Settlement Administrator and Bloomberg's Counsel a recalculation of the Settlement Share Calculation.

The Service Awards shall constitute special awards to Named Plaintiffs, Trial Witnesses and Non-Testifying Witnesses and shall not be considered as a payment of overtime, salary, wages, and/or compensation to any individual under the terms of any company benefit plan or for any purpose except for tax purposes as provided in Section 5.5.  The receipt of Service Awards shall not affect the amount of, contribution to, or benefit under any company benefit plan.

**5.4     Settlement Formula.** Class Counsel shall calculate the Settlement Shares according to the following process (the "Settlement Formula"):

(A)     Only Qualified Class Members will be entitled to receive payment for a Settlement Share under this Agreement.  Opt-Outs will not receive a Settlement Share and will not be bound by the Settlement.

(B)     Payments of Settlement Shares to Qualified Class Members shall not be considered as a payment of overtime, salary, wages, and/or compensation to any Qualified Class Member under the terms of any company benefit plan or for any purpose except for tax purposes as provided under Section 5.5.  The receipt of settlement payments shall not affect the amount of contribution to or level of benefits under any company benefit plan.

(C)     The allocation of Settlement Shares will be made from the Net Settlement Amount.

(D)     Each Qualified Class Member shall receive a Settlement Share calculated as the *pro rata* share of the Net Settlement Amount, calculated on the "Basis of Calculation" as described below, for all work weeks in which he or she held a Covered Position in San Francisco or New York within the period applicable to his or her claims (the "Applicable Period").   The Applicable Periods are as follows:

(1)     For NYLL Class Members: April 14, 2008 through the Execution Date.

(2)     For California Class Members: December 3, 2011 through the Execution Date.

(3)     For Class Members who are both NYLL Class Members and California Class Members:

    (a)     April 14, 2008 through the Execution Date for the time period(s) as to which Bloomberg's records indicate the Class Member was based in New York City, and

    (b)     December 3, 2011 through the Execution Date for the time period(s) as to which Bloomberg's records indicate the Class Member was based in San Francisco.

(4)     For Plaintiffs who are not NYLL Class Member or California Class Members, the Applicable Period begins the date three (3) years prior to the date on which Class Counsel electronically filed that individual's signed notice of consent to sue and runs through the Execution Date.

(5)     Settlement Formula:

    (a)     Each Qualified Class Member's Settlement Share shall be determined according to the formula set forth in Exhibit H as calculated by Class Counsel (in agreeing to this formula, which implements the Parties' compromise as to the resolution of claims, Bloomberg does not admit that any Class Member's liability or damages claim has merit).

    (b)     Any under-allocations to Qualified Class Members will be corrected to the extent possible on a pro rata basis using the Errors and Omissions Fund. The Errors and Omissions Fund will be funded by any Settlement Checks that remain uncashed at the end of the Payout Period, prior to distribution to the Cy Pres Recipients.

## 5.5   Tax Characterization.

(A)     In connection with Bloomberg's transfer of funds into a QSF within the meaning of Treasury Regulation § 1.468B-1, *et seq.*, the following definitions shall apply:

(1)     Bloomberg shall be a "transferor" within the meaning of Treasury Regulation §1.468B-1(d)(1) to the QSF(s) with respect to the amounts transferred;

(2)     The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Treasury Regulation § 1.468B-2(k)(3), responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information

reporting or tax withholding requirements imposed by Treasury Regulation § 1.468B-2(l)(2) or any other applicable law on or with respect to the QSF, and in accordance with this Agreement; and

(3)     Bloomberg and the Settlement Administrator shall reasonably cooperate in providing any statements or making any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a QSF, including the relation-back election within the meaning of Treasury Regulation § 1.468B-1(j).

(B)     For tax purposes, with respect to the payments of Settlement Shares paid to Qualified Class Members:

(1)     Fifty (50) percent of each Qualified Class Member's Settlement Share will be deemed wages and subject to W-2 reporting (the "Wage Portion"). The other fifty (50) percent of each Qualified Class Member's Settlement Share will be deemed non-wage income (the "Non-Wage Portion") and reported on IRS Form 1099. Defendant shall be responsible for all employer-paid and due taxes on the Wage Portions of this Settlement, including FICA, FUTA and state unemployment. The Settlement Administrator, as the administrator of the QSF making such payments, shall report Qualified Class Members' Wage Portion on IRS Form W-2, which will be net of applicable tax deductions and withholdings in accordance with applicable IRS, state and local rules, guidance and formulas, including payroll taxes applicable to such payments. The Non-Wage Portion, as well as any Service Awards paid to the Named Plaintiffs, Trial Witnesses, and Non-Testifying Witnesses, will be reported on IRS Form 1099 in accordance with applicable IRS, state and local rules, guidance and formulas. The Settlement Administrator shall provide to Bloomberg a calculation (in reasonable detail) of the Employer Portion Payroll Taxes due with respect to the Wage Portions of the Settlement Payments no later than fifteen (15) days prior to the date that Bloomberg is required to fund the QSF. No later than five (5) days prior to such date, the Settlement Administrator shall revise such calculation to take into account any reasonable comments to such calculation timely delivered by Bloomberg. Bloomberg shall pay an amount equal to the Employer Portion Payroll Taxes determined pursuant to this Section 5.5(B)(1) into the QSF at the time Bloomberg pays the Settlement Amount into the QSF, for remittance by the Settlement Administrator to the applicable Taxing Authorities.

(2)     In the event that it is subsequently determined by the U.S. Internal Revenue Service or any other taxing authority that any payee owes any additional taxes with respect to any money distributed under this Agreement, it is expressly agreed that liability for such taxes rests

14

exclusively with that payee and that Bloomberg will not be responsible for the payment of such taxes, including any interest and penalties.

(C)     The Settlement Administrator, as the administrator of the QSF making such payments, shall report to Class Counsel and to the Taxing Authorities on an IRS Form 1099, under Class Counsel's federal taxpayer identification number, the fees and costs paid to Class Counsel pursuant to Section 5.2, and such payments will not be subject to backup or other tax withholding unless required by law, as determined by the Settlement Administrator as administrator of the QSF making such payments. Class Counsel shall provide a validly completed current IRS Form W-9 to the Settlement Administrator.

(D)     Bloomberg shall have no liability or responsibility whatsoever for taxes of the QSF, any Class Member, Class Counsel, or any other person or the filing of any tax returns, information reports or other documents with U.S. Internal Revenue Service or any other taxing authority.  Recipients of any payments made pursuant to this Agreement will be solely responsible for all taxes, interest and penalties owed by such recipients with respect thereto, and will indemnify, defend, and hold Bloomberg and the Settlement Administrator harmless from and against any and all taxes and interest as a result of such recipient's failure to timely pay such taxes.

(E)     Class Counsel and the Named Plaintiffs, on behalf of Qualified Class Members, acknowledge and agree that Bloomberg has provided no advice as to the taxability of the payments received pursuant to this Agreement.

**5.6     Settlement Share Calculation.**

(A)     Bloomberg has provided Class Counsel with badge data, time in role data and payroll data for the Qualified Class Members for each of their Applicable Periods through December 30, 2017. Within 14 days after the Execution Date, Bloomberg will provide Class Counsel with supplemental time in role data and payroll data for the Qualified Class Members for each of their Applicable Periods from December 31, 2017 through the Execution Date.  This data, and any other data provided by Bloomberg to Class Counsel or the Settlement Administrator, shall incorporate prior agreements between the Parties as to the content of the data and shall be conclusively presumed to be accurate and considered Confidential pursuant to

the Stipulated Protective Order signed by the Parties and the Settlement Administrator's agreement to treat such information confidential under Section 3.1.

(B)     Within fourteen (14) days after Class Counsel receives the supplemental data referred to in section 5.6(A) above, Class Counsel shall submit to Bloomberg and the Settlement Administrator calculations of Settlement Shares for all Qualified Class Members utilizing the Settlement Formula described in Section 5.4 (the "Settlement Share Calculations").

(C)     Bloomberg and/or the Settlement Administrator shall inform Class Counsel within five (5) days following the receipt of the Settlement Share Calculations if they have any proposed revisions to the Settlement Share Calculations.  All Settlement Share Calculations for which Bloomberg and the Settlement Administrator propose no revisions within five (5) days become Preliminary Settlement Share Calculations.  All Settlement Share Calculations that the Parties jointly revise become Preliminary Settlement Share Calculations upon the joint submission of such revisions to the Settlement Administrator.

(D)     To the extent the Parties have a disagreement over proposed revisions to the Settlement Share Calculations, they shall work in good faith to resolve such differences and shall only seek Court intervention to resolve such differences in extraordinary circumstances.  If sought, the Parties shall seek Court intervention to resolve differences in the Settlement Share Calculations within five (5) days after any such difference arises.  Class Counsel shall recalculate the Settlement Share Calculations in accordance with the Court's decision on any disputes within five (5) days of the Court's decision.  At the time of such recalculation, the Settlement Share Calculations will become Preliminary Settlement Share Calculations.

(E)     If, in the order granting Final Approval, the Court approves the requests pursuant to Sections 5.2 and 5.3 for Service Awards and Class Counsel's fees and expenses, the Preliminary Settlement Share Calculations (as revised, if applicable, pursuant to Section 5.6(D)) shall become the Final Settlement Share Calculations.  If, in the order granting Final Approval, the Court denies any portion of the requested Service Awards or Class Counsel's requested fees and costs, Class Counsel shall, consistent with Sections 5.2 and 5.3, recalculate the Settlement Share calculations for all Qualified Class Members within five (5) business days of the entry of

16

such order, and at the time of the recalculation, they shall become Final Settlement Share Calculations.

(F)     Final Settlement Share Calculations are not subject to challenge or change including by the Class Members except as may be covered by the Errors and Omissions Fund or by appeal.

### 5.7     Payment Dates.

#### 5.7.1. Settlement Checks.

(A)     The Settlement Administrator shall mail the Settlement Checks and Service Awards within fourteen (14) days of the Effective Date (the "Initial Settlement Checks").

(B)     Each Settlement Check will contain the following affirmation above the signature line on the back of the check:

> "My endorsement of this check acknowledges that I am receiving this payment pursuant to the resolution of my claims as a settlement class member in *Roseman v. Bloomberg LP.*, Case No. 14-cv-02657 (S.D.N.Y.), and that I have opted into the case as a party plaintiff under Section 16(b) of the Fair Labor Standards Act. I understand that my claims in this case have been resolved and that I have released all claims as fully set forth in the Settlement Agreement in this case regardless of whether I endorse or cash this check."

(C)     Each Qualified Class Member, regardless of whether such Qualified Class Member signs, endorses, deposits, cashes or negotiates a Settlement Check or objects to the Settlement, is bound by all terms and conditions of the Settlement and will be deemed to have released all Released Claims (as defined in Section 10.1).

(D)     Initial Settlement Checks shall remain payable for one year from the date the Initial Settlement Checks are first mailed by the Settlement Administrator. Any subsequent or replacement checks issued during the Payout Period shall remain payable for as long as the Initial Settlement Checks remain payable or a period of thirty (30) days, whichever is longer. Any communication by the Settlement Administrator accompanying any check shall advise the payee of the period the check will be payable.

(E)      The Settlement Administrator will, within two (2) days of the end of the Payout Period, send to Class Counsel and Bloomberg's Counsel by both email and overnight delivery a final list of all Qualified Class Members indicating whether or not each Qualified Class Member cashed his or her Settlement Check.  If any subsequent or replacement checks were issued and remain payable beyond the Payout Period in accordance with Section 5.7.1(D), the Settlement Administrator will (1) include that information on the final list, along with the date until which any such subsequent or replacement checks remain payable; and (2) send to Class Counsel and Bloomberg's Counsel by email two (2) days after which any subsequent or replacement checks remain payable, an updated list indicating whether or not each Qualified Class Member cashed his or her subsequent or replacement check.  The Settlement Administrator will retain copies and records of cashed Settlement Checks (including the endorsement on the back of the Settlement Check) and provide to Class Counsel and Bloomberg's Counsel copies of cashed Settlement Checks (including the endorsement on the back of the Settlement Check).

(F)      The Settlement Administrator shall mail any additional checks to correct any under-allocations to Qualified Class Members after the close of the Payout Period, prior to distribution to the Cy Pres Recipients. Such checks shall be drawn from the Errors and Omissions Fund.

**5.7.2. Attorneys' Fees and Costs.**  Payment of Class Counsel's attorneys' fees and costs from the QSF shall be made by the Settlement Administrator to Class Counsel within fourteen (14) days following the Effective Date.

**5.7.3. Settlement Administrator's Fees.**  Payment of the Settlement Administrator's fees shall be made by Class Counsel within thirty (30) days following the Effective Date, or may be deducted from Class Counsel's cost reimbursement payment at Class Counsel's option.

**5.8**     **Uncashed Settlement Checks.**  The Settlement Administrator shall pay the amount of any Settlement Checks that remain uncashed at the end of the Payout Period (or the date until which any subsequent or replacement check remains payable) first to fund underpayments from the Errors and Omissions Fund (to the extent the Parties mutually agree to

such payment or to the extent the Court directs, upon motion by any Party), and any remaining funds shall be distributed equally to the Cy Pres Recipients.

## 6.    CLASS NOTICES

6.1    Within two (2) days following receipt of the Preliminary Settlement Share Calculations from Class Counsel, the Settlement Administrator shall provide proofs of the Settlement Forms for the Parties to review.  The Parties must provide any revisions to the Settlement Forms within two (2) days thereafter.

6.2    Bloomberg's Counsel and Class Counsel shall cooperate to compile a list of all Qualified Class Members and their last known addresses, personal email addresses, and the last four digits of their Social Security Numbers (where available).  Bloomberg's Counsel and Class Counsel shall provide this list to the Settlement Administrator within ten (10) days following Preliminary Approval.  This list shall be based on Bloomberg's available records, except where Class Counsel has more current information about a Qualified Class Member's address and/or personal email address.  The Parties agree to consult with the Settlement Administrator prior to the production date to ensure that the format of the list will be acceptable to the Settlement Administrator.  All data provided should be treated as confidential pursuant to the Settlement Administrator's agreement referred to in Section 3.1.

6.3    Once the Court has granted Preliminary Approval, within two (2) days of receiving any revisions to the Settlement Forms from the Parties, the Settlement Administrator will send the Settlement Forms approved by the Court to the Qualified Class Members (Exhibits A and B) by First Class Mail.  The Settlement Administrator will use standard skip tracing devices to verify the accuracy of all addresses before the initial mailing date to ensure that the Settlement Forms are sent to all Qualified Class Members at the address most likely to result in immediate receipt.  It will be presumed that if an envelope so mailed has not been returned within thirty (30) days of the mailing that the Qualified Class Member received the Settlement Forms.  If any envelope so mailed is returned more than thirty (30) days following the mailing, the Settlement Administrator will treat such envelope in accordance with Section 6.4 of this Agreement.  The mailing of the Settlement Forms as set forth in this paragraph shall be known as the "First Mailing."

**6.4**     If an envelope is returned because of an incorrect address, the Settlement Administrator will promptly, and not later than five (5) days from receipt of the return envelope, use reasonable diligence to obtain a current address and re-mail the envelope to all such addresses available.  This shall be known as the "Subsequent Mailing."  The Settlement Administrator will notify Class Counsel and Bloomberg's Counsel of any Class Notice sent to a Qualified Class Member that is returned as undeliverable after the First Mailing, as well as any such Class Notice returned as undeliverable after any Subsequent Mailing(s) as set forth in this Agreement.

**6.5**     The Settlement Administrator will stamp or note the postmark date on the original of any objections, Change of Address forms, or other documents responsive to Settlement Forms it receives from Qualified Class Members and shall provide Class Counsel and Bloomberg's Counsel with copies of each document received within three (3) days of receipt thereof in order to facilitate, among other things, filing with the Clerk of the Court.

**6.6**     The Settlement Administrator will retain the originals of all Settlement Forms and originals of all accompanying envelopes, originals of any returned Settlement Forms and the originals of their accompanying envelopes, and originals of objections and their corresponding envelopes in its files until such time as the Settlement Administrator is relieved of its duties and responsibilities under this Agreement.

## 7.     OBJECTIONS TO SETTLEMENT

**7.1**     Qualified Class Members who wish to present objections to the Settlement at the Fairness Hearing, including objections to Class Counsel's request for an award of fees and expenses, must first do so in writing.  The statement must include all reasons for the objection and any reasons not included in the statement will not be considered.  The statement must also include the name, address, and telephone number for the Qualified Class Member making the objection.  A Qualified Class Member's failure to specify his or her objections in writing in conformity with the specified time and procedures set forth herein shall be deemed a waiver of all objections.

**7.2**     To be effective, a written objection must be sent to the Settlement Administrator via First-Class United States mail, postage prepaid and postmarked no later than a date to be specified on the Notice.  This date will be 60 days after the Settlement Administrator mails the Settlement Forms.  This deadline will not be extended even if the Settlement Administrator sends a Subsequent Mailing to an updated address.  Class Counsel shall be responsible for filing any objections with the Court as part of the Settlement Administrator's declaration regarding the settlement administration process.  Notwithstanding the above, no objection will be effective if not received by the Settlement Administrator prior to twenty (20) days before the Fairness Hearing.

**7.3**     A Qualified Class Member who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing as part of the objection and failure to so specify will be deemed a waiver of the right to appear.  A Qualified Class Member may withdraw his or her objections with Court approval consistent with Rule 23.  No Qualified Class Member may appear at the Fairness Hearing to present an objection unless he or she has filed a timely objection that complies with the procedures provided in this section.  No Qualified Class Member may present an objection at the Fairness Hearing based on a reason not stated in his or her written objections.  Opt-Outs and non-Class Members may not submit objections to the Settlement.

