UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC MICHAEL ROSEMAN, ALEXANDER LEE, and WILLIAM VAN VLEET, individually and on behalf of others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**BLOOMBERG L.P.,**<br><br>**Defendant.** | Case No. 14-CV-2657 (DLC) (SDA)<br><br>ECF Case<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 10/16/2018 |

### [PROPOSED] ORDER GRANTING THE PARTIES' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS COUNSEL'S FEES AND COSTS AND SERVICE AWARDS

WHEREAS, the above-captioned matters came before the Court on the Parties' Motion for Final Approval of Class Settlement ("Motion for Final Approval and Judgment") (Dkt. No. __) and Plaintiffs' Motion for Approval of Class Counsel's Fees and Costs and Service Awards ("Fees Motion") (Dkt. No. __)

WHEREAS, a Class Action and Collective Action Complaint was filed in the above-captioned action (the "Litigation") on April 14, 2014, and subsequently amended during the Litigation;

WHEREAS, the operative amended complaint asserted claims against Bloomberg under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), and California law for the alleged failure to pay certain overtime amounts to the Named Plaintiffs and all other "Analytics Representatives" who allegedly are similarly situated;

1

WHEREAS, on April 17, 2015, the Court certified the Litigation as a collective action under the FLSA;

WHEREAS, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certified a NYLL class on September 21, 2017, and a California law class on September 25, 2017, and notice issued to the NYLL and California classes pursuant to the Court's Order dated November 14, 2017 (Dkt. 336);

WHEREAS, on June 15, 2018, the parties entered into the final Settlement Agreement and Release (the "Agreement"), which resolves all claims asserted in the Litigation;

WHEREAS, on June 19, 2018, the Parties moved for preliminary approval of the Agreement;

WHEREAS, on June 21, 2018, the Court held a hearing regarding the Parties' preliminary approval motion and instructed the Parties to file an amended form of the Notice of Class Action Settlement ("Class Notice");

WHEREAS, on June 25, 2018, the Parties filed the amended Class Notice pursuant to the Court's instructions;

WHEREAS, on June 26, 2018, the Court granted preliminary approval of the Agreement, approved the Class Notice, and authorized the mailing of the Class Notice to the Qualified Class Members;

WHEREAS, the Parties received no objections from Qualified Class Members following the distribution of the Class Notice;

WHEREAS, on October 15, 2018, the Court held a Fairness Hearing to consider the Settlement and hear arguments from Class Counsel, Bloomberg's Counsel; and [ ] Class ~~Members;~~

2

NOW, THEREFORE, IT HEREBY IS ORDERED, upon consideration of the Motion for Final Approval and Judgment, the supporting brief and declarations, arguments presented at the Fairness Hearing on October 15, 2018, and the complete record in this matter, for good cause shown, that:

1. Except as otherwise specified herein, for purposes of this Order, the Court adopts the definitions of all capitalized terms used herein as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this Litigation and all matters relating thereto, and over all Parties.

3. If, for any reason, the Effective Date does not occur, Defendant shall have no obligation to make any payments provided for in the Agreement; the Agreement shall be deemed null and void; the Agreement, this Order, and any other Court Orders related to settlement, and/or settlement negotiations shall not be cited to, used in, or admissible in any other proceedings with respect to any issues therein; the Litigation shall proceed as though the Agreement had not been executed; the Plaintiffs and Defendant shall return to their respective positions in this Litigation as those positions existed immediately before the Plaintiffs and Defendant executed the Agreement; and none of the information provided by Defendant for the purposes of settlement negotiations or approval shall be used in the Litigation.

4. The class notice pursuant to this Court's November 14, 2017 Order (Dkt. 336) and the Class Notice (as such term is defined in the Agreement) pursuant to this Court's June 26, 2018 Order, constituted the best notice practicable under the circumstances, were accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and the United States Constitution and any other applicable law.

5. The Court grants final approval of the Agreement. The Court finds that the Settlement, including the settlement of FLSA claims, is fair, reasonable, and adequate in all respects, and that it is binding on Qualified Class Members. The Court specifically finds that the Settlement is rationally related to the strength of the claims in this case given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the Parties, after thorough factual and legal investigation.