**7.4**     Either party may file with the Court written responses to any filed objections no later than ten (10) days before the Fairness Hearing or by such other deadline as set by the Court, or may elect to respond to such objections in the motion and brief in support of final approval, or orally at the Final Fairness Hearing.

## 8.    FAIRNESS HEARING AND MOTION FOR FINAL APPROVAL AND DISMISSAL

**8.1**     Not later than ten (10) days before the Fairness Hearing, the Parties shall move the Court for final approval of this Agreement (the "Motion for Judgment and Final Approval"), including (i) a ruling that the Agreement is final, fair, reasonable, adequate, and binding on all Qualified Class Members; (ii) entry of final judgment in a form agreed to by the Parties and in accordance with this Agreement; (iii) dismissal of the Litigation with prejudice, subject to the

Court's retention of jurisdiction to oversee enforcement of the Agreement; (iv) an order that Bloomberg transfer all funds due herein to the QSF; (v) an order that the Settlement Administrator should distribute Settlement Checks from the QSF; and (vi) an order that the amount of any Settlement Checks that remain uncashed at the end of the Payout Period (or after the date until which any subsequent or replacement checks remain payable, whichever is later) and that are not used to fund the Errors and Omissions Fund will be paid equally to the Cy Pres Recipients.  The Parties' Motion for Judgment and Final Approval will be considered separate and apart from the Court's consideration of any applications for attorneys' fees and costs and/or Service Awards, and the Court's ruling on any such separate applications will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval.  To the extent the Parties disagree as to the content of the Motion for Judgment and Final Approval, they agree that they shall utilize separate sections where there are areas of disagreement.

      **8.2**     The Parties have agreed upon a proposed Final Approval Order and a Proposed Final Judgment, attached hereto as Exhibits D and E.

      **8.3**     After Final Approval, the Court will have continuing jurisdiction over the Litigation and the Settlement solely for purposes of (i) enforcing this Agreement, (ii) addressing settlement administration disputes, and (iii) addressing such post-judgment matters as may be appropriate under Court rules or applicable law.

**9.**      **EFFECT OF FAILURE TO OBTAIN PRELIMINARY OR FINAL APPROVAL.**

      In the event that this Agreement is not approved in its entirety by the Court, and/or the Court does not grant Preliminary Approval or Final Approval; or in the event that this Agreement is terminated, cancelled, declared void, or fails to become effective in accordance with its terms; or if the Effective Date does not occur, the Parties shall proceed as follows:

      (A)     Bloomberg shall have no obligation to make any payments provided for by this Agreement.

      (B)     The Term Sheet (previously agreed to by the Parties) and this Agreement (other than the non-admission provisions in Paragraph 17 of the Term Sheet and this

Section 9) shall be deemed null and void, and their terms and provisions shall have no further force or effect.

    (C)  Neither this Agreement, nor any other related papers or orders, nor the negotiations leading to the Agreement shall be cited to, used, or deemed admissible in any judicial, administrative, or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural.

    (D)  The Litigation shall proceed without prejudice as if this Agreement had not been executed, unless the Parties jointly agree to: (1) seek reconsideration or appellate review of the decision to deny Preliminary Approval or Final Approval in the form agreed to by the Parties, or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.

    (E)  The Parties shall not be deemed to have waived any claims, objections, defenses, or arguments with respect to the issue of class action certification or the merits of Plaintiffs' claims in the Litigation or any other issue, but rather shall retain the right to assert or dispute all claims and allegations, to assert or dispute all applicable defenses, and to assert or dispute the propriety of class action certification on all applicable grounds.

    (F)  Any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, nunc pro tunc.

    (G)  Notwithstanding any other provision of this Agreement, no order of the Court, or modification or reversal on appeal of any order of the Court, reducing the amount of any attorneys' fees or costs to be paid to Class Counsel, or reducing the amount of any Service Award, shall constitute grounds for cancellation or termination of this Agreement or grounds for limiting any other provision of the judgment agreed upon by the Parties.  Class Counsel retains and reserves all rights to appeal or seek reconsideration of any order of the Court reducing the amount of attorneys' fees or costs to be paid to Class Counsel and/or any order of the Court reducing the amount of any Service Award.  In such event, the Settlement Administrator shall hold all funds in the Qualified Settlement Fund until any appeal is finally resolved.

    (H)  If this Agreement is terminated after Class Notice is sent, or if for any other reason the Effective Date does not occur after Class Notice is sent, the Settlement Administrator shall provide notice to all Qualified Class Members informing them that the

settlement did not become effective, that as a result, no payments will be made to Qualified Class Members under this Agreement, and that the Litigation will continue, along with any additional information jointly agreed to by the Parties.  Such notice shall be mailed by the Settlement Administrator via United States First Class Mail, postage prepaid, to the addresses to which Class Notice was sent or re-mailed, or to any updated addresses known to the Parties or Settlement Administrator.  The costs of such mailing shall be split equally between the Parties.

## 10.    RELEASE OF CLAIMS

**10.1    Named Plaintiffs and Qualified Class Members.**  By operation of Final Approval, and except as to such rights or claims as may be created by this Agreement, each Qualified Class Member forever and fully releases Bloomberg and/or its general partner, Bloomberg Inc., and every and all of their present and former owners, partners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, divisions, subsidiaries, affiliates, benefits plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Litigation (collectively, the "Released Parties"), from all claims that are based upon, arise out of, or relate to the facts, acts, transactions, occurrences, events, or omissions alleged in the Litigation and that arose during the time that such individual was employed by Bloomberg in a Covered Position up until the Execution Date, including but not limited to wage and hour claims, rights, demands, liabilities and causes of action that were asserted or could have been asserted, under federal, state, local, or other applicable law in the Litigation (the "Released Claims").  The Released Claims include, without limitation, all claims under any federal, state and/or local or other wage and hour laws, whether known or unknown, asserted or unasserted, of any kind whatsoever for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest for unpaid regular or overtime wages, any related wage and hour claims, all related derivative benefit claims (both ERISA and non-ERISA benefits), interest on such claims, and attorneys' fees and costs related to such claims, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, from the beginning of time through the Execution Date.  The Released Claims include without limitation claims asserted in the Litigation and any other claims based on alleged misclassification under state or federal law governing overtime pay; failure to

pay overtime; exempt status; denial of meal periods and rest breaks; denial of waiting time; on-call, standby time, or reporting time payments; denial of spread of hours pay; failure to pay wages upon termination; failure to provide itemized wage statements; failure to make payments due to Qualified Class Members had they been classified as nonexempt; failure to provide benefits or benefit credits; failure to keep records of hours worked or compensation due; and penalties for any of the foregoing, including claims under the FLSA, and the laws of any state.

**10.2    Class Counsel.**  Upon the payment of all sums due herein, Class Counsel and Named Plaintiffs, on behalf of the Qualified Class Members collectively and each individual Qualified Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendant for attorneys' fees or costs/expenses associated with Class Counsel's representation of Plaintiffs and/or Class Members in this Litigation.  Class Counsel further understand and agree that any fee payments approved by the Court, or on appeal, will be the full, final and complete payment of all attorneys' fees and costs/expenses associated with Class Counsel's representation of these individuals.

**10.3    Waiver of Unknown Claims.**  It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims (as defined in Section 10.1) that were or could have been asserted against the Released Parties in this litigation, whether known or unknown, liquidated or unliquidated.  Qualified Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the entry of the order granting Final Approval, Qualified Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law of equity now existing or coming into existence in the future accruing from the beginning of time through the Execution Date, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  With respect to the Released Claims, any Qualified Class Members who are California Class Members waive all rights and benefits

afforded by Section 1542 of the Civil Code of the State of California, understanding the significance of that waiver.  Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

## 11.    CONFIDENTIALITY

**11.1**    Except to the extent necessary to seek Court approval of this Settlement, as otherwise required by court or governmental order, subpoena or as otherwise required by law, or to address any disputes with respect to this Agreement, the Parties, Class Counsel, and Bloomberg's Counsel will keep the settlement negotiations leading up to this Agreement ("Confidential Settlement Issues") confidential and they hereafter will not disclose Confidential Settlement Issues to any person or persons.  If required by court or governmental order, subpoena, or otherwise as required by law to disclose Confidential Settlement Issues, Named Plaintiffs and Class Counsel will notify Bloomberg's Counsel prior to making any such disclosure and permit Bloomberg a reasonable time to object to such disclosure.  Class Counsel is not restricted from discussing Confidential Settlement Issues with Class Members, but may discuss only public aspects of the Litigation and Agreement with any other clients.

**11.2**    The Named Plaintiffs agree that in connection with their assignments at Bloomberg, they have had access to non-public information and materials concerning the business affairs of Bloomberg L.P. and its general partner, Bloomberg Inc. and their present or former partners, managing directors, shareholder, employees, agents, directors, officers, clients, or other third Parties or the personal affairs of such individuals ("Confidential Information and Materials") and that they agreed pursuant to Employee Confidentiality Agreements not to disclose such Confidential Information and Materials.  Named Plaintiffs agree that they will continue to abide by the obligations in their Employee Confidentiality Agreements. Notwithstanding the foregoing, the Named Plaintiffs may disclose Confidential Information and Materials as required by court or governmental order, subpoena, or as otherwise required by law.

**11.3**    The Parties, Class Counsel, and Bloomberg's Counsel each will be entitled to obtain injunctive relief to enforce its rights under this section without the necessity of showing irreparable harm or obtaining a bond.

## 12.    NO EFFECT ON BENEFITS ENTITLEMENT

No amounts paid in connection with the Settlement, including any Service Award or Settlement Shares, are intended to, or will, be taken into account in determining any Class Member's rights or benefits under any Bloomberg or vendor benefit plan or program.  No Class Member will use this Agreement as a basis for a request for participation in, or for benefits under, any such plan or program.

## 13.    NO EFFECT ON EMPLOYMENT STATUS

This Agreement and the Settlement are not intended to and do not create a present employment relationship of any kind between Bloomberg and any Class Member, and do not constitute an admission that an employment relationship exists at the time of Execution between Bloomberg and any Class Member.  Neither this Agreement, the fact of withholding of taxes from Settlement Shares, the reporting of such payments, nor any document supporting or evidencing the Settlement of this Litigation, shall be offered, used or admissible in any proceeding of any kind for any purpose concerning the employee status of any Class Member.

## 14.    WAIVER OF APPEALS

Bloomberg and Named Plaintiffs waive all appeals from the Court's Final Approval Order unless (i) the Court modifies the Settlement or (ii) the Court reduces the amounts to be awarded as Service Awards or Class Counsel's attorneys' fees and expenses.

## 15.    FAIR, ADEQUATE AND REASONABLE SETTLEMENT

The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the Court.

16.    **BINDING AGREEMENT**

This Agreement is a binding agreement and contains all materially agreed-upon terms for the Parties to seek a full and final settlement of the Litigation.

17.    **MODIFICATION OF AGREEMENT**

This Agreement may not be modified or canceled in any manner except by a writing signed by Class Counsel and an authorized representative of Bloomberg.

18.    **NO RETALIATION**

Bloomberg will not retaliate against any Qualified Class Member for exercising their rights under this Agreement, including, but not limited to, submitting objections, appearing at the Fairness Hearing, or cashing a Settlement Check or a check for a Service Award.

19.    **APPLICABLE LAW**

This Agreement shall be governed by the common law and statutes of the State of New York, without regard to its principles of conflicts of laws.

20.    **HEADINGS**

Section headings in this Agreement are included for convenience of reference only and shall not be a part of this Agreement for any other purpose.

21.    **INTEGRATED AGREEMENT**

This Agreement contains the entire agreement between the Parties relating to the resolution of the Litigation, and all prior or contemporaneous agreements, understandings, representations, and statements relating to the Litigation or to the claims and allegations in the Litigation, whether oral or written and whether by a party or such party's legal counsel, are merged in this Settlement.  For the avoidance of doubt, this Agreement does not vitiate or modify any Class Member's obligation under any other written agreement between such individual and Bloomberg or any of its former or present parents, subsidiaries, and affiliated entities that was

not executed in connection with this Litigation, such as any non-disclosure agreement, separation agreement, or any other release agreement between the individual and Bloomberg or any of its former or present parents, subsidiaries, and affiliated entities, or any other agreement that such individual may have signed in connection with his or her assignment or engagement to provide services to Bloomberg or any of its former or present parent, subsidiary, and affiliated entities or the termination of such assignment or engagement.

No rights of any Party, Class Counsel, or Bloomberg's Counsel under this Settlement may be waived except in writing.

## 22.   NO PRIOR ASSIGNMENTS

The Parties represent and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Agreement.

## 23.   BINDING ON SUCCESSORS

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## 24.   NO ADMISSION OF LIABILITY OR CLASS CERTIFICATION

**24.1**   Bloomberg denies that it or any of its present or former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, benefits plans, plan fiduciaries, and/or administrators have engaged in any unlawful activity, have failed to comply with the law in any respect, have any liability to anyone under the claims asserted in the Litigation, or that, but for the Settlement, this Litigation is properly maintained as a class action under Rule 23.  This Agreement is entered into solely for the purpose of compromising highly disputed claims.

**24.2**   Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by Bloomberg or any of its former or present owners, stockholders,

predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, benefits plans, plan fiduciaries, and/or administrators; an admission by Plaintiffs that any of their claims were non-meritorious; or an admission that any defense asserted by Bloomberg was meritorious.

24.3    The Parties agree that this Settlement and the fact that the Parties were willing to settle the Litigation will not be described in or offered or received against either Party or any Released Party as evidence of any presumption, concession or admission by them as to: (i) the truth of any facts alleged in the Litigation; (ii) the validity of any of the claims or defenses in the Litigation; (iii) the deficiency of any of the claims or defenses in the Litigation; and/or (iv) any liability or damages in this Litigation.

24.4    The Parties agree this Agreement is in no way an admission that class certification is proper and that evidence of this Agreement to settle on a class basis shall not be described in, or offered or received against either Party or any Released Party in this litigation or any other civil, criminal, or administrative action.

24.5    Whether or not there is Final Approval, the Parties agree that neither the Settlement, this Agreement, any documents, statement, proceeding, or conduct related to the Settlement or the Agreement, nor any reports or accounting of those matters, will be described in or offered or received against either Party or any Released Party, in any further proceeding in the Litigation, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Agreement.

24.6    This section and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of this Agreement or in defense of all claims released or barred by this Agreement.

## 25.    CONSTRUCTION

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or its

counsel participated in the drafting of this Agreement.

## 26.     NOTICES

Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

> (a)     <u>To Plaintiffs and the Class</u>:
>
> Dan Getman, Esq.
> Getman, Sweeney & Dunn PLLC
> 260 Fair Street
> Kingston, New York 12401
>
> (b)     <u>To Bloomberg</u>:
>
> Matthew W. Lampe, Esq.
> Jones Day
> 250 Vesey Street
> New York, New York 10281

## 27.     EXECUTION IN COUNTERPARTS

This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement which shall be binding upon and effective as to all Parties.

Dated: New York, New York
_June 15___, 2018

BLOOMBERG L.P.

BY: _____

NAME: _Matthew Asmen_

TITLE: _Employment Counsel_

Dated: New York, New York
_____, 2018

GETMAN, SWEENEY & DUNN PLLC

BY: _____

NAME: _____

TITLE: _____

Dated: New York, New York
_____, 2018

ALEXANDER LEE

BY: _____

NAME: _____

TITLE: _____

Dated: New York, New York
_____, 2018

WILLIAM VAN VLEET

BY: _____

NAME: _____

TITLE: _____

32

Dated: New York, New York
_____, 2018

BLOOMBERG L.P.

BY: _____

NAME: _____

TITLE: _____

Dated: New York, New York
6/15_____, 2018

GETMAN, SWEENEY & DUNN PLLC

BY: _Dan Getman_____

NAME: _Dan Getman_____

TITLE: _Partner_____

Dated: New York, New York
_____, 2018

ALEXANDER LEE

BY: _____

NAME: _____

TITLE: _____

Dated: New York, New York
_____, 2018

WILLIAM VAN VLEET

BY: _____

NAME: _____

TITLE: _____

32

Dated: New York, New York
_____, 2018

BLOOMBERG L.P.

BY: _____

NAME: _____

TITLE: _____

Dated: New York, New York
_____, 2018

GETMAN, SWEENEY & DUNN PLLC

BY: _____

NAME: _____

TITLE: _____

Dated: New York, New York
\_\_June 15\_\_\_\_\_, 2018

ALEXANDER LEE

BY: _____

NAME: \_\_Alexander Lee_____

TITLE: \_\_Named Plaintiff_____

Dated: New York, New York
_____, 2018

WILLIAM VAN VLEET

BY: _____

NAME: _____

TITLE: _____

32

Dated: New York, New York
_____, 2018

BLOOMBERG L.P.