6. The Court approves the payment of the amount of any Settlement Checks that remain uncashed at the end of the Payout Period, and that are not used to fund the Errors and Omissions Fund, to Make the Road NY and The Consortium for Worker Education as the Cy Pres recipients in accordance with the terms of the Agreement.

7. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Qualified Class Members are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

8. The Court approves of the release of the Released Claims, as defined in the Agreement in Sections 10.1 and 10.3, and the release of attorneys' fees and costs in Section 10.2 of the Agreement, both of which shall be binding on all Qualified Class Members. The Court has reviewed the documents referenced above and finds all of these releases to be fair, reasonable, and enforceable under the FLSA, Fed. R. Civ. P. 23, and all other applicable law.

9. The Settlement and the fact that the Parties were willing to settle the Litigation will not be described in or offered or received against Bloomberg or any Released Party as

evidence of any presumption, concession, or admission by them as to: (i) the truth of any facts alleged in the Litigation; (ii) the validity of any of the claims in the Litigation; (iii) the deficiency of any of Bloomberg's defenses; and/or (iv) any liability or damages in this Litigation.

10. Evidence of the Agreement to settle on a class basis shall not be described in, or offered or received against Bloomberg or any Released Party in this Litigation or any other civil, criminal, or administrative action.

11. Neither the Settlement, this Agreement, any documents, statement, proceeding, or conduct related to the Settlement or the Agreement, nor any reports or accounting of those matters, will be described in, or offered or received against Bloomberg or any Released Party, in any further proceeding in the Litigation, or any other civil, criminal, or administrative action or proceeding except for purposes of effectuating the Settlement.

12. Notwithstanding Sections 9, 10, and 11 above, any and all provisions of the Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any and all terms of the Agreement or in defense of all claims released or barred by the Agreement.

13. The Parties and Settlement Administrator shall proceed with the administration of the Settlement in accordance with the terms of the Agreement.

14. By operation of the entry of this Order and the Judgment, all Released Claims are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the release set forth in Sections 10.1 and 10.3 of the Agreement, as to all Qualified Class Members.

15. This entire case is dismissed in its entirety with prejudice as to all Qualified Class Members.

16. Without affecting the finality of this Order, the Court will retain jurisdiction over the case after Final Approval solely for purposes of (i) enforcing the Agreement, (ii) addressing Settlement administration disputes, and (iii) addressing such post-judgment matters as may be appropriate under Court rules or applicable law. The parties shall abide by all terms of the Agreement and this Order.

FURTHERMORE, IT IS HEREBY ORDERED, upon consideration of Plaintiffs' application for service payments, costs, and fees, that:

17. The Court approves the requested Service Awards to the Named Plaintiffs of $25,000 each, as well as the Service Awards to the Trial Witnesses of $10,000 each, and to the Non-Testifying Witnesses of $5,000 each. Such Service Awards are in addition to the amounts these individuals will otherwise be eligible to receive as their share of the recovery and shall be paid from the Settlement Amount. Such Service Awards are to compensate the Named Plaintiffs, Trial Witnesses, and Non-Testifying Witnesses for the time and effort expended in assisting in the prosecution of the Litigation and the ultimate recovery, for the burdens and risks they bore on behalf of the class, and for their efforts in conferring a benefit on the passive class.

18. The Court approves an award of attorneys' fees in the amount of $13,625,000.00 ~~([ ]% of the Settlement Fund)~~, to be paid from the Settlement Amount. Such award is reasonable in light of the effort expended and risks undertaken by Class Counsel, and the results of such efforts, including the ultimate recovery obtained.

19. The Court also awards Class Counsel reimbursement of Litigation expenses, including settlement administration costs, to be paid from the Settlement Amount, in the amount of $148,884.35

*Denise Cote*
*October 16, 2018*

6

It is so ORDERED this _____ day of _____, 2018.

_____
Honorable Denise L. Cote
United States District Judge