BY: _____

NAME: _____

TITLE: _____

Dated: New York, New York
6/15/18, 2018

GETMAN, SWEENEY & DUNN PLLC

BY: _____

NAME: _____

TITLE: _____

Dated: New York, New York
_____, 2018

ALEXANDER LEE

BY: _____

NAME: _____

TITLE: _____

Dated: New York, New York
6/15/18, 2018

WILLIAM VAN VLEET

BY: _____

NAME: _William Van Vleet_

TITLE: _Plantiff_

Dated: New York, New York
June 15th, 2018

ERIC ROSEMAN

BY: _____

NAME: Eric Roseman

TITLE: _____

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

*This is a court-authorized notice. This is not a solicitation from a lawyer.*

# NOTICE OF CLASS ACTION SETTLEMENT

To [Name]

A settlement has been reached in the case of *Eric Roseman, et al v. Bloomberg L.P.,* No. 14-cv-02657, which will affect your rights as an opt-in or class member. Under the terms of the settlement, if it is approved by the Court, you will automatically be mailed a settlement payment after the time period for any appeals (and extensions of time for appeals) has expired or any appeals are resolved, and will release all your claims against Bloomberg related to not receiving overtime as an ADSK Representative. This settlement does not release other claims you may have against Bloomberg that are outside the scope of the release described in Appendix A to this Notice. Your gross settlement payment is estimated to be $<<settlement amount>> [plus a gross service award (if approved by the Court) in the amount of $<<service award amount>>] less tax withholding as explained in Section 6 below.

If you received this Class Notice at your correct address, you do not need to take any further steps to participate in this settlement. If your address has changed or will change in the next several months, you will need to provide your updated contact information to the Settlement Administrator at the address below in Section 15.

# YOUR OPTIONS

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT AND RECEIVE A PAYMENT** | To receive a payment, you do not have to do anything at this time (except update your address if it has changed or will change in the next several months). If the Court grants final approval of the settlement, you will receive a payment in the mail. |
| **OBJECT** | Write to the Court (via the Settlement Administrator) to object to the settlement, or any part thereof. Objections must be mailed to the Settlement Administrator by First-Class United States Mail, postage prepaid, and postmarked by [INSERT DATE 60 DAYS FROM THE DATE SETTLEMENT ADMINISTRATOR MAILS THE NOTICE] and received by no later than [20 days before fairness hearing], as detailed below. |
| **GO TO THE HEARING TO SPEAK ABOUT YOUR OBJECTION** | The Court will hold a hearing (the fairness hearing) as explained below to decide whether to approve the settlement. You may attend the hearing to speak to the Court about any objection you have to the settlement, but only |

|  | if you make an objection first in accordance with Section 9 below and state in your objection that you would like to speak at the hearing about your objection. |
|--|--|

# BASIC INFORMATION

## 1. What is the purpose of this notice?

The Court has ordered that this Notice be sent to you because you worked as an ADSK Representative for Bloomberg L.P. between April 14, 2008 and June 15, 2018 in New York, or between December 3, 2011 and June 15, 2018 in California, and previously either joined the case or did not opt out of the Class. The purpose of this Notice is to inform you of your rights and options, and the deadlines to exercise them under the terms of the Settlement Agreement. The Court still has to decide whether to grant final approval to the settlement. Payments will be made only if the Court approves the settlement and after any appeals are resolved.

The information provided in this Class Notice is only a summary. The terms of the Settlement Agreement are the binding terms of this settlement, and all such terms and releases (for class members who did not opt-out) are explained in the Settlement Agreement that is on file with the Court and available from the Settlement Administrator or Class Counsel (see Section 15 below). If the settlement is not approved by the Court or does not become final for some other reason, Plaintiffs' case against Bloomberg will continue.

## 2. What is this Lawsuit about?

Named Plaintiffs Eric Roseman, Alexander Lee, and William Van Vleet brought this action on behalf of themselves and other current and former ADSK Representatives as a Class and Collective Action Complaint against Defendant Bloomberg L.P. under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), and the California Labor Code ("Cal. Lab. Code") for the alleged failure to pay overtime premiums to the Named Plaintiffs and all other ADSK Representatives working in New York and California.

Bloomberg denies the allegations in the lawsuit and maintains that ADSK Representatives have at all times been properly classified as exempt from overtime pay requirements.

The lawsuit is known as *Roseman, et al v. Bloomberg L.P.*, No. 14-cv-02657 (DLC) (KNF) (S.D.N.Y.), and it is pending in the United States District Court for the Southern District of New York ("the Court") before the Honorable Denise L. Cote.

## 3. Why is this a class action? What is a class action?

In a class action, one or more individuals sue on behalf of others who they believe have the same or similar claims. The Named Plaintiffs brought this Lawsuit on behalf of themselves and other ADSK Representatives who they asserted had similar claims. In April 2015, the Court conditionally certified a collective action of individuals who had worked at Bloomberg as ADSK Representatives for at least part of the prior three years. In September 2017, the Court certified classes of ADSK Representatives who worked in New York during the period between April 14, 2008, and the present or in California during the period between December 3, 2011, and the present, and appointed Alexander Lee and William Van Vleet

as the Class Representatives. Individuals who are in those classes are Class Members. In class actions, one court resolves all related issues for all Class Members, except for those who previously excluded themselves from the Class.

## 4. Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or Bloomberg. A jury trial was commenced, and both sides believe they would have prevailed had the case proceeded to a verdict, but the parties did not complete the trial. Instead, in the middle of the trial, both sides agreed to a settlement. That way, the parties avoided the uncertainty of the outcome at trial and the cost and delays of any appeals. The Named Plaintiffs and Class Counsel think the settlement is in the best interest of the Class in light of these risks.

Similarly, Bloomberg has chosen to settle to resolve this case against it, and to avoid the burden, expense, and uncertainty of continued litigation and possible appeals. Bloomberg does not admit any liability or wrongdoing by entering into this settlement.

# THE SETTLEMENT BENEFITS—WHAT YOU GET

## 5. What does the settlement provide?

Defendant has agreed to pay a total of Fifty-Four Million, Five Hundred Thousand Dollars ($54,500,000.00) for settlement payments to the Named Plaintiffs and the Class Members; attorneys' fees and costs; Service Awards to the Named Plaintiffs and certain Plaintiffs who testified at trial, were scheduled to testify at trial, or who gave deposition testimony during discovery ("Trial Witnesses" and "Non-Testifying Witnesses" respectively); and the cost of administering the settlement. Each Class Member who did not opt out will receive a share of the settlement based on an agreed-upon formula.

Plaintiffs will also ask the Court to approve Service Awards to three (3) Named Plaintiffs of up to $25,000 for initiating the Litigation, performing work in support of or otherwise participating in the Litigation, and taking what they believe was the risk of harm to their careers and reputations; to four (4) additional Trial Witnesses of up to $10,000 for preparing for trial, traveling to and from trial, and testifying at trial; and to six (6) Non-Testifying Witnesses of up to $5,000 for giving deposition testimony and other evidence during discovery or for being designated and prepared to testify at trial to benefit the Class.

After attorneys' fees and costs, Service Awards, and the costs of administering the settlement are deducted from the settlement, it is expected that at least approximately [$XX] will remain to be distributed among class members as the "Net Settlement Amount."

If the Court approves the settlement, you will be deemed to have released all wage and hour claims against Bloomberg in accordance with the provisions of the Settlement Agreement and the release language in Appendix A to this Notice, even if you do not cash, sign, endorse, deposit, or otherwise negotiate your settlement check(s). This means that you cannot sue Bloomberg for any of the claims covered by the release. The settlement does not resolve or release any other claims against Bloomberg that are outside the scope of the release listed in Appendix A to this Notice. Full details about the release and the complete language of the release are included in the Settlement Agreement, which is available from the Settlement Administrator or Class Counsel (see Section 15 below).

Individuals who do not cash their funds within one (1) year from the payout date will have their funds distributed equally to Make the Road NY and The Consortium for Worker Education, two entities

approved by the Court to receive funds from any uncashed checks.

**6. How much will my payment be?**

Your share of the Net Settlement Amount will be based on the allocation described in the Settlement Agreement and summarized as follows:

For all workweeks that a Class Member worked in an ADSK Rep Job, his or her claim in the lawsuit is valued using his or her work hours (badge hours plus 5), his or her salary and bonus, the applicable overtime calculation under state and federal law (such as in California, daily weekly, double time overtime, waiting period, and under Federal and NY law, liquidated damages), prejudgment interest at the applicable state rate, litigation risk discounts (such as the use of the half-time method for calculating overtime) and extrapolations for any time after December 2017. Each individual's resulting aggregate calculation is prorated to the net settlement sum available for distribution.

Based on the allocation described in the Settlement Agreement, your gross settlement payment is estimated to be $<<settlement amount>>. One half of your settlement payment will be treated as wages with taxes withheld and will be reported to the IRS and state tax authorities on a W-2 form. The other half will be treated as non-wage income and will be reported to tax authorities on IRS Form 1099.

INSERT FOR INDIVIDUALS RECEIVING A SERVICE PAYMENT: [Additionally, you will be eligible for a Service payment of $XX if approved by the Court. Service payments will be counted as taxable income without withholding and will be reported to tax authorities on a 1099-XX Form.]

# HOW YOU GET A PAYMENT

**7. How can I get my payment?**

To receive a payment, you do not need to do anything at this time. If the Court grants final approval of the settlement, you will receive a payment in the mail. If your address is different than the address to which this notice was mailed or is expected to change in the next several months, please fill out the enclosed Change of Address Form and deliver it to the Settlement Administrator at:

Insert: Settlement Administrator Contact Information [insert]

**8. When will I get my settlement payment?**

The Court will hold a fairness hearing on **[INSERT DATE]** at **[INSERT TIME]** to decide whether to grant final approval of the settlement. If the Court approves the settlement, the settlement will become final when the time period for any appeals has expired (and extensions of time for seeking to appeal have expired) or any appeals are resolved, and your payment will be mailed to you within fourteen (14) days after the date on which the settlement becomes final. In other words, if there are no appeals, your payment will be mailed to you within **[XX INSERT 14 DAYS + 60 XX]** of the Court's approval order.

# OBJECTING TO THE SETTLEMENT

### 9. How do I tell the Court that I object to the settlement?

You can object to the settlement by submitting a written objection if you do not agree with the settlement or some part of it. You must give reasons why you think the Court should not approve it. To be considered, your objection must be mailed to the Settlement Administrator (contact information listed below), by First Class United States Mail, postage prepaid, and postmarked not later than **[INSERT DATE 60 DAYS FROM THE DATE SETTLEMENT ADMINISTRATOR MAILS THE NOTICE]** and must be received by the Settlement Administrator no later than **[20 days before fairness hearing]**. The objection must include all reasons for your objection. Any reasons not included in the objection will not be considered. The objection must also include the name, home address, and telephone number for the Class Member making the objection. Any Class Member who does not specify his or her objections in writing within the specified time and procedures shall be deemed to have waived all objections and shall not be permitted to make objections to the settlement now or on appeal. The settlement will nonetheless be fully binding on them if finally approved.

Insert: Settlement Administrator Contact Information

# THE LAWYERS REPRESENTING YOU

### 10. Do I have a lawyer in this case?

Yes. The Court has previously determined that the lawyers at the law firm of Getman, Sweeney & Dunn, PLLC, 260 Fair Street, Kingston, NY 12401, are qualified and has appointed them to represent you and all of the other Class Members as "Class Counsel" in this lawsuit. More information about the law firm, their practices, and their lawyers' experience is available at www.getmansweeney.com, or you may call the firm at 845-255-9370.

### 11. How will the lawyers be paid?

The Named Plaintiffs have entered into a retainer agreement with Class Counsel. Under the agreement, Class Counsel has the right to ask the Court to approve up to thirty-three percent (33%) of the settlement amount as their attorneys' fees. However, under the terms of the Settlement Agreement, the Named Plaintiffs and Class Counsel have agreed to ask the Court for no more than twenty-five percent (25%) of the settlement amount as attorneys' fees, plus costs. The fees will compensate Class Counsel for their time since 2014 investigating the facts, litigating the case, trying the case before a jury, and negotiating the settlement, along with bearing the risk that the case might never succeed and they would be paid nothing for their work, and for conferring a benefit upon all Class Members. The lawyers will also ask the Court to approve reimbursement of their out-of-pocket expenses incurred in the case.

# THE COURT'S FAIRNESS HEARING

The Court will hold a final fairness hearing to decide whether to approve the settlement. You may attend the hearing. You may also speak at the hearing if you have previously timely filed a written objection in which you have stated your intention to speak.

## 12. When and where will the Court decide whether to approve the Settlement Agreement?

The Court will hold a fairness hearing at **[INSERT TIME]** on **[INSERT DATE]** at the
United States District Court for the Southern District of New York, Daniel Patrick Moynihan
United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, before United States District Judge
Denise L. Cote, in Courtroom 18B**.**

At the final fairness hearing, the Court will consider whether the settlement, including attorneys' fees and
costs and Service Awards, is fair, reasonable, and adequate. If anyone has submitted any objections, the
Court will consider them at that time. After the hearing, the Court will decide whether to approve the
settlement.

## 13. Do I have to come to the fairness hearing?

No, Class Counsel will represent you at the hearing. Of course, you are welcome to attend (at your own
expense) if you so desire. The Court will consider any objections received in a timely manner, even if the
individual who sent the objection does not appear at the final fairness hearing. You also may pay to have
your own, different lawyer attend the final fairness hearing, but it is not necessary. You will be solely
responsible for the fees and costs of your own attorney, should you choose to hire one.

## 14. May I speak at the fairness hearing?

You may ask the Court for permission for you and/or your personal attorney to speak at the final fairness
hearing if you have previously timely filed a written objection. If you file an objection and wish to appear
and speak at the fairness hearing, you must state your intention to do so in writing as part of your objection,
and failure to so specify that you wish to speak will be deemed a waiver of the right to speak.

# GETTING MORE INFORMATION

## 15. Are there more details about the settlement?

You can obtain more information about the settlement or obtain a copy of the Settlement Agreement by
contacting the Settlement Administrator at:

**[INSERT SETTLEMENT ADMINISTRATOR CONTACT INFO]**

You may also contact Class Counsel at:

Getman, Sweeney & Dunn, PLLC
260 Fair Street
Kingston, NY 12401
(845) 255-9370
www.getmansweeney.com
paralegal@getmansweeney.com

# APPENDIX A

Even if you do not cash, sign, endorse, deposit, or otherwise negotiate your settlement check(s), you fully and forever release Bloomberg and/or its affiliated entities, general partner, Bloomberg Inc., and every and all of their present and former owners, partners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, divisions, subsidiaries, affiliates, benefits plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under, or in concert with any of them, including any party that was or could have been named as a defendant in the Litigation (collectively, the "Released Parties") from "all claims that are based upon, arise out of, or relate to the facts, acts, transactions, occurrences, events, or omissions alleged in the Litigation and that arose during the time that such individual was employed by Bloomberg in a Covered Position up until the Execution Date, including but not limited to wage and hour claims, rights, demands, liabilities, and causes of action that were asserted or could have been asserted, under federal, state, local, or other applicable law in the Litigation (the "Released Claims"). The Released Claims include, without limitation, all claims under any federal, state, and/or local or other wage and hour laws, whether known or unknown, asserted or unasserted, of any kind whatsoever for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest for unpaid regular or overtime wages, any related wage and hour claims, all related derivative benefit claims (both ERISA and non-ERISA benefits), interest on such claims, and attorneys' fees and costs related to such claims, whether at common law, pursuant to statute, ordinance, or regulation, in equity, or otherwise, from the beginning of time through the Execution Date. The Released Claims include without limitation claims asserted in the Litigation and any other claims based on alleged misclassification under state or federal law governing overtime pay; failure to pay overtime; exempt status; denial of meal periods and rest breaks; denial of waiting time, on-call, standby time, or reporting time payments; denial of spread of hours pay; failure to pay wages upon termination; failure to provide itemized wage statements; failure to make payments due to Qualified Class Members had they been classified as nonexempt; failure to provide benefits or benefit credits; failure to keep records of hours worked or compensation due; and penalties for any of the foregoing, including claims under the FLSA, and the laws of any state."

It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims (as defined above) that were or could have been asserted against the Released Parties in this Litigation, whether known or unknown, liquidated or unliquidated. Qualified Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the entry of the order granting Final Approval, Qualified Class Members shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future accruing from the beginning of time through the Execution Date, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. With respect to the Released Claims, any Qualified Class Members who are California Class Members waive all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, understanding the significance of that waiver. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

7

# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

*This is a court-authorized notice. This is not a solicitation from a lawyer.*

## CHANGE OF ADDRESS FORM

**To [Name]:**

We need to be sure we can contact you. In the past, **some people have missed getting their settlement payment** because they did not keep their contact information up-to-date. If your address is different than the address to which the Notice of Class Action Settlement was mailed or is expected to change prior to the mailing of the settlement payment as described in Section 8 of the Notice of Class Action Settlement, please complete this form and send it to the Claims Administrator at the address at the bottom of this form.

NAME: _____

ADDRESS: _____

CITY: _____

STATE: _____ ZIP: _____

PHONE NUMBER (optional): _____

EMAIL ADDRESS: _____

DATE OF ADDRESS CHANGE (PAST OR FUTURE): _____

ALTERNATE CONTACT INFORMATION OF A FAMILY MEMBER OR FRIEND (IN CASE WE CANNOT REACH YOU):

NAME: _____

RELATIONSHIP: _____

ADDRESS: _____

CITY: _____

STATE: _____ ZIP: _____

PHONE NUMBER (optional): _____

Please return this sheet to **[INSERT CLAIMS ADMINISTRATOR CONTACT].**

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**ERIC MICHAEL ROSEMAN, ALEXANDER LEE, and WILLIAM VAN VLEET, individually and on behalf of others similarly situated,**

**Plaintiffs,**

**v.**

**BLOOMBERG L.P.,**

**Defendant.**

**Case No. 14-CV-2657 (DLC) (SDA)**

ECF Case

---

### [PROPOSED] ORDER GRANTING THE PARTIES' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT, AND OTHER RELIEF

WHEREAS, the above-captioned class and collective action (the "Action") is pending before this Court;

WHEREAS, the Court has reviewed the Settlement Agreement and Release dated [June __], 2018 (the "Agreement"), which has been entered into by and among Alexander Lee, Eric Roseman, and William Van Vleet (the "Named Plaintiffs"), individually and on behalf of the classes of individuals they represent (collectively referred to as the "Qualified Class Members") and Bloomberg L.P. ("Bloomberg" or "Defendant");

WHEREAS, the Agreement sets forth the terms and conditions for a settlement and dismissal of the Action, including all defined terms used herein; and,

WHEREAS, the Parties have made an application pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement, and the Court, having read and considered the Agreement and submissions made relating to the Settlement;

1

NOW THEREFORE IT IS HEREBY ORDERED that:

**A.     All Qualified Class Members Included in Settlement**

1.      Except as otherwise specified herein, for purposes of this Order, the Court adopts the definitions of all capitalized terms used herein as set forth in the Agreement.

2.      If final approval is granted, all Class Members, with the exception of Opt-Outs, shall be included as Qualified Class Members and covered by the terms of the Agreement.  The opt-in acknowledgments contained on the backs of the Settlement Checks shall be deemed filed with the Court at the time each Qualified Class Member signs, endorses, deposits, cashes, or negotiates his or her Settlement Checks.  Each Qualified Class Member, regardless of whether such Qualified Class Member cashes, deposits, endorses, signs, or negotiates his or her Settlement Check(s), shall be bound by the release contained in the Agreement.

**B.     Preliminary Approval Of Settlement**

3.      Based upon the Court's review of the Parties' Memorandum of Law in Support of Parties' Motion for Preliminary Approval of Class Settlement, the Declaration of Dan Getman, and all other papers submitted in connection with the Parties' Preliminary Approval Motion, the Court grants preliminary approval of the Settlement memorialized in the Agreement.

4.      The Court preliminarily finds that the Settlement is fair and reasonable, including the proposed attorneys' fees and costs and the proposed Service Payments.

5.      The Court finds, based on the papers submitted, that the Settlement was negotiated at arm's length and was not collusive.  The Court further finds that Class Counsel and Bloomberg's Counsel were fully informed about the strengths and weaknesses of the Classes' case when they entered into the Agreement.

6.      The Court also finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted and is within the range of possible approval such that Class Notice is appropriate.

7.      Accordingly, the Court grants preliminary approval to the Settlement Agreement and the plan of allocation as fair, reasonable, and adequate.

**C.      Final Fairness Hearing**

8.      The Final Fairness Hearing shall be held on__, 2018 at      :___[a.m./p.m.] (as per Section 4.2 of the Settlement Agreement, should be no earlier than 120 days after the filing of the Preliminary Approval Motion) to determine whether to grant final approval to the Agreement.  At the Fairness Hearing, the Court also will consider any petition that may be filed for the payment of attorneys' fees and costs/expenses to Class Counsel and any Service Awards to be made to any Plaintiffs.  Not later than ten (10) days before the Fairness Hearing, the Parties shall submit a Motion for Judgment and Final Approval, and Class Counsel shall submit a motion for an award of attorneys' fees and reimbursement of costs/expenses and for Service Awards.

**D.      Approval of Form and Manner of Class Notice**

9.      The Court finds that the form and methods set forth in the Parties' Preliminary Approval Motion of notifying Qualified Class Members of the Settlement and its terms and conditions meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.  The form and methods set forth in the Parties' Preliminary Approval Motion constitute the best notice practicable under the circumstances, and the detailed information in the Class Notice is adequate to put Class Members on notice of the Settlement.  Accordingly, the Court approves, as to form and content, the Class Notice (Exhibit A to the Agreement) and the Change of Address Form (Exhibit B to the Agreement).

10. The Court further Orders that Qualified Class Members who wish to present objections to the Settlement at the Fairness Hearing must first do so in writing. To be effective, a written objection must be sent to the Settlement Administrator via First Class United States Mail, postage prepaid, and be postmarked no later than 60 calendar days after the Settlement Administrator mails the Settlement Forms. In addition, no objection will be effective if not received by the Settlement Administrator prior to twenty (20) days before the Fairness Hearing. Either Party may file with the Court written responses to any objections by no later than ten (10) days before the Fairness Hearing.

**E.    Settlement Administrator**

11. The Court authorizes Settlement Services Inc. to act as Settlement Administrator as stipulated and detailed in the Settlement Agreement and authorizes the Parties to insert appropriate contact information in the Notice package.

**F.    Cy Pres**

12. The Court approves the Parties' designation of Make the Road NY and The Consortium for Worker Education as the Cy Pres recipients, in equal shares, of undistributed funds as stipulated and detailed in the Settlement Agreement and authorizes the Parties to insert this designation in the Notice package.

It is so ORDERED this_____day of_____, 2018.


_____
Honorable Denise L. Cote
United States District Judge

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ERIC MICHAEL ROSEMAN, ALEXANDER LEE, and WILLIAM VAN VLEET, individually and on behalf of others similarly situated,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**BLOOMBERG L.P.,**<br><br>    **Defendant.** | **Case No. 14-CV-2657 (DLC) (SDA)**<br><br>ECF Case |

### [PROPOSED] ORDER GRANTING THE PARTIES' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS COUNSEL'S FEES AND COSTS AND SERVICE AWARDS

WHEREAS, the above-captioned matters came before the Court on the Parties' Motion for Final Approval of Class Settlement ("Motion for Final Approval and Judgment") (Dkt. No.__) and Plaintiffs' Motion for Approval of Class Counsel's Fees and Costs and Service Awards ("Fees Motion") (Dkt. No.__).

WHEREAS, a Class Action and Collective Action Complaint was filed in the above-captioned action (the "Litigation") on April 14, 2014, and subsequently amended during the Litigation;

WHEREAS, the operative amended complaint asserted claims against Bloomberg under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), and California law for the alleged failure to pay certain overtime amounts to the Named Plaintiffs and all other "Analytics Representatives" who allegedly are similarly situated;

1

WHEREAS, on April 17, 2015, the Court certified the Litigation as a collective action under the FLSA;

WHEREAS, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certified a NYLL class on September 21, 2017, and a California law class on September 25, 2017, and notice issued to the NYLL and California classes pursuant to the Court's Order dated November 14, 2017 (Dkt. 336);

WHEREAS, on [_____, 2018], the parties entered into the final Settlement Agreement and Release (the "Agreement"), which resolves all claims asserted in the Litigation;

WHEREAS, on [_____, 2018], the Parties moved for preliminary approval of the Agreement;

WHEREAS, on [_____, 2018], the Court granted preliminary approval of the Agreement, approved the form of the Notice of Class Action Settlement ("Class Notice"), and authorized the mailing of the Class Notice to the Qualified Class Members;

WHEREAS, the Parties received [___] objections from Qualified Class Members following the distribution of the Class Notice, [if any, include the following: which Plaintiffs submitted to the Court for consideration, and which the Court did consider, in conjunction with their Motion for Final Approval and Judgment];

WHEREAS, on [_____, 2018], the Court held a Fairness Hearing to consider the Settlement and hear arguments from Class Counsel, Bloomberg's Counsel, and [___] Class Members;

NOW, THEREFORE, IT HEREBY IS ORDERED, upon consideration of the Motion for Final Approval and Judgment, the supporting brief and declarations, arguments presented at the Fairness Hearing on [_____, 2018], and the complete record in this matter, for good cause

2

shown, that:

1.      Except as otherwise specified herein, for purposes of this Order, the Court adopts the definitions of all capitalized terms used herein as set forth in the Agreement.

2.      This Court has jurisdiction over the subject matter of this Litigation and all matters relating thereto, and over all Parties.

3.      If, for any reason, the Effective Date does not occur, Defendant shall have no obligation to make any payments provided for in the Agreement; the Agreement shall be deemed null and void; the Agreement, this Order, and any other Court Orders related to settlement, and/or settlement negotiations shall not be cited to, used in, or admissible in any other proceedings with respect to any issues therein; the Litigation shall proceed as though the Agreement had not been executed; the Plaintiffs and Defendant shall return to their respective positions in this Litigation as those positions existed immediately before the Plaintiffs and Defendant executed the Agreement; and none of the information provided by Defendant for the purposes of settlement negotiations or approval shall be used in the Litigation.

4.      The class notice pursuant to this Court's November 14, 2017 Order (Dkt. 336) and the Class Notice (as such term is defined in the Agreement) pursuant to this Court's [_____, 2018] Order, constituted the best notice practicable under the circumstances, were accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and the United States Constitution and any other applicable law.

5.      The Court grants final approval of the Agreement.  The Court finds that the Settlement, including the settlement of FLSA claims, is fair, reasonable, and adequate in all respects, and that it is binding on Qualified Class Members.  The Court specifically finds that the

Settlement is rationally related to the strength of the claims in this case given the risk, expense, complexity, and duration of further litigation.  The Court also finds that the Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the Parties, after thorough factual and legal investigation.

6.      The Court approves the payment of the amount of any Settlement Checks that remain uncashed at the end of the Payout Period, and that are not used to fund the Errors and Omissions Fund, to Make the Road NY and The Consortium for Worker Education as the Cy Pres recipients in accordance with the terms of the Agreement.

7.      The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted.  The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Qualified Class Members are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

8.      The Court approves of the release of the Released Claims, as defined in the Agreement in Sections 10.1 and 10.3, and the release of attorneys' fees and costs in Section 10.2 of the Agreement, both of which shall be binding on all Qualified Class Members.  The Court has reviewed the documents referenced above and finds all of these releases to be fair, reasonable, and enforceable under the FLSA, Fed. R. Civ. P. 23, and all other applicable law.

9.      The Settlement and the fact that the Parties were willing to settle the Litigation will not be described in or offered or received against Bloomberg or any Released Party as evidence of any presumption, concession, or admission by them as to: (i) the truth of any facts alleged in the Litigation; (ii) the validity of any of the claims in the Litigation; (iii) the deficiency of any of Bloomberg's defenses; and/or (iv) any liability or damages in this Litigation.

10.     Evidence of the Agreement to settle on a class basis shall not be described in, or offered or received against Bloomberg or any Released Party in this Litigation or any other civil, criminal, or administrative action.

11.     Neither the Settlement, this Agreement, any documents, statement, proceeding, or conduct related to the Settlement or the Agreement, nor any reports or accounting of those matters, will be described in, or offered or received against Bloomberg or any Released Party, in any further proceeding in the Litigation, or any other civil, criminal, or administrative action or proceeding except for purposes of effectuating the Settlement.

12.     Notwithstanding Sections 9, 10, and 11 above, any and all provisions of the Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any and all terms of the Agreement or in defense of all claims released or barred by the Agreement.

13.     The Parties and Settlement Administrator shall proceed with the administration of the Settlement in accordance with the terms of the Agreement.

14.     By operation of the entry of this Order and the Judgment, all Released Claims are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the release set forth in Sections 10.1 and 10.3 of the Agreement, as to all Qualified Class Members.

15.     This entire case is dismissed in its entirety with prejudice as to all Qualified Class Members.

16.     Without affecting the finality of this Order, the Court will retain jurisdiction over the case after Final Approval solely for purposes of (i) enforcing the Agreement, (ii) addressing Settlement administration disputes, and (iii) addressing such post-judgment matters as may be appropriate under Court rules or applicable law.  The parties shall abide by all terms of the Agreement and this Order.

FURTHERMORE, IT IS HEREBY ORDERED, upon consideration of Plaintiffs' application for service payments, costs, and fees, that:

17.     The Court approves the requested Service Awards to the Named Plaintiffs of $_____ each, as well as the Service Awards to the Trial Witnesses of $_____ each, and to the Non-Testifying Witnesses of $_____ each.  Such Service Awards are in addition to the amounts these individuals will otherwise be eligible to receive as their share of the recovery and shall be paid from the Settlement Amount.  Such Service Awards are to compensate the Named Plaintiffs, Trial Witnesses, and Non-Testifying Witnesses for the time and effort expended in assisting in the prosecution of the Litigation and the ultimate recovery, for the burdens and risks they bore on behalf of the class, and for their efforts in conferring a benefit on the passive class.

18.     The Court approves an award of attorneys' fees in the amount of $_____ ([]% of the Settlement Fund), to be paid from the Settlement Amount.  Such award is reasonable in light of the effort expended and risks undertaken by Class Counsel, and the results of such efforts, including the ultimate recovery obtained.

19.     The Court also awards Class Counsel reimbursement of Litigation expenses, including settlement administration costs, to be paid from the Settlement Amount, in the amount of $_____.

It is so ORDERED this_____day of _____, 2018.


_____
Honorable Denise L. Cote
United States District Judge

6

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ERIC MICHAEL ROSEMAN, ALEXANDER LEE, and WILLIAM VAN VLEET, individually and on behalf of others similarly situated,**<br><br>                                    **Plaintiffs,**<br><br>        **v.**<br><br>**BLOOMBERG L.P.,**<br><br>                                    **Defendant.** | **Case No. 14-CV-2657 (DLC) (SDA)**<br><br>                ECF Case |

## [PROPOSED] FINAL JUDGMENT

WHEREAS, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certified a NYLL class on September 21, 2017, and a California law class on September 25, 2017, and ordered that Notice issue to those classes;

WHEREAS, on [_____, 2018], the Court granted preliminary approval of the Settlement Agreement and Release between the above-captioned Parties in this Litigation (the "Agreement"), approved the form of the Notice of Class Action Settlement ("Class Notice"), and authorized the mailing of Class Notices to the Qualified Class Members ("Preliminary Approval Order");

WHEREAS, on [_____, 2018], the Court entered its Order Granting the Parties' Motion for Final Approval of the Class Settlement and Plaintiffs' Motion for Approval of Attorneys' Fees, Reimbursement of Expenses, and Service Awards (the "Final Approval Order"), granting final approval to the settlement;

1

WHEREAS, in the Final Approval Order, the Court found that the Settlement is fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23(e), the Fair Labor Standards Act, and all other applicable law;

WHEREAS, the Court has found that the Class Notices sent to the Qualified Class Members (as defined in the Agreement) fairly and adequately informed the Qualified Class Members of the terms of the settlement, was consistent with Federal Rule of Civil Procedure 23 and due process, and was given in the manner prescribed by the Agreement and the Preliminary Approval Order; and

WHEREAS, in the Final Approval Order, the Court approved the Settlement Administrator to make payments and distributions and take all measures described in the Agreement as called for in the Final Approval Order;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

This Court hereby enters final judgment in this case approving the Agreement as fair, reasonable, and adequate, and dismisses this case with prejudice, in accordance with the terms of the Agreement and the Final Approval Order.

Class Members (as defined in the Settlement Agreement) received Notice under Rule 23(c)(2) and the Court finds them to be class members bound by this Final Judgment with the exception of those individuals whose initials and UUID numbers are listed on the attached Exhibit A who opted out.

Without affecting the finality of this Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over this action, the Plaintiffs and all other Qualified Class

Members, and the Defendant for the purpose of supervising the implementation, enforcement, construction, and interpretation of the Agreement, the Preliminary Approval Order, the Final Approval Order, and this Final Judgment.

It is so ORDERED this_____day of _____, 2018.


_____

Honorable Denise L. Cote

United States District Judge

3

# EXHIBIT A

**Opt-Outs**

| | UUID | Empl ID | Initials |
|---|---|---|---|
| 1. | 98133 | 3016 | MK |
| 2. | 904760 | 20436 | CM |
| 3. | 940962 | 20865 | CM |
| 4. | 5674055 | 31276 | JF |
| 5. | 4528046 | 33629 | AJ |
| 6. | 4818461 | 34793 | WL |
| 7. | 5014273 | 35856 | JW |
| 8. | 5205230 | 36522 | VL |
| 9. | 5415160 | 37156 | JP |
| 10. | 6891232 | 37699 | SP |
| 11. | 5786603 | 38487 | FP |
| 12. | 5803638 | 38549 | DS |
| 13. | 6300985 | 40138 | AL |
| 14. | 7291001 | 40258 | JL |
| 15. | 6473440 | 41212 | AO |
| 16. | 6626222 | 42041 | FF |
| 17. | 6761453 | 42898 | MF |
| 18. | 6761465 | 42903 | JA |
| 19. | 6761489 | 42904 | MB |
| 20. | 6891200 | 43962 | RM |
| 21. | 7101458 | 44890 | TC |
| 22. | 7101438 | 45037 | JA |
| 23. | 7101502 | 45042 | LF |
| 24. | 8233758 | 45067 | MZ |
| 25. | 8049485 | 45179 | CB |
| 26. | 7420068 | 47330 | KO |
| 27. | 7439107 | 47354 | KT |
| 28. | 7437994 | 47395 | TP |
| 29. | 7656998 | 48402 | RG |
| 30. | 9454210 | 50042 | PT |
| 31. | 9454180 | 50130 | ES |
| 32. | 9229365 | 50434 | KF |
| 33. | 8400394 | 51788 | TL |
| 34. | 8709347 | 52595 | BL |
| 35. | 8925726 | 53222 | MS |
| 36. | 10666584 | 53950 | RC |
| 37. | 10666614 | 53984 | LC |
| 38. | 10908935 | 54020 | WJ |
| 39. | 9803107 | 55468 | ET |
| 40. | 10666619 | 57729 | JM |
| 41. | 11660918 | 59654 | AM |
| 42. | 12174490 | 60539 | AL |
| 43. | 12174640 | 60540 | PD |

1

| | | | |
|---|---|---|---|
| 44. | 12342557 | 61011 | EP |
| 45. | 13806264 | 65027 | VG |
| 46. | 14294388 | 66454 | EO |
| 47. | 14310271 | 66530 | HC |
| 48. | 14337459 | 66763 | JA |
| 49. | 14639957 | 67772 | DS |
| 50. | 15167456 | 68465 | JF |
| 51. | 16233572 | 69681 | NH |
| 52. | 16694435 | 70402 | BO |
| 53. | 16694423 | 70490 | LM |
| 54. | 16759855 | 70680 | JA |
| 55. | 16808121 | 70769 | KB |
| 56. | 16985487 | 71192 | HC |
| 57. | 16985415 | 71217 | SL |
| 58. | 17460514 | 100534 | NB |
| 59. | 18434321 | 101442 | JB |
| 60. | 19478912 | 103178 | BT |
| 61. | 20300599 | 104574 | BA |
| 62. | 20403781 | 104647 | SK |

# EXHIBIT F

**California Class Members**

| | UUID | Empl ID |
|---|---|---|
| 1. | 14375062 | 66823 |
| 2. | 14506746 | 67448 |
| 3. | 9364214 | 54683 |
| 4. | 9364409 | 54721 |
| 5. | 19687446 | 103738 |
| 6. | 19687518 | 103747 |
| 7. | 9364344 | 54690 |
| 8. | 7217010 | 37966 |
| 9. | 8701157 | 52575 |
| 10. | 14375284 | 66827 |
| 11. | 12533423 | 62048 |
| 12. | 13771240 | 64983 |
| 13. | 18434519 | 101452 |
| 14. | 12342389 | 61079 |
| 15. | 11660636 | 59600 |
| 16. | 14506770 | 67479 |
| 17. | 13771264 | 64955 |
| 18. | 16760185 | 70746 |
| 19. | 10795074 | 58115 |
| 20. | 6435622 | 41106 |
| 21. | 10808328 | 58116 |
| 22. | 12533471 | 62103 |
| 23. | 17035107 | 71239 |
| 24. | 8152229 | 50633 |
| 25. | 17035143 | 71283 |
| 26. | 16233548 | 69676 |
| 27. | 9364219 | 54694 |
| 28. | 5205270 | 36548 |
| 29. | 14506740 | 67444 |
| 30. | 12539093 | 62104 |
| 31. | 14506812 | 67427 |
| 32. | 10814934 | 58120 |
| 33. | 7749469 | 48766 |
| 34. | 8152225 | 51041 |
| 35. | 7216994 | 46061 |
| 36. | 9364129 | 50406 |
| 37. | 12502470 | 61861 |
| 38. | 9034384 | 41974 |
| 39. | 8152213 | 45455 |
| 40. | 13771336 | 64977 |
| 41. | 4224099 | 32026 |
| 42. | 18434501 | 101466 |
| 43. | 14506830 | 67475 |

1

| | | |
|---|---|---|
| 44. | 12533219 | 57762 |
| 45. | 19687434 | 103736 |
| 46. | 10795034 | 54199 |
| 47. | 12539964 | 62070 |
| 48. | 10795024 | 54204 |
| 49. | 12568361 | 62121 |
| 50. | 14506764 | 67453 |
| 51. | 13771234 | 64980 |
| 52. | 13771360 | 64989 |
| 53. | 16184144 | 69678 |
| 54. | 9364234 | 54719 |
| 55. | 13771228 | 64975 |
| 56. | 14506782 | 67482 |
| 57. | 7216982 | 46063 |
| 58. | 12533243 | 62072 |
| 59. | 11660852 | 59611 |
| 60. | 8152277 | 51040 |
| 61. | 9034388 | 53488 |
| 62. | 17035179 | 71278 |
| 63. | 12533213 | 57764 |
| 64. | 17035173 | 71252 |
| 65. | 17035149 | 71254 |
| 66. | 9389606 | 54700 |
| 67. | 9364229 | 54702 |
| 68. | 17388775 | 100448 |
| 69. | 12533249 | 62053 |
| 70. | 12342299 | 54013 |
| 71. | 12533231 | 62078 |
| 72. | 12549339 | 62108 |
| 73. | 5241292 | 36668 |
| 74. | 8152221 | 50634 |
| 75. | 14506974 | 67456 |
| 76. | 8152217 | 45451 |
| 77. | 17035203 | 71303 |
| 78. | 19687494 | 103819 |
| 79. | 19687512 | 103743 |
| 80. | 13771252 | 64986 |
| 81. | 9034420 | 53481 |
| 82. | 19687524 | 103734 |
| 83. | 12533357 | 62063 |
| 84. | 8152237 | 50982 |
| 85. | 8148150 | 45917 |
| 86. | 12563513 | 62131 |
| 87. | 11660846 | 59647 |
| 88. | 17035155 | 71207 |
| 89. | 5882890 | 38765 |

| 90.  | 14506818 | 67457  |
|------|----------|--------|
| 91.  | 9034396  | 53479  |
| 92.  | 9364379  | 54689  |
| 93.  | 8152245  | 51042  |
| 94.  | 14506794 | 67435  |
| 95.  | 18434441 | 101437 |
| 96.  | 13771270 | 64940  |
| 97.  | 19687458 | 103824 |
| 98.  | 18434633 | 101455 |
| 99.  | 13771258 | 64953  |
| 100. | 10795029 | 54203  |
| 101. | 13771216 | 64938  |
| 102. | 12533297 | 62094  |
| 103. | 8152241  | 50635  |
| 104. | 16184192 | 69677  |
| 105. | 13771276 | 64957  |
| 106. | 9364359  | 54717  |
| 107. | 13771222 | 64985  |
| 108. | 7796928  | 48900  |
| 109. | 8523066  | 52060  |
| 110. | 14375290 | 66826  |
| 111. | 17035137 | 71253  |
| 112. | 8372162  | 51778  |
| 113. | 12533237 | 62060  |
| 114. | 10795084 | 58096  |
| 115. | 7216998  | 46080  |
| 116. | 14506752 | 67432  |
| 117. | 11660792 | 59631  |
| 118. | 13771246 | 64939  |
| 119. | 14506908 | 67454  |
| 120. | 19687488 | 103825 |
| 121. | 17038869 | 71322  |
| 122. | 18434381 | 101476 |
| 123. | 8152233  | 50984  |
| 124. | 11660930 | 59635  |
| 125. | 9034408  | 53485  |
| 126. | 19687482 | 103740 |
| 127. | 17035113 | 71219  |

# EXHIBIT G

**NYLL Class Members**

|     | UUID     | Empl ID |
|-----|----------|---------|
| 1.  | 4559315  | 33649   |
| 2.  | 13216820 | 63630   |
| 3.  | 16694393 | 70476   |
| 4.  | 5241264  | 36651   |
| 5.  | 7495501  | 47656   |
| 6.  | 6761441  | 42897   |
| 7.  | 16694387 | 70375   |
| 8.  | 12533567 | 62083   |
| 9.  | 7656978  | 48491   |
| 10. | 8482106  | 51991   |
| 11. | 8065410  | 50314   |
| 12. | 12342359 | 61031   |
| 13. | 5132886  | 36314   |
| 14. | 5868695  | 38706   |
| 15. | 4829171  | 34865   |
| 16. | 16233554 | 69688   |
| 17. | 12342131 | 61167   |
| 18. | 18434411 | 101453  |
| 19. | 10090433 | 56098   |
| 20. | 4702472  | 16367   |
| 21. | 9229795  | 54185   |
| 22. | 7903190  | 49498   |
| 23. | 16694405 | 70452   |
| 24. | 13216856 | 63709   |
| 25. | 19478750 | 103230  |
| 26. | 5062461  | 36027   |
| 27. | 14506746 | 67448   |
| 28. | 7330646  | 46804   |
| 29. | 3749752  | 29517   |
| 30. | 3105083  | 27785   |
| 31. | 7499874  | 47657   |
| 32. | 5241268  | 36652   |
| 33. | 12342185 | 61064   |
| 34. | 17460526 | 100489  |
| 35. | 20300503 | 104583  |
| 36. | 4864084  | 35118   |
| 37. | 14066047 | 65672   |
| 38. | 14506716 | 67483   |
| 39. | 7194113  | 45961   |
| 40. | 5593967  | 35010   |
| 41. | 16719465 | 70491   |
| 42. | 17460538 | 100569  |
| 43. | 5162256  | 36404   |

| | | |
|---|---|---|
| 44. | 13806432 | 65035 |
| 45. | 18724026 | 101721 |
| 46. | 19739382 | 103878 |
| 47. | 4949627 | 35592 |
| 48. | 5331974 | 36939 |
| 49. | 19478816 | 103197 |
| 50. | 4917070 | 35522 |
| 51. | 12382469 | 61298 |
| 52. | 14640005 | 67788 |
| 53. | 7291025 | 46403 |
| 54. | 12205315 | 60614 |
| 55. | 9803092 | 55414 |
| 56. | 12533345 | 62045 |
| 57. | 4528014 | 33495 |
| 58. | 9454275 | 54884 |
| 59. | 16760131 | 70693 |
| 60. | 8925734 | 53193 |
| 61. | 1739379 | 25139 |
| 62. | 19739376 | 103893 |
| 63. | 7101594 | 45038 |
| 64. | 11660492 | 59598 |
| 65. | 17460544 | 100571 |
| 66. | 3465471 | 28491 |
| 67. | 12174520 | 60529 |
| 68. | 5099221 | 36163 |
| 69. | 12342665 | 61121 |
| 70. | 12382625 | 53966 |
| 71. | 5205182 | 36520 |
| 72. | 6409326 | 41009 |
| 73. | 9229315 | 50041 |
| 74. | 13567727 | 64549 |
| 75. | 20300275 | 104602 |
| 76. | 5132850 | 36312 |
| 77. | 4477278 | 33298 |
| 78. | 15730950 | 69161 |
| 79. | 16694867 | 70411 |
| 80. | 5786451 | 38484 |
| 81. | 14640113 | 67826 |
| 82. | 7291029 | 46404 |
| 83. | 6409226 | 41017 |
| 84. | 5254712 | 36720 |
| 85. | 5132822 | 36311 |
| 86. | 12174616 | 60526 |
| 87. | 7101378 | 44924 |
| 88. | 7419912 | 42498 |
| 89. | 10103480 | 56173 |

| | | |
|---|---|---|
| 90. | 7101442 | 34920 |
| 91. | 6409266 | 41021 |
| 92. | 5132862 | 36313 |
| 93. | 9229465 | 54160 |
| 94. | 4864184 | 35119 |
| 95. | 12342425 | 61046 |
| 96. | 8709335 | 52681 |
| 97. | 4800694 | 34704 |
| 98. | 8709127 | 52674 |
| 99. | 6409238 | 34836 |
| 100. | 13889122 | 65240 |
| 101. | 8925850 | 53255 |
| 102. | 7330670 | 46807 |
| 103. | 4726350 | 34388 |
| 104. | 4915298 | 35518 |
| 105. | 8709087 | 50091 |
| 106. | 5731691 | 34837 |
| 107. | 14337531 | 66705 |
| 108. | 9229300 | 50115 |
| 109. | 12533207 | 57445 |
| 110. | 6761517 | 42894 |
| 111. | 8233798 | 51397 |
| 112. | 16759921 | 70685 |
| 113. | 14000224 | 65456 |
| 114. | 14337315 | 66666 |
| 115. | 16694531 | 70492 |
| 116. | 5162240 | 36393 |
| 117. | 7826112 | 49153 |
| 118. | 4864108 | 35121 |
| 119. | 18434399 | 101469 |
| 120. | 8233738 | 45184 |
| 121. | 12624942 | 62409 |
| 122. | 5241248 | 36661 |
| 123. | 6891288 | 43905 |
| 124. | 4827439 | 34894 |
| 125. | 14294370 | 66361 |
| 126. | 6891204 | 43963 |
| 127. | 14065939 | 65644 |
| 128. | 7101526 | 44861 |
| 129. | 4983649 | 35749 |
| 130. | 14506728 | 67443 |
| 131. | 5132898 | 36310 |
| 132. | 18724128 | 101728 |
| 133. | 20300323 | 104593 |
| 134. | 11660498 | 59665 |
| 135. | 12342767 | 61039 |

| | | |
|---|---|---|
| 136. | 16760113 | 70700 |
| 137. | 5062533 | 36029 |
| 138. | 8049609 | 50327 |
| 139. | 8709191 | 52677 |
| 140. | 20300329 | 104608 |
| 141. | 16694453 | 70387 |
| 142. | 7068001 | 44915 |
| 143. | 18434513 | 101465 |
| 144. | 7290993 | 40507 |
| 145. | 11660738 | 59670 |
| 146. | 8992169 | 53394 |
| 147. | 4983509 | 35750 |
| 148. | 18434429 | 101467 |
| 149. | 12203412 | 60537 |
| 150. | 16985505 | 71198 |
| 151. | 13216952 | 63631 |
| 152. | 5062473 | 36030 |
| 153. | 19739436 | 103903 |
| 154. | 9388481 | 54759 |
| 155. | 8233822 | 51353 |
| 156. | 6108563 | 39590 |
| 157. | 7828036 | 49159 |
| 158. | 7656974 | 48493 |
| 159. | 14640107 | 67784 |
| 160. | 12415751 | 61340 |
| 161. | 10908930 | 53902 |
| 162. | 7001475 | 44546 |
| 163. | 13216988 | 63695 |
| 164. | 6761553 | 42900 |
| 165. | 13567679 | 64542 |
| 166. | 9803132 | 55412 |
| 167. | 11331612 | 58912 |
| 168. | 4310197 | 32382 |
| 169. | 17460580 | 100524 |
| 170. | 7101422 | 45039 |
| 171. | 5205178 | 36521 |
| 172. | 18434345 | 101471 |
| 173. | 5205174 | 36559 |
| 174. | 5014289 | 35841 |
| 175. | 13216880 | 63699 |
| 176. | 4228008 | 32013 |
| 177. | 4672992 | 34127 |
| 178. | 18434297 | 101441 |
| 179. | 18434489 | 101426 |
| 180. | 9454255 | 54899 |
| 181. | 12650200 | 57433 |

| | | |
|---|---|---|
| 182. | 12650188 | 57489 |
| 183. | 9803062 | 55417 |
| 184. | 12174550 | 60525 |
| 185. | 14065837 | 65657 |
| 186. | 4827583 | 28196 |
| 187. | 9803217 | 55470 |
| 188. | 8925742 | 53175 |
| 189. | 16694411 | 70400 |
| 190. | 13490350 | 64250 |
| 191. | 8233862 | 51405 |
| 192. | 6948779 | 44240 |
| 193. | 12533585 | 62066 |
| 194. | 14506710 | 67476 |
| 195. | 5360830 | 37029 |
| 196. | 16760311 | 70670 |
| 197. | 19739412 | 103906 |
| 198. | 3875912 | 30164 |
| 199. | 13806348 | 65040 |
| 200. | 6891304 | 43921 |
| 201. | 9482120 | 54901 |
| 202. | 7825988 | 49136 |
| 203. | 10908955 | 50100 |
| 204. | 304775 | 15146 |
| 205. | 5162260 | 36406 |
| 206. | 4502963 | 33385 |
| 207. | 9454270 | 54903 |
| 208. | 8233742 | 45189 |
| 209. | 7657070 | 48489 |
| 210. | 12174514 | 60581 |
| 211. | 6761461 | 42908 |
| 212. | 5099169 | 36167 |
| 213. | 12666601 | 62655 |
| 214. | 19739484 | 103907 |
| 215. | 10908950 | 54276 |
| 216. | 9229580 | 54137 |
| 217. | 18434393 | 101470 |
| 218. | 12342137 | 61056 |
| 219. | 7903010 | 49496 |
| 220. | 6409198 | 41011 |
| 221. | 12650410 | 62658 |
| 222. | 16760041 | 70686 |
| 223. | 14506776 | 67455 |
| 224. | 14270203 | 66208 |
| 225. | 5104887 | 36197 |
| 226. | 12533597 | 62067 |
| 227. | 7826052 | 49191 |

| | | |
|---|---|---|
| 228. | 12381899 | 61307 |
| 229. | 12342107 | 61047 |
| 230. | 12650428 | 62636 |
| 231. | 16694327 | 70425 |
| 232. | 9058866 | 53562 |
| 233. | 7656986 | 48490 |
| 234. | 9803157 | 55409 |
| 235. | 13806330 | 65039 |
| 236. | 12342155 | 61061 |
| 237. | 8049665 | 50369 |
| 238. | 16694891 | 70408 |
| 239. | 8709207 | 52682 |
| 240. | 12381719 | 57424 |
| 241. | 9229310 | 50055 |
| 242. | 7101574 | 45849 |
| 243. | 13217006 | 63643 |
| 244. | 7480156 | 47667 |
| 245. | 14294568 | 66372 |
| 246. | 5099193 | 36164 |
| 247. | 9803177 | 55473 |
| 248. | 6891268 | 43889 |
| 249. | 5062529 | 36031 |
| 250. | 3382311 | 27945 |
| 251. | 12533663 | 62082 |
| 252. | 12342599 | 57486 |
| 253. | 19739460 | 103890 |
| 254. | 6825435 | 43422 |
| 255. | 8049653 | 50384 |
| 256. | 10666594 | 53973 |
| 257. | 9182762 | 53874 |
| 258. | 12381695 | 57493 |
| 259. | 11319444 | 58873 |
| 260. | 12650248 | 62627 |
| 261. | 8482062 | 52044 |
| 262. | 5132870 | 36318 |
| 263. | 8482078 | 51997 |
| 264. | 5062493 | 36042 |
| 265. | 8233786 | 40411 |
| 266. | 8481990 | 52027 |
| 267. | 4864192 | 35122 |
| 268. | 10908960 | 58404 |
| 269. | 19478888 | 103176 |
| 270. | 18434369 | 101461 |
| 271. | 6409202 | 41015 |
| 272. | 9803077 | 55408 |
| 273. | 16694807 | 70429 |

| | | |
|---|---|---|
| 274. | 6948899 | 44243 |
| 275. | 7657106 | 48416 |
| 276. | 9454290 | 54896 |
| 277. | 13216676 | 63700 |
| 278. | 4770429 | 34580 |
| 279. | 18434531 | 101446 |
| 280. | 5731679 | 34848 |
| 281. | 6761473 | 42895 |
| 282. | 10101324 | 56065 |
| 283. | 12382613 | 61356 |
| 284. | 10908965 | 53928 |
| 285. | 6948827 | 44272 |
| 286. | 19478708 | 103201 |
| 287. | 15730914 | 69167 |
| 288. | 7478124 | 47638 |
| 289. | 9229290 | 50126 |
| 290. | 5674059 | 34849 |
| 291. | 7902918 | 49452 |
| 292. | 8481978 | 51992 |
| 293. | 13217060 | 63696 |
| 294. | 18724008 | 101723 |
| 295. | 7330650 | 46818 |
| 296. | 8925778 | 53168 |
| 297. | 8048994 | 49998 |
| 298. | 13567817 | 64495 |
| 299. | 4271269 | 32253 |
| 300. | 12674456 | 62640 |
| 301. | 6132778 | 39713 |
| 302. | 14337225 | 66704 |
| 303. | 7101506 | 45040 |
| 304. | 9229475 | 54187 |
| 305. | 9454250 | 54902 |
| 306. | 7420044 | 47402 |
| 307. | 8925810 | 53220 |
| 308. | 6132762 | 39716 |
| 309. | 4949635 | 35601 |
| 310. | 4827559 | 34886 |
| 311. | 5304436 | 36879 |
| 312. | 5973074 | 39097 |
| 313. | 4455436 | 33198 |
| 314. | 4864100 | 35126 |
| 315. | 19478792 | 103158 |
| 316. | 7291021 | 40267 |
| 317. | 4326892 | 32798 |
| 318. | 9229450 | 54158 |
| 319. | 16694369 | 70329 |

| | | |
|------|----------|--------|
| 320. | 5132874 | 36322 |
| 321. | 4949683 | 35595 |
| 322. | 8233858 | 51359 |
| 323. | 4426102 | 33064 |
| 324. | 9803127 | 55407 |
| 325. | 12174736 | 53817 |
| 326. | 13567691 | 64547 |
| 327. | 12342215 | 61073 |
| 328. | 4058431 | 30934 |
| 329. | 18434483 | 101427 |
| 330. | 16694339 | 70324 |
| 331. | 12650578 | 62648 |
| 332. | 5096972 | 36150 |
| 333. | 7749469 | 48766 |
| 334. | 12381689 | 57456 |
| 335. | 18724158 | 101709 |
| 336. | 7330690 | 46819 |
| 337. | 20300581 | 104606 |
| 338. | 7330618 | 46820 |
| 339. | 7657006 | 48496 |
| 340. | 8481998 | 52041 |
| 341. | 4983501 | 35751 |
| 342. | 16337638 | 69810 |
| 343. | 7419932 | 42578 |
| 344. | 7836956 | 49151 |
| 345. | 4273106 | 32240 |
| 346. | 6948735 | 44274 |
| 347. | 4073342 | 30990 |
| 348. | 12174484 | 60532 |
| 349. | 10396925 | 56963 |
| 350. | 14294454 | 66376 |
| 351. | 8049505 | 40470 |
| 352. | 7291065 | 46430 |
| 353. | 10122310 | 56138 |
| 354. | 16719009 | 70559 |
| 355. | 16694441 | 70376 |
| 356. | 12342851 | 61041 |
| 357. | 8482114 | 51993 |
| 358. | 9818950 | 55442 |
| 359. | 14506704 | 67485 |
| 360. | 5593971 | 35076 |
| 361. | 12567725 | 62130 |
| 362. | 5983399 | 37676 |
| 363. | 19739424 | 103900 |
| 364. | 9229320 | 50036 |
| 365. | 10908980 | 58406 |

| | | |
|---|---|---|
| 366. | 16694345 | 70407 |
| 367. | 12650566 | 62639 |
| 368. | 13806342 | 65042 |
| 369. | 7902950 | 49438 |
| 370. | 12174562 | 60528 |
| 371. | 17460592 | 100526 |
| 372. | 6409262 | 41013 |
| 373. | 6984512 | 44505 |
| 374. | 7330718 | 46795 |
| 375. | 16760227 | 70696 |
| 376. | 19739346 | 103857 |
| 377. | 5014325 | 31295 |
| 378. | 7101450 | 45041 |
| 379. | 4770441 | 34564 |
| 380. | 4827595 | 34900 |
| 381. | 16694627 | 70365 |
| 382. | 12674462 | 62653 |
| 383. | 5593975 | 28233 |
| 384. | 8709307 | 52683 |
| 385. | 9454220 | 45141 |
| 386. | 4917158 | 35519 |
| 387. | 13568093 | 64532 |
| 388. | 13216718 | 63636 |
| 389. | 13130011 | 63472 |
| 390. | 677522 | 17995 |
| 391. | 14337483 | 66706 |
| 392. | 5099189 | 36165 |
| 393. | 7656958 | 48425 |
| 394. | 4917182 | 35520 |
| 395. | 7921972 | 49517 |
| 396. | 9810903 | 55429 |
| 397. | 13830355 | 65017 |
| 398. | 15730686 | 69158 |
| 399. | 7291097 | 46431 |
| 400. | 12650434 | 62665 |
| 401. | 7330630 | 46799 |
| 402. | 13806528 | 65073 |
| 403. | 4132792 | 31453 |
| 404. | 7272342 | 46185 |
| 405. | 20300293 | 104607 |
| 406. | 17460502 | 100512 |
| 407. | 6729316 | 42679 |
| 408. | 8233794 | 40278 |
| 409. | 7769511 | 48846 |
| 410. | 14066197 | 65706 |
| 411. | 8482038 | 52026 |

9

| | | |
|---|---|---|
| 412. | 14294400 | 66417 |
| 413. | 11660810 | 59658 |
| 414. | 12566399 | 62100 |
| 415. | 4949675 | 28247 |
| 416. | 13806228 | 65034 |
| 417. | 13409147 | 64104 |
| 418. | 4116866 | 31364 |
| 419. | 13340858 | 63967 |
| 420. | 2765006 | 26894 |
| 421. | 8925806 | 53209 |
| 422. | 8049589 | 45268 |
| 423. | 11660654 | 59672 |
| 424. | 19739406 | 103891 |
| 425. | 8482122 | 51994 |
| 426. | 6891244 | 43894 |
| 427. | 13567667 | 64490 |
| 428. | 5014309 | 35842 |
| 429. | 2890630 | 27460 |
| 430. | 6640284 | 42028 |
| 431. | 8481962 | 52048 |
| 432. | 6132754 | 39717 |
| 433. | 16718853 | 70364 |
| 434. | 7290997 | 40259 |
| 435. | 9454225 | 45102 |
| 436. | 12650206 | 57451 |
| 437. | 16760215 | 70655 |
| 438. | 12342419 | 61007 |
| 439. | 7330642 | 46805 |
| 440. | 4983465 | 35752 |
| 441. | 5241256 | 36656 |
| 442. | 6891256 | 43890 |
| 443. | 9454300 | 54876 |
| 444. | 12382073 | 61390 |
| 445. | 6948755 | 44275 |
| 446. | 5014313 | 35843 |
| 447. | 4358803 | 32659 |
| 448. | 4983469 | 35753 |
| 449. | 7101486 | 44888 |
| 450. | 12419165 | 61362 |
| 451. | 17460616 | 100562 |
| 452. | 6948839 | 44278 |
| 453. | 20300233 | 104604 |
| 454. | 12382439 | 61323 |
| 455. | 5674071 | 38217 |
| 456. | 19739478 | 103858 |
| 457. | 8482154 | 51995 |

| | | |
|---|---|---|
| 458. | 6891252 | 43922 |
| 459. | 10103435 | 56180 |
| 460. | 7656982 | 48405 |
| 461. | 14294490 | 66460 |
| 462. | 12650224 | 57440 |
| 463. | 13216724 | 63688 |
| 464. | 9454205 | 50050 |
| 465. | 4983497 | 35754 |
| 466. | 15730920 | 69166 |
| 467. | 4475798 | 33288 |
| 468. | 5062521 | 31387 |
| 469. | 14294802 | 66377 |
| 470. | 12382457 | 61365 |
| 471. | 12533441 | 62105 |
| 472. | 14294418 | 66298 |
| 473. | 12650242 | 62619 |
| 474. | 6948739 | 44249 |
| 475. | 14506866 | 67449 |
| 476. | 7101358 | 40416 |
| 477. | 14295138 | 66495 |
| 478. | 7826056 | 49142 |
| 479. | 8233818 | 51366 |
| 480. | 7330654 | 46796 |
| 481. | 12567731 | 62123 |
| 482. | 13806636 | 65086 |
| 483. | 12382085 | 61387 |
| 484. | 9454245 | 54898 |
| 485. | 11098254 | 58672 |
| 486. | 9229440 | 54197 |
| 487. | 12174544 | 60531 |
| 488. | 6948819 | 44283 |
| 489. | 4827555 | 34887 |
| 490. | 8529580 | 52160 |
| 491. | 14547603 | 67548 |
| 492. | 4986726 | 35802 |
| 493. | 4349655 | 32618 |
| 494. | 17460550 | 100566 |
| 495. | 3941149 | 30426 |
| 496. | 11660714 | 59637 |
| 497. | 13806402 | 65043 |
| 498. | 18434339 | 101425 |
| 499. | 18434405 | 101462 |
| 500. | 8709119 | 52684 |
| 501. | 12174700 | 60534 |
| 502. | 12342485 | 61082 |
| 503. | 7826120 | 49056 |

| | | |
|---|---|---|
| 504. | 5099133 | 36166 |
| 505. | 7101430 | 45044 |
| 506. | 13806390 | 65052 |
| 507. | 7825992 | 49131 |
| 508. | 7908392 | 49473 |
| 509. | 6761449 | 42906 |
| 510. | 5926484 | 38898 |
| 511. | 20300341 | 104661 |
| 512. | 10396920 | 56964 |
| 513. | 3540006 | 28741 |
| 514. | 9229430 | 54183 |
| 515. | 7902982 | 49440 |
| 516. | 12342119 | 57462 |
| 517. | 4827455 | 34891 |
| 518. | 6204390 | 39936 |
| 519. | 4698071 | 34223 |
| 520. | 7826028 | 49165 |
| 521. | 7330622 | 46797 |
| 522. | 12650218 | 57423 |
| 523. | 4917074 | 31231 |
| 524. | 4554942 | 33628 |
| 525. | 10908945 | 53901 |
| 526. | 5241280 | 36663 |
| 527. | 16694429 | 70383 |
| 528. | 14931312 | 68220 |
| 529. | 13806288 | 65028 |
| 530. | 8925746 | 53176 |
| 531. | 11660576 | 59632 |
| 532. | 13567829 | 64561 |
| 533. | 5254708 | 36716 |
| 534. | 19478510 | 103200 |
| 535. | 10468676 | 55391 |
| 536. | 12382685 | 61416 |
| 537. | 6891300 | 43900 |
| 538. | 641857 | 17721 |
| 539. | 12650194 | 57439 |
| 540. | 12678857 | 62657 |
| 541. | 12174478 | 60536 |
| 542. | 5014277 | 35844 |
| 543. | 12382001 | 61320 |
| 544. | 14337255 | 66734 |
| 545. | 5228514 | 36629 |
| 546. | 5205170 | 36560 |
| 547. | 8049477 | 45145 |
| 548. | 4916238 | 35521 |
| 549. | 16985535 | 71212 |

| | | |
|---|---|---|
| 550. | 13806522 | 65064 |
| 551. | 6761573 | 37492 |
| 552. | 7829348 | 49160 |
| 553. | 7158065 | 45584 |
| 554. | 8709215 | 52686 |
| 555. | 12402546 | 61311 |
| 556. | 7419956 | 47401 |
| 557. | 1211293 | 23148 |
| 558. | 5162244 | 36405 |
| 559. | 13567973 | 64552 |
| 560. | 16233584 | 69699 |
| 561. | 19478852 | 103202 |
| 562. | 13216700 | 63708 |
| 563. | 14066077 | 65650 |
| 564. | 7419924 | 47409 |
| 565. | 5062489 | 36033 |
| 566. | 4426114 | 33057 |
| 567. | 872346 | 19930 |
| 568. | 19478804 | 103157 |
| 569. | 13568105 | 64596 |
| 570. | 10908885 | 54016 |
| 571. | 14310265 | 66532 |
| 572. | 4917094 | 31246 |
| 573. | 4949671 | 28251 |
| 574. | 10908915 | 53959 |
| 575. | 13567703 | 64488 |
| 576. | 5731699 | 38336 |
| 577. | 6948847 | 44279 |
| 578. | 6365797 | 40821 |
| 579. | 12382577 | 61322 |
| 580. | 19478924 | 103222 |
| 581. | 9229460 | 54159 |
| 582. | 79121 | 2648 |
| 583. | 12342683 | 61089 |
| 584. | 16985427 | 71228 |
| 585. | 13216970 | 63702 |
| 586. | 7419952 | 47410 |
| 587. | 12342179 | 61059 |
| 588. | 7903082 | 49454 |
| 589. | 19739400 | 103892 |
| 590. | 16985631 | 71204 |
| 591. | 7825976 | 49163 |
| 592. | 11736936 | 59737 |
| 593. | 14294628 | 66451 |
| 594. | 10908895 | 49797 |
| 595. | 14294646 | 66325 |

13

| | | |
|---|---|---|
| 596. | 15730662 | 69175 |
| 597. | 12342713 | 57515 |
| 598. | 4917066 | 35523 |
| 599. | 14294808 | 66382 |
| 600. | 7291017 | 40506 |
| 601. | 7330722 | 46836 |
| 602. | 5241252 | 36667 |
| 603. | 7657026 | 48396 |
| 604. | 4983493 | 35755 |
| 605. | 12349176 | 61203 |
| 606. | 7330742 | 46801 |
| 607. | 12607140 | 62263 |
| 608. | 7656874 | 48403 |
| 609. | 7101470 | 44925 |
| 610. | 16694507 | 70460 |
| 611. | 5062537 | 36034 |
| 612. | 5593983 | 28323 |
| 613. | 18724074 | 101726 |
| 614. | 13567811 | 64568 |
| 615. | 6891260 | 43911 |
| 616. | 4800590 | 34725 |
| 617. | 494338 | 16608 |
| 618. | 7478132 | 47626 |
| 619. | 11244793 | 58838 |
| 620. | 5014285 | 35845 |
| 621. | 4917058 | 35524 |
| 622. | 6948915 | 44344 |
| 623. | 7179667 | 45846 |
| 624. | 16233518 | 69697 |
| 625. | 18434351 | 101444 |
| 626. | 19478744 | 103229 |
| 627. | 12563525 | 62120 |
| 628. | 4864092 | 35123 |
| 629. | 6508547 | 41350 |
| 630. | 12342113 | 61052 |
| 631. | 6955068 | 44345 |
| 632. | 5241260 | 36675 |
| 633. | 17460472 | 100503 |
| 634. | 8482006 | 51996 |
| 635. | 4949607 | 35597 |
| 636. | 4282772 | 32291 |
| 637. | 5360826 | 37031 |
| 638. | 16694543 | 70445 |
| 639. | 11290018 | 58913 |
| 640. | 14294742 | 66329 |
| 641. | 16694465 | 70423 |

14

| | | |
|---|---|---|
| 642. | 13568063 | 64586 |
| 643. | 9454280 | 54865 |
| 644. | 4611851 | 33915 |
| 645. | 4916542 | 35525 |
| 646. | 7903266 | 49527 |
| 647. | 7656994 | 48385 |
| 648. | 7330682 | 46837 |
| 649. | 12533555 | 62084 |
| 650. | 7419996 | 47411 |
| 651. | 12382589 | 61313 |
| 652. | 6640292 | 42025 |
| 653. | 10908880 | 53913 |
| 654. | 14174697 | 65933 |
| 655. | 6948791 | 44280 |
| 656. | 7905403 | 49500 |
| 657. | 7330726 | 46838 |
| 658. | 5205278 | 27249 |
| 659. | 18723870 | 101722 |
| 660. | 12174598 | 60516 |
| 661. | 8049641 | 37686 |
| 662. | 16233530 | 69690 |
| 663. | 7291009 | 40272 |
| 664. | 4611847 | 33916 |
| 665. | 12382583 | 61338 |
| 666. | 7101494 | 45045 |
| 667. | 7101418 | 45047 |
| 668. | 7101602 | 45049 |
| 669. | 8049621 | 50378 |
| 670. | 5014297 | 35847 |
| 671. | 11676511 | 59605 |
| 672. | 3740870 | 29440 |
| 673. | 16694333 | 70401 |
| 674. | 4116586 | 31357 |
| 675. | 12394005 | 61254 |
| 676. | 4917062 | 35526 |
| 677. | 5983411 | 39134 |
| 678. | 16233590 | 69689 |
| 679. | 8709323 | 52687 |
| 680. | 8049465 | 45151 |
| 681. | 7904138 | 49514 |
| 682. | 8049633 | 50365 |
| 683. | 7291033 | 46406 |
| 684. | 4030705 | 30790 |
| 685. | 8233790 | 45108 |
| 686. | 648982 | 17794 |
| 687. | 8925762 | 53169 |

| | | |
|---|---|---|
| 688. | 7915038 | 49508 |
| 689. | 5986107 | 39115 |
| 690. | 6948855 | 44282 |
| 691. | 13216712 | 63703 |
| 692. | 4637607 | 34020 |
| 693. | 11098159 | 58667 |
| 694. | 7101362 | 40253 |
| 695. | 9454200 | 50066 |
| 696. | 12348906 | 61181 |
| 697. | 8090265 | 50569 |
| 698. | 4356166 | 32686 |
| 699. | 6948751 | 44242 |
| 700. | 6891308 | 43887 |
| 701. | 10908900 | 50053 |
| 702. | 7291085 | 46402 |
| 703. | 5134566 | 36319 |
| 704. | 4915806 | 35527 |
| 705. | 8233766 | 45110 |
| 706. | 7330698 | 46800 |
| 707. | 6409270 | 41020 |
| 708. | 8709343 | 52594 |
| 709. | 4099204 | 31114 |
| 710. | 14294412 | 66332 |
| 711. | 4949663 | 31223 |
| 712. | 7605020 | 48145 |
| 713. | 4653965 | 34064 |
| 714. | 12650212 | 57454 |
| 715. | 7825960 | 49190 |
| 716. | 10634416 | 50213 |
| 717. | 13806258 | 65084 |
| 718. | 8482022 | 52045 |
| 719. | 7101582 | 45050 |
| 720. | 5623026 | 37993 |
| 721. | 629286 | 17635 |
| 722. | 8233878 | 51399 |
| 723. | 16760287 | 70657 |
| 724. | 6948879 | 44251 |
| 725. | 12650536 | 62608 |
| 726. | 12650314 | 62666 |
| 727. | 9359749 | 54594 |
| 728. | 8049677 | 50331 |
| 729. | 15730644 | 69182 |
| 730. | 9454285 | 54900 |
| 731. | 7903110 | 49462 |
| 732. | 14337591 | 66767 |
| 733. | 4827551 | 34888 |

16

| | | |
|---|---|---|
| 734. | 10103385 | 56156 |
| 735. | 10666639 | 54001 |
| 736. | 18724200 | 101712 |
| 737. | 19478588 | 103226 |
| 738. | 14506824 | 67490 |
| 739. | 6891292 | 43906 |
| 740. | 12533273 | 62075 |
| 741. | 5014317 | 35849 |
| 742. | 7291057 | 46432 |
| 743. | 14030684 | 65560 |
| 744. | 10103460 | 56165 |
| 745. | 15730650 | 69195 |
| 746. | 4770445 | 34565 |
| 747. | 8233802 | 51166 |
| 748. | 12382559 | 61371 |
| 749. | 10666609 | 45194 |
| 750. | 9454195 | 50069 |
| 751. | 20300209 | 104560 |
| 752. | 12174610 | 60518 |
| 753. | 6722538 | 42615 |
| 754. | 8233754 | 45112 |
| 755. | 7291109 | 46457 |
| 756. | 6948795 | 44244 |
| 757. | 12650416 | 62656 |
| 758. | 16759825 | 70625 |
| 759. | 8049657 | 50364 |
| 760. | 13568057 | 64578 |
| 761. | 18723726 | 101741 |
| 762. | 11660864 | 59659 |
| 763. | 10103550 | 56183 |
| 764. | 5674051 | 34862 |
| 765. | 12650572 | 62625 |
| 766. | 7419908 | 47399 |
| 767. | 5786395 | 35239 |
| 768. | 4949643 | 35596 |
| 769. | 6765474 | 42901 |
| 770. | 9229390 | 50122 |
| 771. | 10103420 | 56187 |
| 772. | 20300311 | 104576 |
| 773. | 12382175 | 61373 |
| 774. | 11290054 | 58910 |
| 775. | 12381833 | 57545 |
| 776. | 16694363 | 70466 |
| 777. | 11660780 | 59638 |
| 778. | 12545712 | 62122 |
| 779. | 12533303 | 62056 |

| | | |
|---|---|---|
| 780. | 10908975 | 58407 |
| 781. | 11983609 | 60147 |
| 782. | 6957875 | 44375 |
| 783. | 10103365 | 53964 |
| 784. | 4452791 | 33173 |
| 785. | 6132774 | 39719 |
| 786. | 14310259 | 66534 |
| 787. | 7291081 | 46458 |
| 788. | 10634976 | 57474 |
| 789. | 8482086 | 52042 |
| 790. | 12342299 | 54013 |
| 791. | 13035174 | 63251 |
| 792. | 6409210 | 41010 |
| 793. | 10908925 | 50079 |
| 794. | 8925722 | 53226 |
| 795. | 7478152 | 47659 |
| 796. | 9229400 | 50047 |
| 797. | 7903206 | 49497 |
| 798. | 15730872 | 69156 |
| 799. | 7101498 | 40250 |
| 800. | 7825940 | 49055 |
| 801. | 10795044 | 58102 |
| 802. | 7101366 | 37728 |
| 803. | 5288502 | 36825 |
| 804. | 12342833 | 61150 |
| 805. | 10128637 | 56148 |
| 806. | 7419928 | 47297 |
| 807. | 18434333 | 101472 |
| 808. | 12559918 | 62089 |
| 809. | 7330694 | 46802 |
| 810. | 6948887 | 44241 |
| 811. | 10908940 | 54019 |
| 812. | 4583123 | 33739 |
| 813. | 6761497 | 42893 |
| 814. | 14506848 | 67438 |
| 815. | 7291049 | 46408 |
| 816. | 15730866 | 69160 |
| 817. | 4949667 | 28263 |
| 818. | 9454190 | 50123 |
| 819. | 7291053 | 46429 |
| 820. | 13806456 | 65099 |
| 821. | 9454215 | 45203 |
| 822. | 14295006 | 66591 |
| 823. | 12672818 | 62674 |
| 824. | 5926488 | 38944 |
| 825. | 20300443 | 104648 |

| | | |
|---|---|---|
| 826. | 4827443 | 34889 |
| 827. | 4827459 | 34892 |
| 828. | 12381731 | 61380 |
| 829. | 5062465 | 36026 |
| 830. | 5099097 | 36173 |
| 831. | 6761509 | 42907 |
| 832. | 13806606 | 65038 |
| 833. | 6783346 | 43135 |
| 834. | 15730938 | 69179 |
| 835. | 14066161 | 65705 |
| 836. | 8049577 | 50275 |
| 837. | 12174652 | 60533 |
| 838. | 5241284 | 36674 |
| 839. | 19739364 | 103894 |
| 840. | 3900101 | 30264 |
| 841. | 5132854 | 36317 |
| 842. | 10666574 | 53907 |
| 843. | 12382565 | 62087 |
| 844. | 14065735 | 65645 |
| 845. | 7825964 | 49135 |
| 846. | 4502955 | 33386 |
| 847. | 14065765 | 65646 |
| 848. | 12174634 | 60565 |
| 849. | 6891272 | 43910 |
| 850. | 14639975 | 67774 |
| 851. | 7826060 | 49183 |
| 852. | 7657010 | 48384 |
| 853. | 9229405 | 50037 |
| 854. | 11660558 | 59664 |
| 855. | 3687866 | 29173 |
| 856. | 6041666 | 39350 |
| 857. | 6761501 | 42910 |
| 858. | 14295114 | 66567 |
| 859. | 4917098 | 31214 |
| 860. | 12650602 | 62635 |
| 861. | 16233512 | 69692 |
| 862. | 3654231 | 29094 |
| 863. | 12381707 | 57431 |
| 864. | 6041662 | 39349 |
| 865. | 7330674 | 46803 |
| 866. | 12382379 | 61309 |
| 867. | 12342569 | 61128 |
| 868. | 12650236 | 62621 |
| 869. | 15730848 | 69121 |
| 870. | 4983521 | 35757 |
| 871. | 6845171 | 43608 |

19

| | | |
|---|---|---|
| 872. | 8482170 | 52012 |
| 873. | 4116830 | 31347 |
| 874. | 3384677 | 28128 |
| 875. | 10090428 | 56102 |
| 876. | 7291073 | 46433 |
| 877. | 6948835 | 44248 |
| 878. | 16985493 | 71214 |
| 879. | 7478148 | 47661 |
| 880. | 13806252 | 65050 |
| 881. | 4770449 | 34561 |
| 882. | 7419972 | 47296 |
| 883. | 7419960 | 47295 |
| 884. | 4625260 | 33968 |
| 885. | 12342293 | 61076 |
| 886. | 19478894 | 103168 |
| 887. | 14065729 | 65689 |
| 888. | 9229715 | 54191 |
| 889. | 4585824 | 33793 |
| 890. | 20300485 | 104605 |
| 891. | 16985439 | 71218 |
| 892. | 7419976 | 47396 |
| 893. | 8233866 | 51360 |
| 894. | 3878433 | 30163 |
| 895. | 14337489 | 66710 |
| 896. | 16694321 | 70355 |
| 897. | 5537168 | 36962 |
| 898. | 14640071 | 67796 |
| 899. | 7654685 | 48386 |
| 900. | 816597 | 19424 |
| 901. | 20300299 | 104610 |
| 902. | 16759999 | 70674 |
| 903. | 4726354 | 34399 |
| 904. | 14506722 | 67469 |
| 905. | 8925826 | 53223 |
| 906. | 19739466 | 103905 |
| 907. | 11660696 | 59641 |
| 908. | 18724134 | 101725 |
| 909. | 7657038 | 48397 |
| 910. | 10396930 | 56962 |
| 911. | 5014301 | 35851 |
| 912. | 5014441 | 22451 |
| 913. | 5116940 | 36254 |
| 914. | 9229335 | 50052 |
| 915. | 14337495 | 66746 |
| 916. | 10666634 | 57717 |
| 917. | 12533513 | 62074 |

| | | |
|---|---|---|
| 918. | 9803067 | 55467 |
| 919. | 5062469 | 36035 |
| 920. | 11829870 | 59859 |
| 921. | 15730986 | 69210 |
| 922. | 5132878 | 36326 |
| 923. | 19739394 | 103879 |
| 924. | 7438999 | 47299 |
| 925. | 12545040 | 61908 |
| 926. | 6948787 | 44284 |
| 927. | 8709223 | 52615 |
| 928. | 12180744 | 40847 |
| 929. | 4148168 | 31647 |
| 930. | 739782 | 18625 |
| 931. | 8049585 | 50334 |
| 932. | 10103545 | 56184 |
| 933. | 19478858 | 103156 |
| 934. | 12533609 | 62124 |
| 935. | 11660564 | 59643 |
| 936. | 16764835 | 70733 |
| 937. | 16694513 | 70434 |
| 938. | 10908905 | 50140 |
| 939. | 11660786 | 59645 |
| 940. | 12174526 | 60578 |
| 941. | 5132890 | 36315 |
| 942. | 5786399 | 34916 |
| 943. | 5062481 | 36036 |
| 944. | 8049617 | 50370 |
| 945. | 16694549 | 70567 |
| 946. | 12673292 | 62632 |
| 947. | 18434423 | 101451 |
| 948. | 7656882 | 48395 |
| 949. | 8233806 | 51368 |
| 950. | 14065987 | 65641 |
| 951. | 7825952 | 49182 |
| 952. | 16233632 | 69693 |
| 953. | 11660438 | 57514 |
| 954. | 7330666 | 46815 |
| 955. | 20300365 | 104603 |
| 956. | 8709331 | 52616 |
| 957. | 8233830 | 51395 |
| 958. | 12342125 | 61049 |
| 959. | 10666624 | 53991 |
| 960. | 18723852 | 101736 |
| 961. | 16233566 | 69680 |
| 962. | 6761445 | 42890 |
| 963. | 18724056 | 101720 |

| | | |
|---|---|---|
| 964. | 12382727 | 61379 |
| 965. | 16694357 | 70440 |
| 966. | 6761477 | 42891 |
| 967. | 13216904 | 63686 |
| 968. | 10666599 | 50863 |
| 969. | 12174628 | 60570 |
| 970. | 8317529 | 51542 |
| 971. | 15225846 | 68533 |
| 972. | 8233834 | 51352 |
| 973. | 7291005 | 40255 |
| 974. | 16233620 | 69682 |
| 975. | 5099113 | 36171 |
| 976. | 13216862 | 63684 |
| 977. | 4864088 | 35125 |
| 978. | 16694711 | 70427 |
| 979. | 6891236 | 43961 |
| 980. | 12382145 | 61370 |
| 981. | 7330730 | 46827 |
| 982. | 4726362 | 34403 |
| 983. | 7656970 | 48392 |
| 984. | 7495497 | 47664 |
| 985. | 4698067 | 34225 |
| 986. | 10103440 | 56181 |
| 987. | 7291041 | 46407 |
| 988. | 5062485 | 36038 |
| 989. | 12381701 | 57518 |
| 990. | 2392351 | 26421 |
| 991. | 9229435 | 54208 |
| 992. | 4983545 | 35758 |
| 993. | 10666589 | 53998 |
| 994. | 13567949 | 64567 |
| 995. | 8233774 | 45123 |
| 996. | 9229325 | 45066 |
| 997. | 10666604 | 54771 |
| 998. | 10103555 | 56179 |
| 999. | 12342395 | 61137 |
| 1000. | 9229285 | 50133 |
| 1001. | 7826128 | 49184 |
| 1002. | 16985529 | 71194 |
| 1003. | 15730932 | 69209 |
| 1004. | 4827567 | 34879 |
| 1005. | 9229305 | 50105 |
| 1006. | 4983473 | 35787 |
| 1007. | 8233846 | 51400 |
| 1008. | 7657018 | 48393 |
| 1009. | 11660858 | 59629 |

| | | |
|---|---|---|
| 1010. | 10666644 | 57718 |
| 1011. | 11660690 | 59614 |
| 1012. | 12650530 | 62638 |
| 1013. | 8482166 | 52000 |
| 1014. | 10666649 | 57719 |
| 1015. | 8925830 | 53251 |
| 1016. | 8049637 | 50351 |
| 1017. | 14294436 | 66348 |
| 1018. | 6761481 | 42905 |
| 1019. | 4295524 | 32365 |
| 1020. | 14337279 | 66732 |
| 1021. | 14065879 | 65702 |
| 1022. | 4864164 | 35128 |
| 1023. | 14294472 | 66350 |
| 1024. | 13806336 | 65046 |
| 1025. | 8049649 | 50352 |
| 1026. | 12342167 | 61062 |
| 1027. | 4983533 | 31392 |
| 1028. | 12533675 | 62081 |
| 1029. | 6891248 | 43903 |
| 1030. | 6891296 | 43898 |
| 1031. | 16759939 | 70632 |
| 1032. | 12382391 | 61314 |
| 1033. | 8481986 | 52032 |
| 1034. | 12650254 | 57422 |
| 1035. | 4983481 | 35790 |
| 1036. | 12174604 | 60563 |
| 1037. | 9807772 | 55430 |
| 1038. | 13546671 | 64341 |
| 1039. | 7419916 | 28315 |
| 1040. | 4770453 | 34566 |
| 1041. | 4044409 | 30835 |
| 1042. | 10666654 | 57720 |
| 1043. | 7419988 | 47397 |
| 1044. | 14639939 | 67759 |
| 1045. | 12650332 | 62660 |
| 1046. | 17460574 | 100496 |
| 1047. | 4021655 | 30709 |
| 1048. | 5099109 | 36178 |
| 1049. | 8049457 | 40395 |
| 1050. | 8925738 | 53221 |
| 1051. | 10372267 | 56701 |
| 1052. | 18434357 | 101443 |
| 1053. | 9454230 | 45064 |
| 1054. | 4949611 | 35602 |
| 1055. | 7903122 | 49515 |

23

| | | |
|---|---|---|
| 1056. | 7330638 | 46828 |
| 1057. | 16694399 | 70404 |
| 1058. | 6948803 | 44247 |
| 1059. | 5241288 | 36673 |
| 1060. | 11795647 | 59872 |
| 1061. | 9229425 | 54181 |
| 1062. | 12533687 | 62115 |
| 1063. | 15730812 | 69146 |
| 1064. | 8233838 | 51306 |
| 1065. | 7825956 | 49144 |
| 1066. | 15769045 | 69211 |
| 1067. | 5162276 | 36408 |
| 1068. | 3683535 | 29150 |
| 1069. | 4583127 | 33738 |
| 1070. | 4949679 | 15167 |
| 1071. | 14065741 | 65685 |
| 1072. | 19478666 | 103227 |
| 1073. | 5510677 | 37360 |
| 1074. | 6891216 | 43960 |
| 1075. | 13806360 | 65044 |
| 1076. | 14337243 | 66648 |
| 1077. | 8049645 | 50374 |
| 1078. | 5132866 | 36323 |
| 1079. | 14066203 | 65667 |
| 1080. | 466291 | 16437 |
| 1081. | 9455555 | 54885 |
| 1082. | 6948747 | 44245 |
| 1083. | 4116554 | 31345 |
| 1084. | 7101522 | 44889 |
| 1085. | 4295544 | 32363 |
| 1086. | 7291077 | 46434 |
| 1087. | 11660888 | 59644 |
| 1088. | 12342593 | 61087 |
| 1089. | 14294712 | 66500 |
| 1090. | 12794155 | 62878 |
| 1091. | 16233662 | 69694 |
| 1092. | 14294586 | 66458 |
| 1093. | 8709135 | 52625 |
| 1094. | 14639927 | 67761 |
| 1095. | 7478116 | 47637 |
| 1096. | 12533693 | 62111 |
| 1097. | 12382505 | 61332 |
| 1098. | 10103375 | 56161 |
| 1099. | 5104722 | 36191 |
| 1100. | 7478128 | 47628 |
| 1101. | 5162236 | 36410 |

| | | |
|---|---|---|
| 1102. | 4504920 | 33394 |
| 1103. | 4554946 | 33636 |
| 1104. | 15730908 | 69171 |
| 1105. | 9229420 | 54174 |
| 1106. | 4917186 | 35530 |
| 1107. | 4194994 | 31863 |
| 1108. | 6948859 | 44253 |
| 1109. | 7420048 | 47398 |
| 1110. | 12381863 | 57432 |
| 1111. | 17460634 | 100528 |
| 1112. | 12342335 | 61027 |
| 1113. | 14337303 | 66707 |
| 1114. | 4983513 | 35796 |
| 1115. | 7330662 | 46839 |
| 1116. | 4983477 | 35799 |
| 1117. | 4800690 | 31099 |
| 1118. | 5014269 | 35852 |
| 1119. | 5062541 | 36037 |
| 1120. | 5099177 | 36174 |
| 1121. | 4313763 | 32447 |
| 1122. | 10908920 | 53967 |
| 1123. | 4371705 | 32800 |
| 1124. | 12533633 | 62057 |
| 1125. | 16985517 | 71195 |
| 1126. | 8925854 | 53260 |
| 1127. | 14337567 | 66709 |
| 1128. | 14640101 | 67795 |
| 1129. | 7291061 | 40903 |
| 1130. | 16694615 | 70568 |
| 1131. | 13806276 | 65105 |
| 1132. | 12533339 | 62128 |
| 1133. | 8117070 | 50748 |
| 1134. | 14294424 | 66386 |
| 1135. | 7657022 | 48394 |
| 1136. | 13216736 | 63642 |
| 1137. | 4983517 | 35798 |
| 1138. | 8482094 | 51987 |
| 1139. | 16760209 | 70678 |
| 1140. | 12566393 | 62125 |
| 1141. | 18434375 | 101445 |
| 1142. | 12925614 | 63086 |
| 1143. | 7291069 | 46436 |
| 1144. | 19478882 | 103128 |
| 1145. | 19478864 | 103259 |
| 1146. | 5162280 | 36411 |
| 1147. | 5674063 | 28204 |

25

| | | |
|---|---|---|
| 1148. | 9803207 | 55471 |
| 1149. | 6132750 | 39720 |
| 1150. | 8049525 | 50375 |
| 1151. | 8215586 | 52108 |
| 1152. | 4371729 | 32794 |
| 1153. | 12382079 | 61385 |
| 1154. | 8233882 | 51396 |
| 1155. | 9915007 | 55614 |
| 1156. | 6132794 | 39722 |
| 1157. | 6948807 | 44254 |
| 1158. | 7495493 | 47666 |
| 1159. | 8709103 | 52619 |
| 1160. | 10103425 | 56185 |
| 1161. | 4864112 | 35117 |
| 1162. | 3713483 | 29272 |
| 1163. | 8925790 | 53254 |
| 1164. | 6409274 | 41018 |
| 1165. | 6409386 | 41023 |
| 1166. | 4864172 | 35127 |
| 1167. | 14640011 | 67773 |
| 1168. | 8482046 | 52049 |
| 1169. | 12382097 | 57547 |
| 1170. | 12174580 | 60548 |
| 1171. | 8482018 | 52051 |
| 1172. | 14640035 | 67766 |
| 1173. | 13129837 | 63510 |
| 1174. | 5099125 | 36175 |
| 1175. | 12184681 | 60552 |
| 1176. | 19739442 | 103904 |
| 1177. | 9454265 | 54895 |
| 1178. | 7291149 | 46437 |
| 1179. | 7421908 | 37706 |
| 1180. | 8049629 | 50376 |
| 1181. | 12533519 | 62097 |
| 1182. | 4864160 | 31318 |
| 1183. | 7949235 | 49604 |
| 1184. | 5014329 | 35854 |
| 1185. | 7101370 | 34925 |
| 1186. | 7420056 | 47287 |
| 1187. | 7347767 | 46843 |
| 1188. | 14066107 | 65678 |
| 1189. | 4949623 | 35600 |
| 1190. | 5099173 | 36168 |
| 1191. | 12342383 | 61078 |
| 1192. | 4897720 | 35465 |
| 1193. | 8049709 | 49881 |

| | | |
|---|---|---|
| 1194. | 12382415 | 61374 |
| 1195. | 13928554 | 65418 |
| 1196. | 20300623 | 104575 |
| 1197. | 7922888 | 49521 |
| 1198. | 5205226 | 36555 |
| 1199. | 4864176 | 35129 |
| 1200. | 5099213 | 36189 |
| 1201. | 6891212 | 43959 |
| 1202. | 4528026 | 33511 |
| 1203. | 6041670 | 27154 |
| 1204. | 4917178 | 35549 |
| 1205. | 5099185 | 36177 |
| 1206. | 15731016 | 69142 |
| 1207. | 12174664 | 60521 |
| 1208. | 8233770 | 45160 |
| 1209. | 7749493 | 48800 |
| 1210. | 9229355 | 50277 |
| 1211. | 12650260 | 62612 |
| 1212. | 5622942 | 35257 |
| 1213. | 9803197 | 55472 |
| 1214. | 14065945 | 65647 |
| 1215. | 8233826 | 51350 |
| 1216. | 13568159 | 64566 |
| 1217. | 18434327 | 101478 |
| 1218. | 12342149 | 61060 |
| 1219. | 8233782 | 45164 |
| 1220. | 5537180 | 36977 |
| 1221. | 10908970 | 54003 |
| 1222. | 7330626 | 46840 |
| 1223. | 8233850 | 51398 |
| 1224. | 7825984 | 49150 |
| 1225. | 15730782 | 69191 |
| 1226. | 6713325 | 42559 |
| 1227. | 7291037 | 46428 |
| 1228. | 7330738 | 46841 |
| 1229. | 7670495 | 48492 |
| 1230. | 8233874 | 51168 |
| 1231. | 8233746 | 45177 |
| 1232. | 4583135 | 33794 |
| 1233. | 7499550 | 47662 |
| 1234. | 5241304 | 36672 |
| 1235. | 14294538 | 66388 |
| 1236. | 12533315 | 62129 |
| 1237. | 7101394 | 45052 |
| 1238. | 5304148 | 36881 |
| 1239. | 4099492 | 31129 |

| 1240. | 16985421 | 71231 |
| 1241. | 8709063 | 45511 |
| 1242. | 17460520 | 100549 |
| 1243. | 18434363 | 101477 |
| 1244. | 14337573 | 66680 |
| 1245. | 6948743 | 44252 |
| 1246. | 3900173 | 30263 |
| 1247. | 16760221 | 70675 |
| 1248. | 18434477 | 101454 |
| 1249. | 8482002 | 51986 |
| 1250. | 12342197 | 57893 |
| 1251. | 13806354 | 65047 |
| 1252. | 7330710 | 46831 |
| 1253. | 11660882 | 59616 |
| 1254. | 15730794 | 69202 |
| 1255. | 7101586 | 45383 |
| 1256. | 7826104 | 49147 |
| 1257. | 5162264 | 36412 |
| 1258. | 4949647 | 35657 |
| 1259. | 6891264 | 43892 |
| 1260. | 7330746 | 46832 |
| 1261. | 13216694 | 63632 |
| 1262. | 5887900 | 38771 |
| 1263. | 13216730 | 63633 |
| 1264. | 12342263 | 61022 |
| 1265. | 7034552 | 44734 |
| 1266. | 7480164 | 47668 |
| 1267. | 19739352 | 103877 |
| 1268. | 14337297 | 66665 |
| 1269. | 19739472 | 103872 |
| 1270. | 8925730 | 53227 |
| 1271. | 1403384 | 24113 |
| 1272. | 7657030 | 48406 |
| 1273. | 14066185 | 65659 |
| 1274. | 12650230 | 62667 |
| 1275. | 19478918 | 103203 |
| 1276. | 16985523 | 71215 |
| 1277. | 8196618 | 51170 |
| 1278. | 16233608 | 69683 |
| 1279. | 17460532 | 100488 |
| 1280. | 8482054 | 25909 |
| 1281. | 8049613 | 50373 |
| 1282. | 12666595 | 62663 |
| 1283. | 12382091 | 61334 |
| 1284. | 5062545 | 36039 |
| 1285. | 4864076 | 35131 |

28

| | | |
|---|---|---|
| 1286. | 7101618 | 45384 |
| 1287. | 5731683 | 34831 |
| 1288. | 4983537 | 28232 |
| 1289. | 16760203 | 70639 |
| 1290. | 7419948 | 47420 |
| 1291. | 13806474 | 65062 |
| 1292. | 8049605 | 50366 |
| 1293. | 20300359 | 104663 |
| 1294. | 8925802 | 53259 |
| 1295. | 8049509 | 50320 |
| 1296. | 16694351 | 70388 |
| 1297. | 7101466 | 45053 |
| 1298. | 7420064 | 47286 |
| 1299. | 6722562 | 42665 |
| 1300. | 17460568 | 100487 |
| 1301. | 8233842 | 51390 |
| 1302. | 5014281 | 35857 |
| 1303. | 13216814 | 63635 |
| 1304. | 4917086 | 35532 |
| 1305. | 9229470 | 54177 |
| 1306. | 7657114 | 48494 |
| 1307. | 10768319 | 58054 |
| 1308. | 12598085 | 62305 |
| 1309. | 14294382 | 66394 |
| 1310. | 7420040 | 47284 |
| 1311. | 4921187 | 35517 |
| 1312. | 7903238 | 49513 |
| 1313. | 7330734 | 46834 |
| 1314. | 6041658 | 39348 |
| 1315. | 5674067 | 38216 |
| 1316. | 13216910 | 63653 |
| 1317. | 12382679 | 61335 |
| 1318. | 12533621 | 62092 |
| 1319. | 20300479 | 104592 |
| 1320. | 13567877 | 64555 |
| 1321. | 12174508 | 60564 |
| 1322. | 8049469 | 45137 |
| 1323. | 16985499 | 71200 |
| 1324. | 15730638 | 69194 |
| 1325. | 7291089 | 46435 |
| 1326. | 18724104 | 101724 |
| 1327. | 4949639 | 35660 |
| 1328. | 9058896 | 51691 |
| 1329. | 7420032 | 47285 |
| 1330. | 5062525 | 36040 |
| 1331. | 7657014 | 48426 |

| | | |
|---|---|---|
| 1332. | 12342545 | 61130 |
| 1333. | 3394203 | 28131 |
| 1334. | 7826124 | 49192 |
| 1335. | 19478450 | 103167 |
| 1336. | 8925794 | 53258 |
| 1337. | 9229360 | 50128 |
| 1338. | 7101514 | 45054 |
| 1339. | 12342203 | 61058 |
| 1340. | 10640049 | 57602 |
| 1341. | 12650266 | 62672 |
| 1342. | 13806444 | 65049 |
| 1343. | 6640288 | 42029 |
| 1344. | 13490368 | 64258 |
| 1345. | 4937653 | 35580 |
| 1346. | 6948851 | 44250 |
| 1347. | 7430258 | 47329 |
| 1348. | 3865971 | 30067 |
| 1349. | 7657034 | 48408 |
| 1350. | 4134620 | 31436 |
| 1351. | 4668535 | 34112 |
| 1352. | 16759837 | 70649 |
| 1353. | 4698075 | 34226 |
| 1354. | 8709131 | 52693 |
| 1355. | 4430211 | 33074 |
| 1356. | 8049597 | 49883 |
| 1357. | 4371693 | 32778 |
| 1358. | 8482138 | 52001 |
| 1359. | 7419964 | 47331 |
| 1360. | 4949631 | 35663 |
| 1361. | 10666579 | 53914 |
| 1362. | 16233656 | 69716 |
| 1363. | 5162272 | 36413 |
| 1364. | 9229455 | 54179 |
| 1365. | 20300245 | 104625 |
| 1366. | 7330634 | 46833 |
| 1367. | 7101462 | 44892 |
| 1368. | 6108615 | 39601 |
| 1369. | 11660894 | 59668 |
| 1370. | 6937386 | 44210 |
| 1371. | 16694459 | 70385 |
| 1372. | 5062497 | 36041 |
| 1373. | 11660924 | 59652 |
| 1374. | 10103485 | 56175 |
| 1375. | 12382133 | 61310 |
| 1376. | 9803222 | 55474 |
| 1377. | 13216958 | 63725 |

| | | |
|---|---|---|
| 1378. | 9818355 | 55459 |
| 1379. | 10666569 | 53970 |
| 1380. | 13217012 | 63719 |
| 1381. | 8049553 | 49891 |
| 1382. | 5014321 | 35858 |
| 1383. | 14294532 | 66351 |

# EXHIBIT H

**Settlement Allocation Formula Based on Plaintiffs' Damages Claims – For Distribution of Settlement Fund Purposes Only**

1.  From the total settlement, the following sums are deducted:

    a.  approved fees

    b.  approved service payments

    c.  approved costs, including Claims Administration

2.  The remainder is distributed to Qualified Class Members on a pro rata basis to their individual claim amount.

3.  Qualified Class Members' individual claim amount is based on badge hours[1] plus 5 per week and their individual payroll records (salary plus bonus).

    a.  Intraday badge out periods of 30 minutes or greater are treated as non-work periods.

4.  Weekly overtime hours are the weekly badge hours plus 5 hours minus 40.

5.  Weekly pay is equal to salary plus bonus.[2]

6.  The regular rate for salary is equal to the weekly salary divided by 40.

7.  The regular rate for bonus is the weekly bonus divided by the total hours worked in that week.

8.  The overtime rate is the regular rate for salary multiplied by 1.5 plus the regular rate for bonus multiplied by one half (.5).

9.  FLSA overtime earnings due for each Plaintiff are calculated:

---

[1] Aberrations and gaps in the badge data for any given day are addressed using Out Code data and estimates that use the class-wide averages of NY and CA Daily Adjusted work hours.
[2] The annual bonus is divided by 52 to obtain the weekly bonus for each preceding week.

    a.  For the period of three years prior to the filing of any Consent to Sue by such individual.

    b.  FLSA overtime earnings equals the overtime hours multiplied by the overtime rate each week.

    c.  FLSA liquidated damages equal the FLSA overtime earnings each week.

    d.  Each Plaintiff's FLSA damages are the sum of damages in all weeks within the FLSA limitation period plus their non-duplicative NY or CA class damages, if any.

10. New York overtime, liquidated damages, and prejudgment interest for each Qualified Class Member working in New York are calculated for the period extending back six years from April 14, 2014 (the filing of the complaint) through December 30, 2017.

    a.  NY overtime back pay equals the weekly overtime hours multiplied by the overtime rate.

    b.  For each week worked before April 9, 2011 within the NY limitation period, NY liquidated damages equals 25% of NY overtime back pay.

    c.  For each week on or after April 9, 2011 within the NY limitation period, excluding such weeks when FLSA liquidated damages are calculated, NY liquidated damages equals 100% of NY overtime back pay.

    d.  For each week within the NY limitation period, NY prejudgment interest is computed at the simple annual rate of 9% of the NY overtime back pay damages.

    e.  Each New York Qualified Class Member's damages are the sum of all damages within the NY limitation period.

11. California overtime and prejudgment interest for each Qualified Class Member working in California is calculated for the period extending four years prior to December 3, 2015 through December 30, 2017.

    a.  CA overtime back pay equals the weekly overtime hours multiplied by the applicable overtime rate, as follows:

        i.  Weekly overtime as calculated for all FLSA and NY Qualified Class Members,

        ii.  Daily overtime for any badge hours in a given day that are greater than 8 but no greater than 12.

        iii.  Daily double-time overtime[3] for any badge hours in a given day that are greater than 12.

        iv.  California overtime totals are adjusted to avoid double counting between daily and weekly overtime hours.

    b.  California Pre-Judgment Interest Damages are computed at the simple annual rate of 10% from the week ending date until the latest date of the calculations.

    c.  California Waiting Period Damages are calculated for all terminated California Qualified Class Members by multiplying the class member's daily pay rate times 30.

    d.  Each California Qualified Class Member's damages are the sum of damages in all weeks within the California limitation period.

12. Excluded from the calculation of damages are highly compensated individuals and work performed out of the United States.

---

[3] Double time overtime rate equals the regular rate for salary multiplied by 2 plus the regular rate for bonus multiplied by 1.

3

13. Each Qualified Class Member's damages are subject to litigation risk factors as follows:

    a. New York claims and FLSA claims for Qualified Class Members situated in New York are calculated using both the time and one half method (as described above) and the half time method (salary treated in the same manner as bonus) and their claim value is adjusted to 75% time and one half and 25% using the half time method.

    b. Plaintiffs receive an additional enhancement of 10%.

14. For Qualified Class Members employed in Analytics positions covered by the litigation in weeks ending on dates after December 30, 2017 and through to the date of the signing of the settlement agreement ("the post-December 30, 2017 period"), damages will be extrapolated using the 2017 class-wide averages of NY and CA weekly class damages respectively.

15. Each Qualified Class Member's individual damages are summed, excluding duplicative tallies, and prorated to the net settlement sum for distribution.